UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTFIELD EAST MAIN STREET LLC,<br><br>Plaintiff,<br><br>v.<br><br>C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHALE BRETON, BRADFORD MOIR, MARY MOIR, INTERSTATE BUILDING SUPPLY, INC. and LUMBER CENTER, INC.,<br><br>Defendants. | 04-30170-MAP<br><br>FILING FEE PAID:<br>RECEIPT # 305714<br>AMOUNT $ 150.00<br>BY DPTY CLK MM<br>DATE 9/1/04 |

## COMPLAINT

### Preliminary Statement

This is an action to recover money damages sustained by Westfield East Main Street LLC ("Westfield LLC") as a result of defendants' willful and malicious interference with its contractual and business relationship with Home Depot USA, Inc. ("Home Depot"). Defendants have engaged in acts and conduct designed and intended to impede, delay and prevent the development of a Home Depot store in Westfield, Massachusetts, which, if developed, would be located close to two competing stores, defendants Interstate Building Supply, Inc. and Lumber Center, Inc.

The Plaintiffs contend that Interstate and Lumber, for purely economic and anti-competitive reasons, have convinced their friends, neighbors and employees to join them in a coordinated effort to delay and ultimately destroy the Home Depot project in Westfield.

{00018073.DOC / 2}

Defendants have hidden their true intentions and instead have petitioned the Massachusetts State Court to stop the project based on alleged environmental concerns. These so called environmental concerns -- which have never been the true reason for their action -- have been rejected seven (7) different times in both regulatory and judicial forums. Defendants' carefully coordinated efforts to delay and ultimately destroy the Home Depot development have caused Westfield LLC to suffer actual damages.

## Parties

1. Westfield East Main Street LLC is a Connecticut corporation with its principal place of business at 16 Munson Road, Farmington, Connecticut.

2. C. David Trader in an individual residing at 160 Munger Hill Road, Westfield, Massachusetts. Upon information and belief, C. David Trader is a close personal friend of the Battistoni family, who owns Interstate Building Supply, Inc. in Southwick, Massachusetts.

3. Jean M. Trader, the wife of C. David Trader, is an individual residing at 160 Munger Hill Road, Westfield, Massachusetts.

4. Joseph B. Mitchell is an individual residing at 153 Munger Hill Road, Westfield, Massachusetts.

5. Teresa K. Mitchell, wife of Joseph B. Mitchell, is an individual residing at 153 Munger Hill Road, Westfield, Massachusetts.

6. Donald Gove is an individual residing at 100 Court Street, Westfield, Massachusetts. Mr. Gove was or is an employee of Lumber Center, Inc., which is located in downtown Westfield.

7. Mark D. Siebert is an individual residing at 56 Klondike Avenue, Westfield, Massachusetts.

8. Brian Burke is an individual residing at 3 Lois Street, Westfield, Massachusetts.

9. Michale Breton is an individual residing at 1162 East Mountain Road. Westfield, Massachusetts. Mr. Breton is the owner of Lumber Center, Inc., which is located in downtown Westfield, Massachusetts.

10. Bradford Moir is an individual residing at 203 Western Avenue, Westfield, Massachusetts. Mr. Moir is a director, as well as the secretary and clerk, of Interstate Building Supply, Inc.

11. Mary Moir, the wife of Bradford Moir, is an individual residing at 203 Western Avenue, Westfield, Massachusetts.

12. Interstate Building Supply, Inc. ("Interstate") is a Massachusetts corporation with its principal place of business at 635 College Highway, Southwick, Massachusetts..

13. Lumber Center, Inc. ("Lumber Center") is a Massachusetts corporation with its principal place of business at 44 Broad Street, Westfield, Massachusetts.

### Jurisdiction and Venue

14. This Court has jurisdiction over the action pursuant to 28 U.S.C. §1332(a)(1). The amount in controversy between the plaintiff and the defendants exceeds, exclusive of interest and costs, the sum of $75,000.

15. Venue is appropriate within the District of Massachusetts pursuant to 28 U.S.C. §1391(a).

**Factual Background**

*Westfield Conservation Commission's Issuance of Wetlands Permit*

16.     On or about February 15, 2003, Konover Development Corporation ("Konover"), acting as an agent on behalf of Westfield LLC, filed a Notice of Intent with the Westfield Conservation Commission (the "Commission"), seeking a wetlands permit under Mass. Gen. L. c. 131, §40 for its proposed redevelopment of property at 514 East Main Street, Westfield (the "Proposed Development").

17.     The Commission conducted a public hearing on the Notice of Intent on March 25, 2003, and that night, issued an Order of Conditions for the Proposed Development. The Commission sent the Order of Conditions to the applicant by certified mail on March 26, 2003. On March 31, 2003, the Commission issued a Corrected Order of Conditions that made two clerical corrections. On the transmittal letter issued with the corrected Order of Conditions, the Commission expressly stated that the corrections "Do Not Effect the conditions ordered by the Westfield Conservation Commission nor the issuance date of 3/25/03 as they address clerical matters only."

*Proceedings Before the Department of Environmental Protection*

18.     On April 11, 2003, a petition was hand-delivered to the Department of Environmental Protection Western Regional Office (the "DEP"), purportedly on behalf of at least ten residents of the town of Westfield, requesting that the DEP issue a Superseding Order of Conditions denying the project for failure to provide sufficient compensatory flood storage. Upon information and belief, at least one of the original ten residents was misled into joining in the petition. He was later replaced by another resident of Westfield.

19. On April 15, 2003, the DEP denied the request of the ten petitioners, the individual defendants in this action (the "Petitioners" and collectively with Interstate and Lumber Center, the "Defendants"), as untimely under 310 CMR 10.05(7) and dismissed the petition based on this jurisdictional defect.

20. The Petitioners appealed the DEP's decision to its Office of Administrative Appeals on April 28, 2003 (the "DEP Appeal"). Konover moved to dismiss the DEP Appeal on the grounds that, among other things, the appeal lacked merit because the underlying request was untimely.

17. On August 8, 2003, the Commissioner of the DEP issued a Final Decision dismissing the appeal for lack of jurisdiction based on the untimeliness of Petitioners' request.

18. The Petitioners filed a Motion for Reconsideration and, on October 1, 2003, the Administrative Law Judge (the "ALJ") issued an order recommending that the Commissioner deny that motion. The Commissioner issued a Final Decision denying the Petitioners' Motion for Reconsideration on October 7, 2003.

19. Upon information and belief, each of the Petitioners is in some manner connected to Lumber Center and/or Interstate -- either as an employee, a long-standing customer, a friend of the owner, or a member of the board of directors.

20. Upon information and belief, Lumber Center and Interstate funded the Petitioners' DEP Appeal.

*Superior Court Litigation*

21. On November 5, 2003, the Petitioners filed a complaint pursuant to Massachusetts General Laws c. 30A seeking administrative review of the DEP's decision (the "Administrative Review").

{00018073.DOC / 2}                                                    5

22. On December 3, 2003, Konover moved to intervene as a party-defendant in that action pursuant to G.L. c. 30A, §14(2) and Mass. R. Civ. P. 24(a).

23. This motion was allowed on December 10, 2003 over Petitioners' opposition.

24. On January 26, 2004, Home Depot USA, Inc. filed a motion to intervene, which the Court allowed on February 10, 2004.

25. Konover served a Motion for Judgment Affirming Agency Decision Pursuant to Mass. Gen. L. 30A on January 29, 2004. Home Depot and the Commonwealth joined in that Motion.

26. Petitioners opposed the Motion and, on February 26, 2004, filed a motion for leave to take discovery and to supplement the administrative record (the "Discovery Motion") which, if allowed, would have substantially delayed adjudication of the action.

27. On March 10, 2004, the Court heard argument on the Motions for Judgment Affirming Agency Decision. At that time, all parties believed that the Discovery Motion was still pending. At the hearing, Petitioners essentially conceded that if the Court denied their Discovery Motion, and thus, if the record was not supplemented with further evidence, then the agency decision would have to be affirmed. Thereafter, the Court announced that another judge had, in fact, denied the Discovery Motion. The Court, however, gave Petitioners the opportunity to move for reconsideration of that decision, agreeing not to rule on the Motion for Judgment Affirming Agency Decision until the Discovery Motion was finally resolved.

28. On April 26, 2004, the Petitioners' Motion for Reconsideration of the Discovery Motion was denied. Thereafter, by Memorandum and Decision dated May 18, 2004, the Court affirmed the agency decision, entering judgment to that effect on June 21, 2004.

29. Upon information and belief, Lumber Center and Interstate funded the Administrative Review.

30. Petitioners filed a Notice of Appeal on July 19, 2004 (the "Appeal").

31. Upon information and belief, Lumber Center and Interstate are funding the Petitioners' efforts to delay and/or prevent the Home Depot development at the appellate level.

*Defendants' Unfair Conduct and Interference With Westfield LLC's Contractual and Advantageous Business Relationship With Home Depot*

32. Westfield LLC entered into a contract with Home Depot for the sale of property at 514 East Main Street, Westfield, Massachusetts.

33. At all relevant times, Defendants were aware of Westfield LLC's contractual and advantageous business relationship with Home Depot.

34. Petitioners' Appeal is frivolous, objectively baseless, commenced without probable cause, and a sham.

35. Petitioners' Appeal was commenced solely to delay, frustrate and/or prevent the Home Depot development.

36. Upon information and belief, the Petitioners are not motivated by legitimate environmental concerns in challenging the Home Depot development. Rather, they are motivated solely by economic considerations based upon the increased competition that Home Depot would have provided to defendants Interstate and Lumber Center. Defendants' objective in filing the Appeal is to delay and/or stop the Home Depot development, thereby willfully and maliciously interfering with Westfield LLC's contractual and advantageous business relationship with Home Depot.

37. As a consequence of Defendants' unfair and malicious acts and conduct, and the delays caused thereby, Westfield LLC has sustained damages.

## Count I
### (Intentional Interference With Contractual Relationships v. Defendants)

38. Westfield LLC realleges and reasserts the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Westfield LLC has a contract with Home Depot for the sale of property at 514 East Main Street, Westfield, Massachusetts.

40. Defendants know of the contract between Westfield LLC and Home Depot.

41. Petitioner's Appeal, which is being sponsored by Interstate and Lumber Center, is without probable cause, objectively baseless and represents an attempt to interfere directly with the contract between Westfield LLC and Home Depot.

42. Defendants' actions are willful and malicious and intended to prevent the development of a Home Depot store that would compete with Interstate and Lumber Center.

43. As a result of Defendants' willful and malicious conduct, Westfield LLC has suffered, and continues to suffer, damages.

## Count II
### (Intentional Interference with Advantageous Business Relationships v. Defendants)

44. Westfield LLC realleges and reasserts the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Westfield LLC has an advantageous business relationship with Home Depot.

46. Defendants are aware of this advantageous business relationship.

47. Petitioners' Appeal, which is being sponsored by Interstate and Lumber Center, is without probable cause, objectively baseless and represents an attempt to interfere directly with Westfield LLC's advantageous business relationship with Home Depot.

48.  Defendants' actions are willful and malicious and intended to prevent the development of a Home Depot store that would compete with Interstate and Lumber Center.

49.  As a result of Defendants' willful and malicious conduct, Westfield LLC has suffered, and continues to suffer, damages.

## Count III
### (Violation of Mass. Gen. L. 93A v. Interstate and Lumber Center)

50.  Westfield LLC realleges and reasserts the allegations contained in paragraphs 1 through 49 as if fully set forth herein.

51.  Westfield LLC is a person engaged in trade or commerce, as the term is defined in G.L. c. 93A.

52.  Interstate and Lumber Center are persons engaged in trade or commerce, as the term is defined in G.L. c. 93A.

53.  Interstate's and Lumber Center's actions in connection with the Appeal, including, without limitation, engaging in conduct intended solely to prevent the development of Home Depot, a potential competitor, constitute an unfair or deceptive act in violation of G.L. c. 93A.

54.  Interstate's and Lumber Center's conduct in connection with the Appeal constitute willful and knowing violations of G.L. c. 93A.

55.  As a result of Interstate's and Lumber Center's willful violations of G.L. c. 93A, Westfield LLC has suffered, and continues to suffer, damages.

WHEREFORE, Westfield LLC prays that this Court:

1.  Enter judgment in Westfield LLC's favor on Counts I through III in an amount to be determined at trial;

2.  Award Westfield LLC the costs of this action;

3.    Award Westfield LLC its reasonable attorneys' fees;

4.    Award Westfield LLC multiple damages; and

5.    Award Westfield LLC such other and further relief as the Court may deem just and proper.

 

WESTFIELD EAST MAIN STREET LLC

By its attorneys,

_____
David A. Brown, BBO# 556161
Pamela A. Zorn, BBO# 640800
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000

Dated: August 31, 2004