

COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS
DEPARTMENT OF ENVIRONMENTAL PROTECTION

436 Dwight Street • Springfield, Massachusetts 01103 • (413) 784-1100

MITT ROMNEY
Governor

KERRY HEALEY
Lieutenant Governor

ELLEN ROY HERZFELDER
Secretary

EDWARD P. KUNCE
Acting Commissioner

John Pesce
LeHigh Realty
835 Taunton Ave.
East Providence, RI 02914

RE: DEP File # 317-265, Retail Development
104 West St., Ware

Dear Mr. Pesce:

In response to an appeal of the above-referenced Order of Conditions issued by the Ware Conservation Commission, the Department has conducted an on-site meeting on January 30, 2003 and has thoroughly reviewed all information on file for this project. Representatives of the Conservation Commission, the applicant, the appellant and the Natural Heritage and Endangered Species Program (NHESP) attended the on-site meeting. After taking under advisement all information provided at the on-site meeting and as contained in the file, the Department understands that the project consists of the construction of a commercial retail facility.

The site contains resource areas protected under the Massachusetts Wetlands Protection Act MGL ch. 131 s 40, the (Act). These resource areas include Bordering Land Subject to Flooding, (ten and one hundred-year floodplains), Bordering Vegetated Wetlands, Riverfront Area, Bank and Land Under Water. According to the NHESP, the Land Under Water at the site is the habitat of three state-protected rare wildlife species. As a result of its review of this project, the Department has determined that the file does not contain adequate information to document that the proposed development can be conditioned to protect the interests of the Act.

The following information is necessary to completely describe the site, the proposed work and the impacts of the proposed work on the ability of site resource areas to protect the interests of the Act. This information should be submitted to the Department within 45 days of issuance of this notification. All narratives, drawings, calculations or tables submitted that involve engineering design should be signed and stamped by a Professional Engineer, registered in Massachusetts. All information submitted in response to this request shall at the same time be submitted to all parties including the Ware Conservation Commission, the NHESP and the appellant.

Flood Storage Issues

Please document that the site has been brought into compliance with TOWN OF WARE v. FRANK DESANTIS, Hampshire Superior Court, Civil Action No. 87-328, May 29, 1990

Judgment and Order. That decision held that the fill placed within the floodplain at this site caused a lateral displacement of floodwaters and required it to be removed.

The entire site of the proposed development is contained within Bordering Land Subject to Flooding. The Department understands the one hundred-year flood elevation at the site is 404.5 (NGVD), based upon the Federal Emergency Management Agency, Federal Insurance Administration, Flood Insurance Study. In order to construct the proposed retail building, the applicant proposes to fill certain portions of the lot that are presently below the one hundred-year flood elevation. The Department concurs with TOWN OF WARE v. FRANK DESANTIS, Hampshire Superior Court, Civil Action No. 87-328, May 29, 1990 Judgment and Order. Which held that the fill placed within the floodplain at this site would result in a lateral displacement of floodwaters and required it to be removed. In the Department's view, placement of fill within the one hundred-year floodplain can only be allowed if compensatory flood storage is provided foot for foot at each incremental elevation for fill at each elevation.

As a result of information presented at the on-site meeting, the Department has the understanding that the applicant proposes a plan, dated 11-27-02. Upon review of that plan the Department has determined that while it provides a total volume of storage equal to the total volume of storage lost, the storage is not being provided at the same elevations that it will be lost. The effect of this change in elevation of flood storage is to change the peak flow of the river during storm conditions. No information has been provided that demonstrates how placement of fill within the floodplain meets the performance standards at 310 CMR 10.57(4) (a) (1).

At elevation 399 (NGVD) and above, to the one hundred-year flood elevation, no compensatory flood storage is provided. This would increase peak flow in the floodway and increase flooding and flood damage down stream for the more severe, flood events. The extra flood storage provided at lower elevations in the floodplain do not lessen the effects of the increase in peak flows that would be caused during more intense flood events because the storage is provided at different times during the river's flood event.

Please submit a plan that describes how the project will comply with 310 CMR 10.57(4) (a) (1). Provide compensatory flood storage equal to the volume of flood storage loss **at each incremental elevation** within the one hundred-year flood elevation. As discussed above the Department holds the opinion that failure to provide compensatory flood storage for fill at elevations above 399 (NGVD) will result in displacement of floodwaters. The existing contour elevations as set forth in "The Le Maitre Plan", dated February 12, 1987 referenced in the above referenced Judgment and Order provides the baseline existing conditions for the purpose of calculating compensatory flood storage for this proposal. Please submit flood storage calculations that utilize the February 12, 1987 "The Le Maitre Plan" "existing contour" as the pre existing condition of the site. Please be aware that the plan: "FLOOD STORAGE DIAGRAM (1987 LEMAITRE PLAN) FOR: PROPOSED RETAIL STORE SITUATED AT: 104 WEST STREET (ROUTE 32) A.P. 56, LOT 91.1 AND 91.2 WARE, MA" submitted with the Notice of Intent and used as a base plan for calculating compensatory flood storage, does not match the elevations depicted on the existing contour elevations as set forth in "The Le Maitre Plan", dated February 12, 1987 referenced in the above referenced Judgment and Order.



Compensatory flood storage can be obtained any place within the same reach of the floodplain. For the purpose of regulating this project, the Department will allow reach to mean all areas where the one hundred-year floodplain is within plus or minus one foot in elevation of the floodplain at the site. In review of previous projects at this location the Department has considered the use of off-site compensatory flood storage.

Resource Area Delineation

Please clearly, and completely describe how the following resource areas on the site were delineated: Land Under Water; Bank; Riverfront Area and Bordering Vegetated Wetlands and portions of the floodplain presumed significant to wildlife habitat, (including both the ten-year floodplain and portions of the floodplain within the Buffer Zone to Bank and Bordering Vegetated Wetlands). Include all field notes, observations and calculations used in conducting the delineations. The delineation of each resource area should be conducted in accordance with the Definitions, Critical Characteristic and Boundary section of each of the applicable sections of 310 CMR 10.00. The delineation of Bordering Vegetated Wetlands (BVW) should be done in accordance with the BVW Boundary Delineation Manual. In particular it was observed on the site that a low wet area exists, bounded by the 392 contour, as depicted on sheet S-1 "Existing Conditions Survey". This low wet area is directly adjacent to, and touching, the delineated BVW and exhibits wetlands vegetation. Please explain why this area should not be included within the delineated BVW.

Property Ownership & Plans

Information presented at the on-site meeting suggested that the property lines may have changed or the project may be reconfigured to utilize some land of the adjacent property owner to the east. Please submit a survey plan of the proposed oonstruction site including the names and addresses of all of the owners of the property where construction related activities are proposed.

Please submit the final plan approved by the Ware Conservation Commission in their Order of Conditions issued 12-16-02.

Important Wetland Wildlife Habitat Issues

The plan sheet C-4 submitted with the Notice of Intent for this project depicts alterations of greater than 5,000 square feet to portions of Bordering Land Subject to Flooding presumed significant to the protection of wildlife habitat, see 310 CMR 10.57(1) (a) 3. This includes the ten-year floodplain and portions of the one hundred-year floodplain that are contained within the Buffer Zone to BVW and Bank. The Regulations at 310 CMR 10.57(4) (a) (3) require that alterations of greater than 5,000 square feet of this resource area may only be allowed if they will have no adverse effects on wildlife habitat, as determined by procedures contained in 310 CMR 10.60. Please submit a wildlife habitat evaluation in accordance with 310 CMR 10.57(4) (a) (3) and 310 CMR 10.60 to determine whether the proposal will impair the resources ability to provide important wildlife habitat functions. As discussed at the on-site meeting providing improvements to the riparian habitat by planting tree species in accordance with a plan approved by the Natural Heritage Program may mitigate impacts to this resource area.

Not relevant to us

MEPA (Massachusetts Environmental Policy Act)

Please provide documentation that the MEPA office had been sent a copy of the Notice of Intent and that MEPA requirements have been fulfilled pursuant to 301 CMR 11.03(3) (B) (1) (f). An ENF and other MEPA review, if the Secretary so requires, is required for any project that requires a permit and will alter one half or more acres of any wetland resource area.

Stormwater Issues

Please document that the proposed construction, including all work associated with the relocation of the existing highway drain complies with the Department's Stormwater Management Policy. Without the final plans referenced by the Conservation Commission in the Order of Conditions, it can not be determined if the project complies with this policy.

If you have any questions concerning this notification please contact Timothy McKenna at (413) 755-2260.

Sincerely,

Robert J. McCollum
Watershed Chief
Connecticut River East Area

Certified Mail #7001 1940 0005 9872 2210, return receipt requested.

CC: Ware Conservation Commission
Town Hall
126 Main Street
Ware, MA 01082

Garofalo & Associates, Inc
85 Corliss St., P.O. Box 6145
Providence, RI 02940

Christopher B. Myhrum, Bulkey, Richardson and Gelinas, LLP
1500 Main St., Suite 2700
Springfield, MA 01115

Natural Heritage & Endangered Species Program
Route 135
Westborough, MA 01581

Nathaniel Stevens, McGregor and Associates
60 Temple Place, Suite 410
Boston, MA 02111

# Exhibit "C"

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

# POST OFFICE TO ADDRESSEE

*EU260080426US*

**SEE REVERSE SIDE FOR SERVICE GUARANTEE AND INSURANCE COVERAGE LIMITS**

**Customer Copy**
Label 11-B May 2001

ORIGIN (POSTAL USE ONLY)

| | | |
|---|---|---|
| PO ZIP Code 01085 | Day of Delivery ☐ Next ☐ Second | Flat Rate Envelope ☐ |
| Date In 9-16-03 (Mo. Day Year) | ☐ 12 Noon ☐ 3 PM | Postage $13.65 |
| Time In 5:45 ☐ AM ☒ PM | Military ☐ 2nd Day ☐ 3rd Day | Return Receipt Fee |
| Weight 5 lbs. ozs. | Int'l Alpha Country Code | COD Fee / Insurance Fee |
| No Delivery ☐ Weekend ☐ Holiday | Acceptance Clerk Initials | Total Postage & Fees $13.65 |

CUSTOMER USE ONLY

METHOD OF PAYMENT:
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or Postal Service Acct. No.

FROM: (PLEASE PRINT) PHONE (413) 568-1957

Bradford B. Moir, Esq.
[illegible]
45 Broad Street, Suite #2
Westfield, MA. 01085

TO: (PLEASE PRINT) PHONE ( )

Department of Environmental Protection
Box 4062
Boston, MA. 02211

ZIP + 4 0 2 2 1 1 +

FOR PICKUP OR TRACKING CALL 1-800-222-1811 www.usps.com EMS

# Exhibit “D”

Sherin and Lodgen LLP
Legal Precision and Innovation

Counsellors at Law
100 Summer Street Boston, MA 02110
T: 617.646.2000 F: 617.646.2222
www.sherin.com

Ronald W. Ruth
Direct Dial: 617.646.2165
e-mail: rwruth@sherin.com

April 14, 2003

**Via Facsimile and Overnight Courier**

Robert J. McCollum
Massachusetts Department of Environmental Protection
Western Regional Office
436 Dwight Street
Springfield, MA 01103

**Re: 514 East Main Street, Westfield, DEP File No. 333-531**

Dear Mr. McCollum:

It has come to our attention that on April 11, 2003, William J. Pudlo, Esq. hand-delivered to the Department of Environmental Protection Western Regional Office a petition purportedly on behalf of at least ten residents of the town of Westfield for a Superseding Order of Conditions for proposed development at 514 Main Street, Westfield. On behalf of applicant Konover Development Corporation, I am writing to request that the Department reject jurisdiction over this petition because it is untimely.

The Department's Wetlands Protection Act Regulations allow any ten residents of the city where a project is located to request a Superseding Order of Conditions after the conservation commission has issued an Order of Conditions. 310 CMR 10.05(7). Such a request must be made in writing and "sent by certified mail or hand delivered within ten days of issuance of the Order...which is being appealed." *Id.* This ten-day period of time starts with the first business day after the date of issuance and ends at the close of business on the tenth business day thereafter. 310 CMR 10.05(1). An order's "date of issuance" is the date it was mailed, as evidenced by a postmark, or the date it was hand delivered. 310 CMR 10.04.

On March 25, 2003, the Westfield Conservation Commission issued an Order of Conditions for the proposed development at 514 East Main Street, Westfield and sent it to the applicant by certified mail on March 26, 2003. On March 31, 2003, the Westfield Conservation Commission retransmitted the Order of Conditions in order to make two clerical corrections. (The Department requested one of the changes.) The cover letter of this transmittal explicitly stated that the corrections "Do Not Effect the conditions ordered by the Westfield Conservation Commission nor the issuance date of 3/25/03 as they address clerical matters only." (Copy enclosed with the version of this letter being sent to you by overnight courier).

Sherin AND Lodgen LLP

Massachusetts Department of Environmental Protection
April 14, 2003
Page 2

Thus, according to the Department's Regulations, anyone requesting a Superseding Order had until the close of business on Wednesday, April 9, 2003 to send its petition by certified mail or hand-deliver it to the Department. Attorney Pudlo hand-delivered his ten-residents petition to the Department on April 11. The Department has consistently recognized that the consequence of failing to request a superseding order within ten days is that the request is dismissed due to its jurisdictional defect. *See e.g.*, *Matter of Joseph M. Viera*, No. 2001-177, Recommended Final Decision (Nov. 27, 2003) (request for a superseding order made by a ten citizens group on the eleventh day after issuance of an order of conditions properly dismissed as untimely) (citing *Matter of Heras*, Docket No. 94-103, Final Decision - Order of Dismissal (July 5, 1995)). For your convenience, copies are attached to the version of this letter being sent to you by overnight courier. Therefore, on behalf of applicant Konover Development Corporation, we respectfully request that the Department reject jurisdiction over Attorney Pudlo's untimely ten-residents petition for a Superseding Order.

Yours truly,

Ronald W. Ruth

RWR:lma

cc: Michael Gorski, Regional Director, DEP-WERO
Rob Bell, Esq., DEP-WERO
Susan Gillan, DEP-WERO
Jeremiah Mew, DEP-WERO
Westfield Conservation Commission
William J. Pudlo, Esq.

# Exhibit "E"



FILE COPY

COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS
DEPARTMENT OF ENVIRONMENTAL PROTECTION

436 Dwight Street • Springfield, Massachusetts 01103 • (413) 784-1100

MITT ROMNEY
Governor

KERRY HEALEY
Lieutenant Governor

ELLEN ROY HERZFELDER
Secretary

EDWARD P. KUNCE
Acting Commissioner

APR 15 2003

William J. Pudlo, Esq.
The Law Offices of William J. Pudlo, PC
Post Office Box 676
West Springfield, Massachusetts 01090

RE: DEP Wetlands File # 333-531
Denial of Request for Superseding Orders of Conditions
514 East Main Street, Westfield

Dear Attorney Pudlo:

The Massachusetts Department of Environmental Protection (hereinafter the Department) is in receipt of your appeal, dated April 11, 2003 (hand-delivered), of the Westfield Conservation Commission's (WCC) Order of Conditions (Order), issued pursuant to the Massachusetts Wetlands Protection Act, MGL c. 131 § 40, and the Massachusetts Rivers Protection Act, c. 256 of the Statutes of 1996, for the project proposal referenced above.

Upon careful consideration, the Department has determined that your appeal letter, dated April 11, 2003 was not submitted within ten (10) business days from the date of issuance of the Order as is required at 310 CMR 10.05(7)(c). A review of Department records indicates that the date of issuance, as defined at 310 CMR 10.04, for said Order is March 26, 2003. Thus, your appeal was received by the Department on the twelfth (12th) business day.

As a result, the Department has determined that your letter of April 11, 2003 does not constitute a valid appeal per the regulatory requirements specified at 310 CMR 10.05(7)(c), and your request is therefore dismissed. The Order issued by the WCC is thus a valid Final Order, as defined at 310 CMR 10.04, and as a result, the Department, through its actions, affirms said Order.

The Department is aware that the WCC issued a Corrected Order of Conditions on April 3, 2003. This Corrected Order was issued according to the provisions of the Department's Amended Orders Policy ("Amending an Order of Conditions", DWW Policy 85-4, as revised on March 1, 1995). Per this Policy, there is no provision for appealing a Corrected Order. Please note that, even if this Order had been amended rather than corrected, the issues under any successful

This information is available in alternate format. Call Aprel McCabe, ADA Coordinator at 1-617-556-1171. TDD Service - 1-800-298-2207.

DEP on the World Wide Web: http://www.mass.gov/dep
Printed on Recycled Paper

appeal would be limited to "...those issues subject to the amendment(s) or the change(s) made in the Final Order of Conditions...". In this case, the corrections involve:

- The date the Public Hearing closed (March 25, 2003 versus March 11, 2003); and
- Additions to "Final Approved Plans and Other Documents" that were erroneously left off of the original WPA Form 5, Section A, Subsection 4, Page 1 of 7.

If you have any questions in regards to this matter or need additional information, please contact David Foulis at 1-413-755-2154.

Sincerely,

Robert J. McCollum
Wetlands Program Chief

RJM/dbf

P:/dfoulis/WERO WWP Templates/WERO SOC/WE 333-531 SOC Letter

Certified Mail #7002 0860 0005 4379 1022, return receipt requested.

cc Westfield Conservation Commission
Certified Mail #7002 0860 0005 4379 1039.

Ronald W. Ruth
Sherin and Lodgen, LLP
100 Summer Street
Boston, MA 02110

Konover Development Corporation
Post Office Box 4045
Farmington, CT 06032

Westfield East Main Street, LLC
Post Office Box 4045
Farmington, CT 06032

R Levesque Associates, LLC
Raymond C. Levesque
64 Blueberry Ridge
Westfield, MA 01085

# Exhibit "F"

LAW OFFICES OF
WILLIAM J. PUDLO, P.C.
7 PARK DRIVE
P.O. BOX 676
WEST SPRINGFIELD, MASSACHUSETTS 01090
TELEPHONE: (413) 739-4000
FAX: (413) 739-3620

April 28, 2003

Docket Clerk
Office of Administrative Appeals
Department of Environmental Protection
One Winter Street – 3rd Floor
Boston, Mass. 02108

Re: Konover Development Corp., Applicant
514 East Main Street
Westfield, Mass. – Project Location
DEP # 333-531

Gentlemen:

Our office represents ten (10) residents in the City of Westfield, in connection with the recent denial of their Request for a Superceding Order by the Western District Office of the Department. It is from that determination that we now appeal for an adjudicatory hearing.

By way of background, the Applicant referred to above, filed a Notice of Intent to raze an existing unused commercial store (Caldor) of approximately 73,600 square feet at the site and rebuild a larger retail store (Home Depot) of approximately 95,000 square feet on the site. The site is in the floodplain of the Westfield River. The Applicant's plan was to address compensatory flood storage for only that portion of the site that exceeded the original store on the site. There was no intent to address the provision of compensatory flood storage for the original Caldor building area of 73,600 square feet. The Conservation Commission issued an Order of Conditions some time after March 25, 2003, and thereafter filed a "Corrected Order" on or about March 31, 2003. The "Corrected Order" changed the date on which the public hearing closed to read "March 25, 2003". However, the "Corrected Order" also had appended "Additional Information to NOI Letter & Attached Documents (R. Levesque Associates) and "Engineering Report for Comp. Storage. Stamped & Signed by Rodney A. Bascomb", which were not included with the earlier Order. Our clients' Request for a Superceding Order requested that the Department review the compensatory flood storage issues raised in their appeal from the Order of Conditions, which did not address the same for the original 73,600 square feet, citing Department File #317-265 as a precedent for their request.

Several of our clients attended the public hearing before the Conservation Commission on March 25, 2003. The meeting lasted until after 9:30 p.m. on that date. On March 27, 2003, a written request was delivered to the Westfield Conservation Commission seeking copies of certain documents that were to be filed by the Applicant after the close of the public hearing. On the same day, an oral request was made for a copy of the Order of Conditions and the office

advised that such a request must be in writing.. On March 31, 2003, another written request was made to the Conservation Commission adding the Order of Conditions to the list of requested documents.

The Conservation Commission did not respond on March 31, 2003. The client communicate again with the Conservation Commission office on April 1, 2003, seeking a time to pick up the requested documents. The documents that were delivered, including the Order of Conditions, stated that it was mailed by certified mail on March 25, 2003. This is somewhat curious as the meeting was not concluded until after 9:30 p.m. when all post offices, other than Hartford, Connecticut, were closed for business. The Order could not have been mailed as stated. The Order further made no mention of compensatory flood storage and had no reference to attached plans or statements regarding compensatory flood storage.

Our clients became concerned with the date that the actual Order of Conditions was delivered, mailed or otherwise filed with the Department. A call was made by our client to Mr. Jeremiah Mew on April 4, 2003. In that conversation, he advised our client that the march 25, 2003 date was incorrect. However, he did advise our client that the Department had a date of April 2, 2003 as the "stamped" receipt date, but could not find the envelope in which it was mailed to identify the "issuance" date pursuant to 310 C.M.R. 10.04. He stated that it was mailed March 31, 2003 or April 1, 2003 (due to the April 2, 2003 "received stamp". He made no mention of any "Corrected" Order, nor did he advise of the earlier mailing by the Conservation Commission.

On April 8, 2003, our client called Dick Hartwell, Director/Coordinator of the Westfield Conservation Commission to ascertain the actual date of issuance of the Order. Mr. Hartwell advised that he did not know. He suggested that the Conservation Commission Secretary, Michelle, would know. She did not call our client on April 8th. On April 9th, our client called the Community Development Department and spoke with Chris at that office. Chris advised that Community Development did not have a copy of the Order, and that Michelle was out sick, and there was no person who could help our client

The client then called Mr. Mew at the Western Regional office of the department, but his call was never returned. Our client called the Conservation Commission office again on April 10, 2003, but was told Michelle was not in and would be in later that day. Michelle later spoke and advised the client that a second Order was issued on March 31, 2003 and the certified mail card indicted that the Applicant received it on April 4, 2003. . These facts are set forth in the Affidavit of Bradford Moir attached hereto.

The Request for a Superceding Order was sent by Express Mail on April 10, 2003 to the Department in Boston (a copy of the Express Mail slip is attached hereto), with a copy hand delivered the next day to the Western Regional office. Our clients' request for a Superceding Order was denied on the basis that it was filed untimely (copy of the denial is attached hereto).

It is from the denial of our Request for a Superceding Order that this appeal is taken.

This appeal raises the question of whether the Request for a Superceding Order was filed in a timely manner in light of the clear attempt by our clients to ascertain the actual "issuance" date of the Order of Conditions. It is not a case of "after the fact" hindsight, but a proactive

attempt to stay within the timeline for compliance. The technical determination by the Western Regional Office that the request was not timely avoids the issue of when the Conservation Commission is obligated to provide an unequivocal date to an interested party who seeks the "issuance" date of an Order or action. Had no attempt been made to ascertain that date, the department might have greater strength for its determination. However, in light of the various conversations, written requests and actual attempts to obtain that key date, there is no question that due process was not afforded our clients.

Further, the letter denying the Request for a Superceding Order makes no mention of the conversations with the Department office relative to seeking the "issuance" date. Certainly the provisions of 310 C.M.R. 10.05(7)(c ) do not ignore the substantive rights of the party seeking relief. To have a party call and obtain a date of March 31, 2003, rely on that date, and then have the request denied because an earlier date was used (internally) is patently outside of the intent of the regulation. Add to the facts that the "envelope" used for the transmittal is "lost", and also the fact that the City of Westfield uses a postage meter (whose stamp is not acceptable under the regulations over a post office postmark) and this case calls strongly for review.

On the substantive side, our client continues to maintain that the issues of compensatory flood storage were not properly addressed under the Order of Conditions and should also be the subject of further review and hearing.

Therefore, for the foregoing reasons, the our clients appeal the denial of our Request for a Superceding Order and request an Adjudicatory Hearing regarding the same. A copy of the fee transmittal form is enclosed along with a copy of the check for the appropriate fee. Please feel free to contact our office if there is anything further which you might need in connection with this matter.

Very truly yours,

William J. Pudlo

CERTIFIED MAIL #7001 1940 0005 9866 8365
RETURN RECEIPT REQUESTED

CC: DEP Western Region Wetlands
Westfield Conservation Commission

\win\word\homedepotDEPappeal

Affidavit

I, Bradford B. Moir of 203 Western Avenue, Westfield, Massachusetts, first being duly sworn and under oath hereby state:

1. I am a licensed attorney and have a law practice located at 45 Broad Street, Westfield, Massachusetts.

2. I attended all the Westfield Conservation Commission hearings on the Notice of Intent filed by Konover Development Corp. for a proposed Home Depot to be located at 514 East Main Street, Westfield, Massachusetts.

3. On March 25, 2003 I attended the Conservation Commission meeting at which an order of conditions was approved.

4. On March 27, 2003 I hand delivered to the Conservation Commission a written request for certain documents for the project, copy of that letter attached as Exhibit 1.

5. On March 28, 2003 my office, (through my secretary) telephoned Michelle, the commission secretary, to see if the copies of the documents requested in Exhibit 1 were ready to be picked up but they weren't. At that time we also requested a copy of the "issued" Order of Conditions. Michelle advised us that there was a clerical error in the date, that the public hearing closed but that nothing other than the date had changed. She never advised us that the DEP had requested many changes to the order. She asked if we wanted to wait for a corrected copy and my secretary told her that we wanted the original copy now and would also want a corrected copy when it was ready. Michelle agreed to call our office when the copies were ready but never did so.

6. On March 31, 2003, I had our letter of request retyped that requested the above documents and also a copy of the Order of Conditions, copy of that letter attached as Exhibit 2. We never received a call from Michelle that the documents were ready to be picked up so my secretary called her in the afternoon but she had already left for the day. She asked if there was anyone else familiar with this or knew if the copies were ready and no one did.

7. On April 1, 2003 we had further communication with the Conservation Commission office and we found out that the documents were ready to be picked up which we did. The review of the Order of Conditions revealed no mention of compensatory storage nor listed any plans for such. We were not given a copy of the amended/corrected first page.

8. On April 4, 2003 I called Jeremiah Mew at the DEP Western Regional Office in order to determine the date that any appeal/review period would run from. He told me that the March 25, 2003 issuance date was wrong since issuance under regulation 310 CMR 10.04 means the date the order is postmarked mailed. He looked through the file and told me that the Order of Conditions received by DEP was stamped April 2, 2003 but could not find the postmarked envelope. He told me that it was probably postmarked either April 1 or March 31, 2003 and suggested that I file by the next week to be safe. I relied

on this information and believed that I had until at least April 14, 2003 to send the request for Departmental Action. At no time did Mr. Mew advise me that these had been a prior filing and that DEP had requested a revised filing. I told him I would contact the Westfield Conservation Commission to check as to the exact date believing it would be either March 31 or April 1, 2003.

9. On April 8, 2003 I called Dick Hartwell, the coordinator/director of the Conservation Commission to find out the exact date of issuance/mailing of the Order of Conditions. He told me that he did not know, had been hospitalized and did not have the records. He told me Michelle, the secretary, was not in but since there was a meeting that night he would leave her a message to contact me.

10. On April 9, 2003 I received no call so I called mid day and was told by Chris the secretary for Community Development that Michelle was sick and would be in late. I asked if Chris or anyone else could help me but was told no. There was no person available to help me. I left another message but received no call back. I called Mr. Mew at the DEP Western Regional Office and left a message but he did not call back.

11. On April 10, 2003 I called Michelle but was told she would be in later. We later communicated and I requested a copy of the second order. I asked if I could pick such up which I did that morning. Michelle told me that the first order was not mailed March 25, 2003 but she was not sure when it was mailed because she left it for another City of Westfield secretary to do and that she did not know when the second order was mailed because she did not have the records. She did tell me that the certified mail return receipt card showed that the applicant, Konover Development Corp. received such April 4, 2003.

12. On Friday, April 11, 2003 I received a telephone call from Mr. Mew at DEP Western Office who told me that he had a date of March 31, 2003 in his computer as the date of issuance of the order but that a prior order had issued earlier. He told me about DEP policy on amended orders and clerical errors. I told him that changing the date of the public hearing closing and adding plans regarding compensatory storage seemed substantive to me. Later that morning I hand delivered the copy of the request for Departmental Action to him and briefly had a discussion on the clerical error issue.

13. If I had been informed that the issuance date was March 26, 2003 or if the Order of Notice had the correct issuance date, I would have been able to join in filing an appeal within the 10 days.

14. The above is based on my own personal knowledge.

Signed under the pains and penalties of perjury.

Dated: April 18 , 2003

Bradford B. Moir

EXHIBIT
tabbles'
I

# MOIR & ROSS

LAW OFFICES
45 BROAD STREET, SUITE TWO
WESTFIELD, MASSACHUSETTS 01085-5200

BRADFORD B. MOIR

TELEPHONE: (413) 568-1957
FACSIMILE: (413) 562-4691
moiross@aol.com

ANNETTE Z.P. ROSS*
OF COUNSEL

*also admitted in Florida
with an office in Venice

March 27 2003

Conservation Commission
City of Westfield
59 Court Street
Westfield, MA 01085

HAND DELIVERED

RE: Caldor Site, 514 East Main St., Westfield, MA
Home Depot

Dear Sir or Madam:

This letter shall serve as our request for copies of the following documents in the possession and/or custody of the Conservation Commission and/or your office:

1. Copy of the DEP's letter requesting additional project information regarding Home Depot; and
2. Copy of the applicant's response.

Please note that I need these copies as soon as possible. I would appreciate it if you would contact me when they are available and also let me know the cost. Thank you.

Sincerely,

MOIR & ROSS

Bradford B. Moir

BBM/art

EXHIBIT 2

# MOIR & ROSS

**LAW OFFICES**
45 BROAD STREET, SUITE TWO
WESTFIELD, MASSACHUSETTS 01085-5200

BRADFORD B. MOIR

TELEPHONE: (413) 568-1957
FACSIMILE: (413) 562-4691
moiross@aol.com

ANNETTE Z.P. ROSS*
OF COUNSEL

*also admitted in Florida
with an office in Venice

March 31, 2003

Conservation Commission
City of Westfield
59 Court Street
Westfield, MA 01085

HAND DELIVERED

RE: Caldor Site, 514 East Main St., Westfield, MA
Home Depot
File #333-531

Dear Sir or Madam:

This letter shall serve as our request for copies of the following documents in the possession and/or custody of the Conservation Commission and/or your office:

1. Copy of the DEP's letter requesting additional project information regarding Home Depot;
2. Copy of the applicant's response; and
3. Order of Conditions for Konover Development Corporation.

Please note that I need these copies as soon as possible. I would appreciate it if you would contact me when they are available and also let me know the cost. Thank you.

Sincerely,

MOIR & ROSS

Bradford B. Moir

BBM/art