

COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS
DEPARTMENT OF ENVIRONMENTAL PROTECTION

436 Dwight Street • Springfield, Massachusetts 01103 • (413) 784-1100

MITT ROMNEY
Governor

KERRY HEALEY
Lieutenant Governor

ELLEN ROY HERZFELDER
Secretary

EDWARD P. KUNCE
Acting Commissioner

APR 15 2003

William J. Pudlo, Esq.
The Law Offices of William J. Pudlo, PC
Post Office Box 676
West Springfield, Massachusetts 01090

RE: DEP Wetlands File # 333-531
Denial of Request for Superseding Orders of Conditions
514 East Main Street, Westfield

Dear Attorney Pudlo:

The Massachusetts Department of Environmental Protection (hereinafter the Department) is in receipt of your appeal, dated April 11, 2003 (hand-delivered), of the Westfield Conservation Commission's (WCC) Order of Conditions (Order), issued pursuant to the Massachusetts Wetlands Protection Act, MGL c. 131 § 40, and the Massachusetts Rivers Protection Act, c. 256 of the Statutes of 1996, for the project proposal referenced above.

Upon careful consideration, the Department has determined that your appeal letter, dated April 11, 2003 was not submitted within ten (10) business days from the date of issuance of the Order as is required at 310 CMR 10.05(7)(c). A review of Department records indicates that the date of issuance, as defined at 310 CMR 10.04, for said Order is March 26, 2003. Thus, your appeal was received by the Department on the twelfth (12th) business day.

As a result, the Department has determined that your letter of April 11, 2003 does not constitute a valid appeal per the regulatory requirements specified at 310 CMR 10.05(7)(c), and your request is therefore dismissed. The Order issued by the WCC is thus a valid Final Order, as defined at 310 CMR 10.04, and as a result, the Department, through its actions, affirms said Order.

The Department is aware that the WCC issued a Corrected Order of Conditions on April 3, 2003. This Corrected Order was issued according to the provisions of the Department's Amended Orders Policy ("Amending an Order of Conditions", DWW Policy 85-4, as revised on March 1, 1995). Per this Policy, there is no provision for appealing a Corrected Order. Please note that, even if this Order had been amended rather than corrected, the issues under any successful

This information is available in alternate format. Call Aprel McCabe, ADA Coordinator at 1-617-556-1171. TDD Service - 1-800-298-2207.

DEP on the World Wide Web: http://www.mass.gov/dep
Printed on Recycled Paper

appeal would be limited to "…those issues subject to the amendment(s) or the change(s) made in the Final Order of Conditions…". In this case, the corrections involve:

- The date the Public Hearing closed (March 25, 2003 versus March 11, 2003); and
- Additions to "Final Approved Plans and Other Documents" that were erroneously left off of the original WPA Form 5, Section A, Subsection 4, Page 1 of 7.

If you have any questions in regards to this matter or need additional information, please contact David Foulis at 1-413-755-2154.

Sincerely,

Robert J. McCollum
Wetlands Program Chief

RJM/dbf

P:/dfoulis/WERO WWP Templates/WERO SOC/WE 333-531 SOC Letter

Certified Mail #7002 0860 0005 4379 1022, return receipt requested.

cc Westfield Conservation Commission
Certified Mail #7002 0860 0005 4379 1039.

Ronald W. Ruth
Sherin and Lodgen, LLP
100 Summer Street
Boston, MA 02110

Konover Development Corporation
Post Office Box 4045
Farmington, CT 06032

Westfield East Main Street, LLC
Post Office Box 4045
Farmington, CT 06032

R Levesque Associates, LLC
Raymond C. Levesque
64 Blueberry Ridge
Westfield, MA 01085

**EXPRESS MAIL**
UNITED STATES POSTAL SERVICE®

# POST OFFICE TO ADDRESSEE

* E U 2 6 0 0 8 0 4 2 6 U S *

Customer Copy
Label 11-B May 2001

**SEE REVERSE SIDE FOR SERVICE GUARANTEE AND INSURANCE COVERAGE LIMITS**

ORIGIN (POSTAL USE ONLY)

| PO ZIP Code | Day of Delivery | Flat Rate Envelope |
|---|---|---|
| 01085 | ☐ Next ☐ Second | ☐ |
| Date In: 9-16-04 (Mo. Day Year) | ☐ 12 Noon ☐ 3 PM | Postage $13.65 |
| Time In: ☐ AM ☐ PM | Military ☐ 2nd Day ☐ 3rd Day | Return Receipt Fee |
| Weight: lbs. ozs. | Int'l Alpha Country Code | COD Fee / Insurance Fee |
| No Delivery ☐ Weekend ☐ Holiday | Acceptance Clerk Initials | Total Postage & Fees $13.65 |

CUSTOMER USE ONLY

METHOD OF PAYMENT:
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or Postal Service Acct. No.

FROM: (PLEASE PRINT) PHONE (413) 568-1957

Bradford R. Moir, Esq.
[illegible]
[illegible] Broad Street, Suite #2
Westfield, MA. 01085

TO: (PLEASE PRINT) PHONE ( )

Department of Environmental Protection
Box 4062
Boston, MA. 02211

ZIP + 4: 0 2 2 1 1 +

FOR PICKUP OR TRACKING CALL 1-800-222-1811 www.usps.com EMS



# Exhibit "G"

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

**Hampden Division** **Case #03-1085**

| | |
|---|---|
| **C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHALE BRETON, BRADFORD MOIR and MARY MOIR, Plaintiffs** ) | |
| **v.** ) | **PLAINTIFFS' MOTION FOR LEAVE TO PRESENT TESTIMONY PURSUANT TO G.L. c. 30A, §14(6) AND FOR LEAVE TO ENGAGE LIMITED DISCOVERY TO OBTAIN DOCUMENTS AND RELATED EVIDENCE FROM THE WESTFIELD CONSERVATION COMMISSION IN CONNECTION WITH THE PREPARATION AND MAILING OF ITS ORDER OF CONDITIONS AND AMENDED ORDER OF CONDITIONS AND THE MASSACHU-SETTS DEPARTMENT OF ENVISON-MENTAL PROTECTION** |
| **ROBERT W. GOLLEDGE, JR., Commissioner Executive Office Of Environmental Affairs, and EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS, DEPARTMENT OF ENVIRON-MENTAL PROTECTION, Defendants** ) | |

Now come the Plaintiffs, through Counsel, and seek leave of this Honorable Court, pursuant to the provisions of G.L. c. 30A, §14(6), to engage in limited discovery with the Westfield Conservation Commission (hereinafter referred to as the "WCC") and the Massachusetts Department of Environmental Protection (hereinafter referred to as the "DEP") relative to the WCC's preparation and mailing of its Order of Conditions and Corrected Order of Conditions, and the DEP's receipt of the same.

As grounds for this motion the Plaintiffs state that the core issue supporting the DEP and Administrative Law Judge's (hereinafter referred to as the "ALJ") decisions is the "date of issuance" of the aforesaid Order and Corrected Order. The timeliness of the Plaintiffs' initial request for a Superseding Order was based upon the "date of issuance", and because there was never any evidentiary hearing to determine the actual "date of issuance" the Plaintiffs now seek to discover that evidence and present the same to this Court.

Without the evidence, the record, as provided by the DEP is essentially incomplete. Had the Plaintiffs not sought to obtain this discovery during the administrative proceedings below, the issue could have been disposed of at that stage. However, the actions of the ALJ in denying the motion for such limited discovery rendered the record before this Court incomplete. The provisions of G.L. c. 30A, §14(4) allow for such additional evidence.

As this Court is aware, the entire issue of timeliness hinges upon the "date of issuance" of the WCC's Order and Corrected Order. For DEP and the ALJ to adopt the suggestion of an Intervenor to this case as the basis of their alleged factual determination, without taking evidence, is a clear violation of the Plaintiffs' rights. Further, it is plainly wrong.

If this Court has before it evidence of the mailing procedures at the WCC and the procedures for "stamping in" documents at DEP, together with the actual mailing envelopes, return receipts and other related mailing and receipt documents from both WCC and DEP, the it will have before it a true evidentiary base upon which to review the denial of the Plaintiffs' request for a Superseding Order as untimely. Without such evidence, the conclusions and inferences drawn can only be speculative and based upon conjecture.

This evidence can be dispositive of the matter for the Court. Without such evidence, no factual determination of the "date of issuance" of the WCC Order and Corrected Order can be made.

The Plaintiffs,
by their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

**Certificate of Service**

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by mailing a copy of the same, postage prepaid, to David A. Brown, 100 Summer Street, Bostn, Massachusetts 02110 and Timothy Jones, Assistant Attorney General at 1350 Main Street, Springfield, Massachusetts 01103.

Dated: February 10, 2004

William J. Pudlo

\win\word\HomeDepotSuperiormotionfordiscovery

# Exhibit "H"

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

**Hampden Division**

**Case #03-1085**

HAMPDEN COUNTY SUPERIOR COURT FILED FEB 26 2004 CLERK-MAGISTRATE

**C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHALE BRETON, BRADFORD MOIR and MARY MOIR, Plaintiffs**

**v.**

**ROBERT W. GOLLEDGE, JR., Commissioner Executive Office Of Environmental Affairs, and EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Defendants**

**PLAINTIFFS' MOTION FOR LEAVE TO PRESENT TESTIMONY PURSUANT TO G.L. c. 30A, §14(6) AND FOR LEAVE TO ENGAGE LIMITED DISCOVERY TO OBTAIN DOCUMENTS AND RELATED EVIDENCE FROM THE WESTFIELD CONSERVATION COMMISSION IN CONNECTION WITH THE PREPARATION AND MAILING OF ITS ORDER OF CONDITIONS AND AMENDED ORDER OF CONDITIONS AND THE MASSACHUSETTS DEPARTMENT OF ENVISON-MENTAL PROTECTION**

Now come the Plaintiffs, through Counsel, and seek leave of this Honorable Court, pursuant to the provisions of G.L. c. 30A, §14(6), to engage in limited discovery with the Westfield Conservation Commission (hereinafter referred to as the "WCC") and the Massachusetts Department of Environmental Protection (hereinafter referred to as the "DEP") relative to the WCC's preparation and mailing of its Order of Conditions and Corrected Order of Conditions, and the DEP's receipt of the same.

As grounds for this motion the Plaintiffs state that the core issue supporting the DEP and Administrative Law Judge's (hereinafter referred to as the "ALJ") decisions is the "date of issuance" of the aforesaid Order and Corrected Order. The timeliness of the Plaintiffs' initial request for a Superseding Order was based upon the "date of issuance", and because there was never any evidentiary hearing to determine the actual "date of issuance" the Plaintiffs now seek to discover that evidence and present the same to this Court.

DENIED. [signature] 2/27/04.

# Exhibit "I"

**COMMONWEALTH OF MASSACHUSETTS**
**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT**

**Hampden Division** **Case #03-1085**

| | |
|---|---|
| **C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHALE BRETON, BRADFORD MOIR and MARY MOIR, Plaintiffs** | |
| **v.** | **PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION LEAVE TO PRESENT TEATIMONY PURSUANT TO G.L. c. 30A, §14(6) AND FOR LEAVE TO ENGAGE IN LIMITED DISCOVERY TO OBTAIN DOCUMENTS AND RELATED EVIDENCE FROM THE WESTFELD CONSERVATION COMMISSION IN CONNECTION WITH THE PREPARATION AND MAILING OF IT'S ORDER OF CONDITIONS AND ITS AMENDED ORDER OF CONDITIONS AND THE DEPARTMENT OF ENVIRON-MENTAL PROTECTION AND REQUEST FOR HEARING** |
| **ROBERT W. GOLLEDGE, JR., Commissioner Executive Office Of Environmental Affairs, and EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS, DEPARTMENT OF ENVIRON-MENTAL PROTECTION, Defendants** | |
| **and** | |
| **KONOVER DEVELOPMENT CORPORATION and HOME DEPOT U.S.A., INC., Intervenor Defendants** | |

Now come the Plaintiffs, through Counsel, seeking the Court's reconsideration of its original motion for limited discovery and allowance of limited testimony relative to what appear to be dispositive issues in this case.

As grounds for this motion, the Plaintiffs state that the denial of their initial request for a Superseding Order of Conditions (hereinafter referred to as the "SOC") filed with the Department of Environmental Protection (hereinafter referred to as "DEP") was based solely upon the issue of timeliness of the filing. The filing was to be made within ten (10) business days of the "date of issuance of the Order of Conditions".

The Westfield Conservation Commission (hereinafter referred to as the "WCC") held a public hearing on March 25, 2003, which closed at or about 10:00 p.m. on that date. Mailing on that date was impossible as all local Massachusetts postal facilities in Western Massachusetts were closed. The WCC, utilizing the City of Westfield's postage meter, allegedly mailed the Order of Conditions on March 26, 2003. As argued by the Plaintiffs in the administrative proceeding below, the use of a postage meter by the issuing authority results in the date of issuance of the Order becoming the "date of receipt at DEP".

In his affidavit, one of the Plaintiffs stated that upon seeking that information from DEP, he was advised that the Order was received on April 2, 2003. If that were the case, the Plaintiffs' request for an SOC was timely. However, the DEP was unsure of that date since the "postmarked" envelope was missing. The DEP also failed to advise one of the Plaintiffs that there had been an earlier filing which had been amended. **(See Amended Record at p. 4)**

As argued in the administrative proceeding below, the fact that there was a revision of the original Order raises additional questions as to the actual "date of issuance". In the initial denial of the request for an SOC, the Western regional Office of the DEP noted that there was a DEP policy (DWW Policy 85-4, as revised on March 1, 1995) which allowed for correction of errors of a "typographical" or "clerical" nature. **(See Amended record at pp. 34, 35)**

Upon closer review, the "Corrected Order", dated March 31, 2003, has a self-serving cover letter which states that the "corrections do not [sic]effect the conditions ordered . . . nor the issuance date of 3/25/03". In addition, there is the inclusion of "Additional information to NOI letter and attached documents" from R. Levesque Associates. The file at DEP bears the cover letter for that transmission fro R. Levesque Associates, which is later than the date on which the public hearing closed. **(This transmission letter and accompanying information with plans is in the Amended Record at pp. 127 – 131, and is dated as of the date of the public hearing, but was not delivered to DEP until after that date)** This clearly raises the question as to whether the "additional information" and "plans" submitted after the close of the public hearing were in fact, available for examination at the public hearing. The addition of materials such as the comments and plans from R. Levesque Associates certainly suggests that the "corrections"

were more than typographical. As a result, the "date of issuance" cannot be specifically determined without more information.

What the Plaintiffs are seeking is not a "fishing expedition". Rather, they are seeking limited discovery of documents, policies and precise testimony regarding the mailing of the two (2) Orders and the DEP policy on receipt of filings to determine the "date of issuance" when the issuing authority uses a postage meter.

The limited matters that the Plaintiffs seek to discover are not broad, but narrow and precisely determined to provide dispositive evidence for the Court. Without these matters clarified, the record is incomplete and a fair determination cannot be made.

In the administrative proceedings below, the Plaintiffs sought a portion of these materials. **(See Amended record at pp. 105-106)** In their motion, the Plaintiffs asserted the position that without the documents sought, the record would be incomplete. Further, the Plaintiffs asserted the position that the documents sought were significant in determining the "date of issuance" of the WCC's "Order" and "Corrected Order".

It appears that this Court, in considering the entire record, would lack essential information if the requested limited discovery is not permitted and an incomplete record used to reach a judicial determination. As in the case of the administrative proceedings below, the Administrative Law Judge apparently formed an opinion regarding the "date of issuance" without reliance upon actual, and available, factual data to which the Plaintiffs directed his attention. Thus, rather than conduct a preliminary and limited evidentiary hearing on the sole issue of the "date of issuance", he relied upon the initial determination of that date made by the Western Regional Office of the DEP, and dismissed the Plaintiffs' request for an adjudicatory hearing.

Where there are significant and substantial issues of fact to be determined, the Courts tend to rely upon evidence. ". Over the years the Courts have developed a standard for ascertaining the identity of the party bearing the burden of proof when evidentiary issues are in question. These cases have demonstrated that the Courts look for (1) the pleading of the

substantive elements to establish a claim or defense, (2) the burden of production of the evidence of the truth of the fact asserted or denied, and (3) the burden of persuading the fact finder of the existence of the fact asserted or denied. **City of Lawrence v. MacDonald, 318 Mass. 520, 62 NE2d 850 (1945); Epstein v. Boston Housing Authority, 317 Mass. 297, 58 NE2d 135 (1944); Carroll v. Boston Elevated Ry. Co., 200 Mass. 527, 86 NE 793 (1910)**

In this case the initial fact asserted by the Defendant, is the "date of issuance" of the WCC's Order (and Corrected order). Under the applicable case standards, the Defendant (or in the administrative proceeding below) bears the burden of proof on this issue.

The evidence standard essentially requires the Defendant to provide such evidence as a reasonable mind might accept as adequate to support a conclusion. **Sinclair, supra.; see also Embers of Salisbury v. Alcoholic Beverages Control Commission, 401 Mass. 526, 517 NE2d 830 (1988); Murphy v. Superintendent of M.C.I. Cedar Junction, 396 Mass. 830, 489 NE2d 661 (1986)**

The Defendant in the administrative proceeding below, was required to offer "substantial evidence" to support the fact that the date of issuance was, in fact, March 26, 2003, as the Administrative Law Judge accepted. The conclusion he reached was unsupported by any evidence other than the assertion (by way of an *ex parte* letter from the Intervenor, Konover Development Corp. to the DEP, that the "date of issuance" was March 26, 2003). The evidence standards of the courts required, at a minimum, that some real evidence be offered the Defendant so as to allow a reasonable mind to accept such evidence as adequate to support a conclusion (in this instance, the "date of issuance"). **Sinclair, supra.; see also Embers of Salisbury v. Alcoholic Beverages Control Commission, 401 Mass. 526, 517 NE2d 830 (1988); Murphy v. Superintendent of M.C.I. Cedar Junction, 396 Mass. 830, 489 NE2d 661 (1986)**

Therefore, because of the clear lack of evidence in the administrative proceeding below, and the multiple issues involved in the determination of the actual "date of issuance", upon which the Plaintiffs case rises or falls, this Court should be persuaded that any evidence, which has a propensity to be dispositive of the issues, should be included as part of the complete record. Any less of a standard would perpetuate the unsubstantiated conclusion reached by the

Administrative Law Judge below. It simply defies logic that this crucial and potentially dispositive evidence would not be permitted as part of the complete record, despite the Plaintiffs' multiple requests for the same.

WHEREFORE, the Plaintiffs request that this Court reconsider its decision to deny the Plaintiffs' initial motion for limited discovery and testimony and permit the Plaintiffs to request the mailing documents form the WCC, and any documents relating to the receipt by the DEP of any filings by the WCC in this matter, and further, to allow limited testimony from DEP and the WCC as to their mailing policies and practices, particularly in this matter. The Plaintiffs further request that this Court permit a hearing on this motion.

The Plaintiffs,
by their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

**Certificate of Service**

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by mailing a copy of the same, postage prepaid, to David A. Brown, 100 Summer Street, Boston, Massachusetts 02110, Mark Bluver, 1441 Main St., Springfield, Mass. 01103 and Timothy Jones, Assistant Attorney General at 1350 Main Street, Springfield, Massachusetts 01103.

Dated: March 17, 2004

William J. Pudlo

\win\word\HomeDepotSuperiormotionforreconsideration

# Exhibit "J"

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

**Hampden Division** **Case #03-1085**

HAMPDEN COUNTY
SUPERIOR COURT
FILED
APR 1 2004
CLERK-MAGISTRATE

**C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHALE BRETON, BRADFORD MOIR and MARY MOIR, Plaintiffs**

**v.**

**ROBERT W. GOLLEDGE, JR., Commissioner Executive Office Of Environmental Affairs, and EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Defendants**

**and**

**KONOVER DEVELOPMENT CORPORATION and HOME DEPOT U.S.A., INC., Intervenor Defendants**

**PLAINTIFFS' MOTION FOR RECONSIDERATION OF MOTION LEAVE TO PRESENT TEATIMONY PURSUANT TO G.L. c. 30A, §14(6) AND FOR LEAVE TO ENGAGE IN LIMITED DISCOVERY TO OBTAIN DOCUMENTS AND RELATED EVIDENCE FROM THE WESTFELD CONSERVATION COMMISSION IN CONNECTION WITH THE PREPARATION AND MAILING OF IT'S ORDER OF CONDITIONS AND ITS AMENDED ORDER OF CONDITIONS AND THE DEPARTMENT OF ENVIRONMENTAL PROTECTION AND REQUEST FOR HEARING**

4/2/04 ENTERED. 164

Now come the Plaintiffs, through Counsel, seeking the Court's reconsideration of its original motion for limited discovery and allowance of limited testimony relative to what appear to be dispositive issues in this case.

As grounds for this motion, the Plaintiffs state that the denial of their initial request for a Superseding Order of Conditions (hereinafter referred to as the "SOC") filed with the Department of Environmental Protection (hereinafter referred to as "DEP") was based solely upon the issue of timeliness of the filing. The filing was to be made within ten (10) business days of the "date of issuance of the Order of Conditions".

# Exhibit "K"

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 2003-01085

HAMPDEN COUNTY SUPERIOR COURT
FILED
MAY 21 2004
CLERK-MAGISTRATE

C. DAVID TRADER & others[1]

vs.

COMMISSIONER OF THE EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS & others[2]

**MEMORANDUM AND DECISION ON PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

The plaintiffs seek judicial review of a decision of the defendant, Executive Office of Environmental Affairs, Department of Environmental Protection (the DEP), pursuant to G. L. c. 30A, § 14. The DEP affirmed its denial of the plaintiffs' petition for a superseding order of conditions for defendant Konover Development Corporation's (Konover) planned development of a Home Depot in Westfield. The plaintiffs argue in their complaint that the DEP's decision was not based on substantial evidence and was arbitrary and capricious.[3] For the following reasons, I affirm the DEP's decision.

---

[1] Jean M. Trader, Joseph B. Mitchell, Teresa K. Mitchell, Donald Gove, Mark D. Siebert, Brian Burke, Michale Breton, Bradford Moir, and Mary Moir

[2] Executive Office of Environmental Affairs, Department of Environmental Protection; and intervenor defendants Konover Development Corporation and Home Depot U.S.A., Inc.

[3] The plaintiffs, in Count II of their 30A complaint, move for leave to engage in limited discovery of documentary evidence regarding the mailing of the order of conditions. The plaintiffs filed a similar motion in February 2004, requesting leave to present testimony pursuant to G. L. c. 30A, § 14 (6), and for leave to engage in discovery of the same documentary evidence. The motion was denied (Curley, J.). The plaintiffs filed a motion for reconsideration of the denial in April 2004. As this motion, too, was denied (Curley, J.), Count II is disposed of.

**BACKGROUND**

The administrative record includes the following information. On March 25, 2003, the Westfield Conservation Commission (the Commission) held a public hearing regarding Konover's construction of a Home Depot in Westfield. The Commission agreed to issue an order of conditions for the construction and closed the hearing at 9:30 p.m. On March 27, 2003, plaintiff Bradford Moir (Moir) made an oral request for a copy of the issued order of conditions, and on March 31, made the same request in writing. On March 31 the Commission filed a corrected order of conditions. Moir's office received a copy of the original order on April 1, 2003. The order was dated as signed and issued on March 26, 2003.

On April 11, 2003, thirty-six residents (the residents) of Westfield requested a superseding order of conditions denying the project. On April 15, 2003, the DEP's Western Regional Office denied the request as untimely, because it was hand-delivered more than ten business days after the Commission issued the original order, in violation of the requirements of 310 Code Mass. Regs. § 10.05 (7) (c).

On April 28, 2003, the plaintiffs filed an appeal of the denied request. On May 16, 2003, Konover moved to dismiss this appeal due to, *inter alia*, untimeliness. The plaintiffs did not argue that they needed any discovery to oppose Konover's motion, did not present evidence that they had requested discovery, nor did they file a motion to compel discovery. On June 23, 2003, an Administrative Law Judge (Silverstein, J.) issued a recommended final decision dismissing the appeal for lack of jurisdiction based upon the untimeliness of the superseding order request. He found that it was undisputed that the residents had requested a superseding order more than ten business days after the Commission issued its order. He ruled, therefore, that the group did not meet the timing requirements of G. L. c. 131, § 40 (19), and 310 Code Mass. Regs. § 10.05