(7) (c). On August 8, 2003, the Commissioner of the DEP, Robert W. Golledge, Jr. (the Commissioner), issued a final decision consistent with the recommended decision, dismissing the appeal.

On August 19, 2003, the plaintiffs moved for reconsideration of the dismissal. Judge Silverstein's recommended final decision denied the motion. The Judge ruled that the plaintiffs' doubt as to the date on which the original order was issued was insufficient to justify reconsideration of the appeal's dismissal absent an evidentiary showing that the doubt has merit. He relied on 310 Code Mass. Regs. § 1.01 (14) (d), which provides that "[w]here a finding of fact or ruling of law on which a final decision is based is clearly erroneous, a party may file a motion for reconsideration setting forth specifically the grounds relied on to sustain the motion." The Judge stated that the parties did not dispute the relevant dates, as the plaintiffs did not argue that the order was not issued on March 26, 2003. He ruled that the plaintiffs had not shown that any of the findings or rulings as to the untimeliness of the superseding order request was clearly erroneous.

The plaintiffs, in the alternative, argued in their motion that the time to request the superseding order ran from March 31, 2003, the date of issuance of the corrected order. The Judge noted that relevant statutory and regulatory law does not address whether corrected orders, as opposed to corrected final orders, are appealable. He applied DEP policy that provides for superseding order requests on corrected final orders, stating that the policy permits such a request when the amendment is substantive, i.e. when it changes the proposed project's purpose, scope, or wetlands impact. Here, the corrected order was neither a final order, as the ten-day period for requesting a superseding order had not yet expired, nor were the corrections substantive. He ruled, therefore, that because there is no allowance for a superseding order on

3

the March 31 corrected order, the time began to run upon issuance of the original order.

The plaintiffs also moved for leave to engage in discovery to determine the date on which the Commission issued the order. The Judge denied the motion, because the plaintiffs had not attempted to obtain the requested materials through cooperative discovery, as required by 310 Code Mass. Regs. § 1.01 (12). He found, additionally, that the plaintiffs had not shown that the documents requested would be likely to show a post-March 29, 2003 mailing date. The Commissioner adopted the decision, denying the plaintiffs' motions.

## DISCUSSION

The party appealing an administrative decision bears the burden of demonstrating the invalidity of the decision. Mass. Ass'n of Minority Law Enforcement Officers v. Abban, 434 Mass. 256, 263 (2001). A party can meet this burden by showing that the decision is unsupported by substantial evidence or is arbitrary or capricious. G. L. c. 30A, § 14 (7) (e), (g). The plaintiffs have not met this burden.

The court, in reviewing the decision, shall "give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." G. L. c. 30A, § 14 (7). The court must consider "the entire record, or such portion of the record as may be cited by the party." Id. For the court to sustain the determination, it must have been supported by substantial evidence, G. L. c. 30A, § 14, i.e. such evidence as a reasonable mind might accept as adequate to support a conclusion. Salaam v. Comm'r of the Dep't of Transit'l Assist., 43 Mass. App. Ct. 38, 39 (1997). The agency's interpretation of its own rules is entitled to deference, absent clear error. Hurst v. State Ballot Law Comm'n, 428 Mass. 116, 120 (1998). Such an interpretation will be overturned "only if it is arbitrary, unreasonable or inconsistent with the plain terms of the rule itself." Mass. Auto

4

Body Ass'n v. Comm'r of Ins., 409 Mass. 770, 781 (1991).

The plaintiffs have not shown that the DEP's decision was not supported by substantial evidence. G. L. c. 30A, § 14 (7) (e). The order of conditions itself contains an issuance date of March 25. The corrected order states that the original order's date of issuance is March 25. The corrected order also states that it does not affect the original issuance date of March 25. The March 25 public hearing adjourned at 9:30 p.m., so it is unlikely that the Commission issued the order the same day. It is likely, however, that the Commission issued the order the following day, March 26. Furthermore, plaintiff Moir's affidavit discloses that he was present at the March 25 hearing at which the order was approved, that on March 28, he requested a copy of the issued order, and that he received a copy of the order on April 1. There is no evidence in the record to dispute a March 26 issuance date. The evidence in the record is such "as a reasonable mind might accept as adequate to support [the DEP's] conclusion. See Salaam, 43 Mass. App. Ct. at 39.

There was no clear error in the Judge's interpretation of DEP policy. The Judge's application of corrected final order policy to whether the time period began to run upon issuance of the corrected order of conditions is, therefore, entitled to deference. See Hurst, 428 Mass. at 120. Moreover, the plaintiffs have not demonstrated that the DEP's failure to hold an evidentiary hearing to determine the actual date of issuance of the order was arbitrary or capricious. G. L. c. 30A, § 14 (7) (g). Again, there was substantial evidence that the Commission issued the order on March 26, and the plaintiffs did not present evidence to the contrary, nor did the plaintiff's comply with the cooperative discovery requirements of the regulations.

5

## ORDER

For the foregoing reasons, the plaintiffs' motion for judgment on the pleadings is **DENIED**.

Bertha D. Josephson
Justice of the Superior Court

DATED: May 18, 2004

# Exhibit "L"

## Commonwealth of Massachusetts
### County of Hampden
### The Superior Court

CIVIL DOCKET# **HDCV2003-01085**

C. David Trader,
Jean M. Trader,
Joseph B. Mitchell,
Teresa K. Mitchell,
Donald Gove,
Mark D. Siebert,
Brian Burke,
Michale Breton,
Bradford Moir, and
Mary Moir, Plaintiffs
vs
Robert W Golledge Jr, Commissioner
Executive Office of Environmental Affairs,
and Executive Office of Environmental Affairs,
Department of Environmental Protection, Defendants

Konover Development Corporation,
Home Depot, U.S.A., Inc., Intervenor Defendants

HAMPDEN COUNTY
SUPERIOR COURT
**FILED**
JUN 21 2004
CLERK-MAGISTRATE

### JUDGMENT

This action came on before the Court, Bertha D. Josephson, Justice, presiding, upon plaintiffs' motion for judgment on the pleadings, and upon consideration thereof,

It is **ORDERED and ADJUDGED**:

The decision of the defendant, Executive Office of Environmental Affairs, Department of Environmental Protection is hereby affirmed.

Marie G. Mazza,
Clerk of the Courts

By: Mary C. Cullinan
Assistant Clerk

cvdjudgen_1.wpd 463453 inidocs1 cullinan

**Exhibit "M"**

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

**Hampden Division**                                    Case #03-1085

| | |
|---|---|
| C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHALE BRETON, BRADFORD MOIR and MARY MOIR, Plaintiffs<br><br>v.<br><br>ROBERT W. GOLLEDGE, JR., Commissioner Executive Office Of Environmental Affairs, and EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS, DEPARTMENT OF ENVIRONMENTAL PROTECTION, Defendants<br><br>and<br><br>KONOVER DEVELOPMENT CORPORATION and HOME DEPOT U.S.A., INC., Intervenor Defendants | PLAINTIFFS' NOTICE OF APPEAL |

Notice is hereby given that the Plaintiffs in the above captioned action hereby appeal to the Appeals Court from the final judgment entered on June 21, 2004.

The Plaintiffs,
by their Attorney,

/s/ William J. Pudlo
William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

## Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by delivering a copy of the same, in hand, to Counsel for the respective parties.

Dated: July 9, 2004

_____
William J. Pudlo

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case #04-30170-MAP

| | |
|---|---|
| WESTFIELD EAST MAIN )<br>STREET LLC, Plaintiff   )<br>                              )<br>       v.                    )<br>                              )<br>                              )<br>C. DAVID TRADER,       )<br>JEAN M. TRADER,        )<br>JOSEPH B. MITCHELL,  )<br>TERESA K. MITCHELL, )<br>DONALD GOVE,          )<br>MARK D. SIEBERT,      )<br>BRIAN BURKE,           )<br>MICHAEL BRETON,     )<br>BRADFORD MOIR,       )<br>MARY MOIR,              )<br>INTERSTATE BUILDING )<br>SUPPLY, INC., and        )<br>LUMBER CENTER, INC., )<br>Defendants                  ) | AFFIDAVIT OF MARY A. MOIR |

I, Mary A. Moir, first being duly sworn and under oath, hereby state:

1) I am not an officer, director, shareholder, or employee of either the Lumber Center, Inc. or Interstate Building Supply, Inc.

2) I am not a close friend of anyone at those businesses nor do I have any knowledge of the relationships between Westfield East Main Street LLC, Konover or Home Depot other than one or more are attempting to construct a Home Depot on East Main Street in Westfield, Massachusetts.

3) My interest in the case is to make sure any applicant or person seeking to construct such a building complies with all applicable law and I am exercising my right to appeal since I believe the decisions so far are plainly wrong.

Signed under the pains and penalties of perjury this 22nd day of September 2004.

_____
Mary A. Moir