UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case #04-30170-MAP

| | |
|---|---|
| WESTFIELD EAST MAIN )<br>STREET LLC, Plaintiff )<br>)<br>v. )<br>)<br>)<br>C. DAVID TRADER, )<br>JEAN M. TRADER, )<br>JOSEPH B. MITCHELL, )<br>TERESA K. MITCHELL, )<br>DONALD GOVE, )<br>MARK D. SIEBERT, )<br>BRIAN BURKE, )<br>MICHAEL BRETON, )<br>BRADFORD MOIR, )<br>MARY MOIR, )<br>INTERSTATE BUILDING )<br>SUPPLY, INC., and )<br>LUMBER CENTER, INC., )<br>Defendants ) | DEFENDANT'S MOTION TO DISMISS<br>AND MEMORANDUM IN SUPORT HEREOF |

      Now comes the Defendant, Lumber Center, Inc. and respectfully moves this Court to dismiss the action pending against it. As grounds therefore and in support hereof, the Defendant states that pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Factual Background**

      This action was commenced on or about September 1, 2004. Prior to the action being brought, no legal actions or proceedings in which the Plaintiff was a participant had been conducted involving the Defendant, Lumber Center, Inc., however, a principal of the Defendant corporation was one of the ten (10) residents of the City of Westfield who

petitioned for relief before the Massachusetts Department of Environmental Affairs and the Massachusetts Superior Court in his individual capacity.

As set forth in the Plaintiff's Complaint, Konover Development Corp. (hereinafter referred to as "Konover") filed a Notice of Intent with the Westfield Conservation Commission (hereinafter referred to as the "WCC") to demolish an existing building (of approximately 73,000 square feet) at 514 East Main Street, Westfield, Massachusetts, and build a new building of approximately 96,000 square feet in the flood plain of the Westfield River. The Plaintiff was named on the Notice as the "Owner" but did not participate in the WCC proceedings.

The administrative proceedings thereafter did not involve the Plaintiff, and at no time was the existence of any contract or business relationship between the Plaintiff and Home Depot disclosed in those proceedings. As described in the Plaintiff's Complaint, there was an administrative appeal taken by thirty-six (36) residents of the City of Westfield, including Michael Breton, a principal of the Defendant corporation, through the DEP process. After all administrative remedies were exhausted (a prerequisite to filing an action in the Superior Court) the decision was appealed to the Superior Court pursuant to M.G.L. c. 30A. At no time was Lumber Center, Inc. or the Plaintiff involved in those proceedings.

As stated in their pleadings (see Defendants' Special Motion to Dismiss Pursuant to M.G.L. c. 231, §59H filed with this Court), the residents of Westfield raised several material and substantial issues of both substantive and procedural error on the part of the Administrative Law Judge and ultimately the Justice of the Superior Court. They further allege that this action is an effort to "chill" their right to petition guaranteed under the Constitution of the United States and the Massachusetts Declaration of Rights. In its Complaint, the Plaintiff asserts that these claims are ". . . frivolous, baseless and commenced without probable cause and a sham." That assertion is for this Court to determine, and, if this Court so determines, the Plaintiff's assertions must fall with regard to this Defendant.

The Plaintiff suggests that it knows the "motives" of the residents of Westfield relative to their actions. In its Complaint the Plaintiff suggests that the Plaintiffs are ". . . not motivated by legitimate environmental concerns." When this Court reviews the Special Motion referred to above, it can be clearly seen from the exhibits attached thereto that even before the appellate process was commenced, there was a consultation from an environmental specialist regarding compensatory flood storage. It is beyond a reasonable person's ability to make the stretch of logic that the Plaintiff asserts as to motive, there is simply no way in which a reasonable inference can be made from the allegations.

In its Complaint, the Plaintiff makes no specific statements as to any intentional or malicious acts on the part of Lumber Center, Inc. with regard to the Plaintiff. Further, the Plaintiff makes no statements of any specific acts as to any steps taken by Lumber Center, Inc. to contact, harass, induce or otherwise contact Home Depot so as to induce them to refrain from completing their alleged contract with the Plaintiff.

The Defendant, Lumber Center, Inc., is not alleged to have made any contact with any customers or other business entities with whom the Plaintiff is associated, including Home Depot or Konover. In addition, there is no factual allegation of any sort that indicates any specific actions by Lumber Center, Inc. to directly or indirectly control the residents of Westfield who were the Petitioners/Plaintiffs in the underlying proceedings. Michael Breton acted in his individual capacity in the DEP and Superior Court proceedings

Lumber Center, Inc. is alleged by the Plaintiff to be engaged in trade or commerce. That fact is true, as it is a business entity. However, the Complaint advances the proposition that because of that fact, it has engaged in unspecified actions that somehow violate M.G.L. c. 93A. There is no suggestion of what the acts of this Defendant were that raised them to a level of rascality that would be intentional and malicious, thereby making them unfair and deceptive. There are no such actions that can be alleged.

## Legal Argument

Where a Complaint is devoid of any factual allegations to support a claim for relief, there is support for the Court to dismiss the action pursuant to Rule 12(b)(6), so long as it determines that the Complaint is formally or substantively insufficient. This is especially true if it is clear to the Court that no relief could be granted under any set of facts that could be proved consistent with the allegations. **Township of West Orange v. Whitman, 8 F.Supp.2d 408 (D.C.N.J. 1998)** As stated in one court, a motion under this Rule is a ". . . form of legal triage, a pairing of viable claims from those doomed by law." **Lebron v. Ashford Presbyterian Community Hosp., 995 F.Supp. 241 (D.C. Puerto Rico 1998)**

In this case, the Plaintiff's Complaint, as stated above, is so devoid of specific allegations which might constitute the basis for a claim for relief that it must fail. Examining the applicable state law, there is not even a threadbare basis for the allegations of any of the Counts set forth in the Complaint.

In order to present a case for intentional interference with contractual rights, a Plaintiff must prove (as well as allege) that there was some action on the part of the Defendant to induce one of the parties to a contract to break that contract, if the Defendant knew or had notice of the existence of that contract. **Ryan, Elliott & Co., Inc. v. Legatt, McCall & Werner, Inc., 8 Mass. App. Ct. 686, 396 NE2d 1009 (1979)** Here, there is only an assumption that the Defendant knew of the existence of the contract. However, absent any publication of that fact, chargeable to the Defendant, it strains credulity to assume that the Defendant knew of the contract's existence (see Affidavit of Michael Breton in support hereof and attached hereto).

Further, a Plaintiff is required to **plead** and prove that the Defendant's conduct was improper or was by improper means. **United Truck Leasing Corp. v. Geltman, 406 Mass. 811 551 NE2d 20 (1990) superseding 26 Mass. App. Ct. 847, 533 NE2d 647 (1989)** In its Complaint, there is no attempt to plead any actions on the part of the Defendant that are improper or conducted by improper means. There is an allegation of motive, but nothing to substantiate that assertion or allow for any reasonable inference to that effect.

The suggestion that the Defendant intentionally interfered with the Plaintiff's advantageous business relations must likewise fail. In order to support a claim under this tort theory, the Plaintiff must prove that there was some illegal means employed to induce a third person to contract with the Plaintiff. See **Shinsky v. Tracey, 226 Mass. 21, 114 NE 957 (1917); A.T. Stearns Lumber Co. v. Howlett, 260 Mass. 45, 157 NE 82 (1927) and Simon v. Schwachman, 301 Mass. 573, 18 NE2d 1 (1938)** Once again, there are no statements of fact that would support this requirement. No allegations are made that Michael Breton or his employees, agents or business invitees performed any acts in connection with this Plaintiff.

The nature of the relationship between the parties is also a focus of the alleged tort. In order to support their claim, the Plaintiff is required to show some relationship between the parties that would amount to a charge of knowledge of the Plaintiff's business relationships. **Morasse v. Brochu, 151 Mass. 567, 25 NE 74 (1890)** Here there is no support for the contention that this Defendant knew or should have known about some business relationship between the Plaintiff and some other entity. The parties in all of the proceedings were Konover and Home Depot, neither of whom had commenced any actions against the Defendants.

Another basis for the Plaintiff's claim might be malice. This is a requirement to support the tort alleged. **Pino v. Trans-Atlantic Marine, Inc., 358 Mass. 498, 265 NE2d 583 (1970)** In this instance, there is no scintilla of an allegation that the Defendant engaged in any conduct which rose to the level of maliciousness.

The final element required of the Plaintiff is that there must be actual damage. **Morochnick v. Quigley, 17 Mass. App. Ct. 1035, 461 NE2d 1224 (1984) review denied 392 Mass. 1102, 465 NE2d 261 (1984), appeal after remand 394 Mass. 651, 476 NE2d 967 (1985)** The courts have required that the allegation be of actual and not speculative damage. Here the Plaintiff alleges that there was damage, there is no allegation of any nature that the relationship with Home Depot (the basis of their claim) has been terminated or otherwise repudiated. Absent that showing the Complaint fails.

With respect to the allegations under M.G.L. c. 93A, the mere assertion that the Defendant is engaged in trade or commerce is insufficient. To simply set forth the conclusion that the Defendant is guilty of actions which are violative of the statute is not sufficient to sustain their Complaint. The Defendant is simply not charged with any actions that would rise to a level of rascality in the rough and tumble world of business that would attach liability under the statute. The Defendant did nothing other than engage in trade and commerce. These actions were not violative of G.L. c. 93A. **Nei v. Burley, 388 Mass. 307, 446 NE2d 674 (1983)**

The Plaintiff does recite two allegations in its Complaint that might be construed to have some factual basis. In paragraphs 29 and 31, they suggest that there was some impropriety on the part of the Defendant in providing legal fees in behalf of the Westfield residents. Even if that allegation is taken as true, it is not improper to do so under applicable Rules of Professional Conduct. Rule 1.8 of the Massachusetts Rules of Professional Responsibility permits an attorney to accept compensation from a third party so long as the client consents after consultation and there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship and information relating to representation of a client is protected as required by Rule 1.6 of the same Rules. In the underlying case, the Westfield residents involved acknowledged in writing that they understood that fees and expenses were being born by a third party (see Exhibit A attached hereto).

## AUTHORIZATION

I/We Joseph B. & Teresa K. Mitchell of 153 Munger Hill Rd Westfield, MA 01085, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: April 17, 2003

_____
Signature

Joseph B. Mitchell
Printed Name

_____
Signature

Teresa K. Mitchell
Printed Name

## AUTHORIZATION

I/(We) C. David & JEAN M. TRADER of 160 MUNGER HILL RD, WESTFIELD, MA, 01085, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: APRIL 17, 2003

C. David Trader
Signature
C. DAVID TRADER
Printed Name

Jean M. Trader
Signature
JEAN M. TRADER
Printed Name

## AUTHORIZATION

I/We __Donald Gove__ of __106 Court St.__ __Westfield, MA__, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: __4-22-03__

_____
Signature

__Donald Gove__
Printed Name

_____
Signature

_____
Printed Name

# AUTHORIZATION

I/We  Mark D. Siebert  of 56 Klondike Ave., Westfield, MA. , hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated:  April 22, 2003

_____
Signature

Mark Siebert
_____
Printed Name


_____
Signature

_____
Printed Name

## AUTHORIZATION

I/We ____BRIAN BURKE____ of __3 Lois St.,__ __Westfield, MA.__, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: __April 22, 2003__

__B. Bk__
Signature

__BRIAN BURKE__
Printed Name

_____
Signature

_____
Printed Name

## AUTHORIZATION

I/We _ZYG AND DIANE WINIARSKI_ of _WESTFIELD MASSACHUSETTS_, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: _April 18, 2003_

_____
Signature
ZYG WINIARSKI
Printed Name

_____
Signature
Diane M. Winiarski
Printed Name

165 Munger Hill Rd
Westfd, MA

524-0761

## AUTHORIZATION

I/We <u>Michel Breton</u> of <u>1162 E. Mountain Rd.,</u> <u>Westfield, MA.</u>, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: <u>April 22, 2003</u>

_____
Signature

_____
Printed Name

_____
Signature

_____
Printed Name

# AUTHORIZATION

I/We <u>Michael Rowe</u> of <u>136 Loomis St.,</u> <u>Westfield, MA.</u>, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: <u>April 22, 2003</u>

_____
Signature

<u>Michael Rowe</u>
Printed Name

_____
Signature

_____
Printed Name

## AUTHORIZATION

I/We __Mary A. + Bradford B. Moir__ of __203 Westin Ave.__
__Westfly, MA 01085__, hereby agree and authorize Attorney William J. Pudlo to represent me/us in the request for departmental action (appeal) by the DEP regarding the proposed Home Depot project.

I/We agree and understand that this is at no cost, either attorney's fees or expenses and that such is being paid by other persons and third parties.

Dated: __4/7/03__

_____
Signature

__Bradford B. Moir__
Printed Name

_____
Signature

__MARY A. MOIR__
Printed Name

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case #04-30170-MAP

| | |
|---|---|
| WESTFIELD EAST MAIN )<br>STREET LLC, Plaintiff )<br>)<br>v. )<br>)<br>)<br>C. DAVID TRADER, )<br>JEAN M. TRADER, )<br>JOSEPH B. MITCHELL, )<br>TERESA K. MITCHELL, )<br>DONALD GOVE, )<br>MARK D. SIEBERT, )<br>BRIAN BURKE, )<br>MICHAEL BRETON, )<br>BRADFORD MOIR, )<br>MARY MOIR, )<br>INTERSTATE BUILDING )<br>SUPPLY, INC., and )<br>LUMBER CENTER, INC., )<br>Defendants ) | <br><br><br><br><br><br><br><br><br><br>AFFIDAVIT OF MICHAEL BRETON<br>IN SUPPORT OF DEFENDANT'S MOTION<br>TO DISMISS |

I, Michael Breton do hereby depose and say that:

1. I am an individual with a usual place of residence at East Mountain Road, Westfield, Massachusetts.

2. I am a principal of the corporation known as Lumber Center, Inc., which does business at 44 Broad Street, Westfield, Massachusetts.

3. Between March 1, 2003 and the present date neither I nor any of my employees have had any contact with any representatives of the Plaintiff, Westfield East Main Street LLC.

4. In my individual capacity I was one of the residents of the City of Westfield who sought a Superseding Order of Conditions and the subsequent administrative and Superior Court proceedings thereafter in connection with the application of Konover Development Corp. for a wetlands permit.

5. Neither I nor any of my employees have, to the best of my knowledge, made any malicious or otherwise intentionally deceptive statements to any parties regarding the Plaintiff in this action.

6. I am unaware of any customers of the Plaintiff that may have come to my place of business, and I have not made any efforts to directly or indirectly contact any of the individuals or entities that I knew to be customers of the Plaintiff.

7. I have not engaged in any unlawful means to interfere in any manner with the Plaintiff as I had no knowledge of the Plaintiff's contractual relationships.

The foregoing statements are true to the best of my information and belief and made under the penalties of perjury.

Dated: September 22, 2004

Michael Breton