# Exhibit 1

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                             SUPERIOR COURT
                                                         C.A. 03-1085

---

C. DAVID TRADER and JEAN M. TRADER,       )
JOSEPH B. MITCHELL and TERESA K.          )
MITCHELL, DONALD GOVE, MARK D.            )
SIEBERT, BRIAN BURKE, MICHALE BRETON,     )
BRADFORD MOIR AND MARY MOIR,              )
                                          )
            Plaintiffs,                   )
                                          )
v.                                        )
                                          )
ROBERT W. GOLLEDGE, JR., Commissioner     )
Executive Office of Environmental Affairs, and )
EXECUTIVE OFFICE OF ENVIRONMENTAL         )
AFFAIRS, DEPARTMENT OF                    )
ENVIRONMENTAL PROTECTION,                 )
                                          )
            Defendants,                   )
                                          )
and                                       )
                                          )
KONOVER DEVELOPMENT CORPORATION           )
and HOME DEPOT USA, INC.,                 )
                                          )
            Intervenor Defendants.        )
                                          )

---

## AFFIDAVIT OF JOSEPH B. MITCHELL

I, Joseph B. Mitchell hereby depose and state:

1.    I reside at 153 Munger Hill Road, Westfield, Massachusetts. I have personal knowledge of the matter set forth herein.

2.    In or around April 2003, I was approached by my neighbor, C. David Trader, who is a friend of the Battistoni family, the owners of Interstate Building Supply, Inc. in Southwick, Massachusetts.

3.  Mr. Trader asked me to sign a petition to prevent the development of a Home Depot in Westfield, Massachusetts. He told me that he wanted to help out Interstate Building Supply, Inc., which was not only owned by his friend, but which had, in the past, assisted his employer in their endeavors. Because I had environmental concerns about the project, and as a favor to my neighbor, I agreed to sign the petition.

4.  I later learned that a group of ten Westfield residents, including myself and my wife, lost our petition to the Department of Environmental Protection to prevent the development of the Home Depot, and was appealing to the Superior Court for a review of the decision of the Commissioner of the Department of Environmental Protection (the "DEP") (the "Litigation").

5.  By letter dated February 5, 2004, William Pudlo, the attorney representing the ten residents of Westfield, wrote to the ten residents of Westfield informing us that the DEP had ruled against us, and inquiring as to how we wished to proceed. The letter stated that a meeting would take place at Bradford Moir's office on February 16th. It was my wife's and my intention to leave the group at this meeting. Two days prior to the scheduled meeting, it was canceled. I waited for the meeting to be rescheduled so that I could inform the group that we were leaving. The meeting was never rescheduled.

6.  On March 22, 2004, my wife and I wrote to Attorney Pudlo and stated:

> We are writing to inform you that we have pursued the Westfield Home Depot / Massachusetts Department of Environmental Protection issues as far as we want to take this matter. We no longer want to be part of the group pursuing this action. Therefore, effective immediately, we withdraw from the group. We trust that you will inform all interested parties.

See Letter dated March 22, 2004, attached hereto as Tab A.

7.  On April 1, 2004, I left a message on Attorney Pudlo's answering machine to confirm his receipt of our March 22nd letter. I did not receive a return call. On April 5, 2004, I left another message for Attorney Pudlo. Later that day, I spoke to Attorney Pudlo, who

2

informed me that he received the letter and understood that we were no longer a part of the Litigation, but told me that because we were initially a part of the Litigation, our names still needed to be included in the case caption. I asked him specifically if there was any way to get our names removed from the action or the caption and he said, "No." He told me that it would not affect our rights.

8. I now understand that the Superior Court affirmed the decision of the DEP, and that Attorney Pudlo filed a Notice of Appeal on July 19, 2004, allegedly on my behalf. I did not authorize Attorney Pudlo to file a Notice of Appeal on my behalf.

9. In early August, I learned from a newspaper article that Home Depot might pursue a countersuit. On August 3, 2004, I called Attorney Pudlo and left a message asking him to return my call and confirm that my wife and I were not, and would not be, named in any sort of countersuit.

10. On August 6, 2004, I called Attorney Pudlo again, and he told me that Home Depot would not be filing a countersuit, but had merely threatened to seek an appeal bond. He confirmed that my wife and I were no longer a part of the Litigation and assured me that neither my wife nor I would be affected by Home Depot's request for an appeal bond. When I questioned him about the newspaper report which had mentioned both my wife and me, he told me that the reporter is known for not having his facts straight.

11. On or about September 2, 2004, I read in the newspaper that Home Depot and/or Konover Development Corporation planned to pursue a federal action, naming my wife and me, and others, as individual defendants, and seeking greater than seventy five thousand dollars in damages due to the delay of the Home Depot development. I immediately called the reporter who wrote the article, told him that my wife and I were no longer involved in the Litigation and

3

had not been for some time, and asked him where he got his facts. He said that according to the court papers, we were still involved in the Litigation.

12. On the morning of September 3, 2004, I called Attorney Pudlo and left a message asking him why, if I was no longer in the Litigation, I was going to be named in a countersuit. I also asked him to send me Home Depot's request for a bond and any documents he had related to the federal court lawsuit. I told him that I no longer believed that he was representing the interests of my wife and me, and that I might need to seek counsel.

13. Later that morning, Attorney Pudlo returned my call. He left me a message stating that he would send me the requested materials; that although a federal lawsuit had probably been filed, no one had been served and that it was likely filed as a bullying tactic. He admitted that my wife and I had "opted out" and informed me that the group would hold a meeting next week about how best to proceed. He said that he would be in the office on Saturday from 2:00-4:00 pm if I wanted to contact him.

14. At approximately 1:30 pm on September 3, 2004, I was served with a Federal Court summons and complaint filed by Westfield East Main Street LLC. I immediately called Attorney Pudlo and left him a message informing him that I had been served and would call him back Saturday between 2:00 and 4:00 pm. Realizing that Attorney Pudlo was not acting in my interests, my wife and I ultimately decided not to call him on Saturday.

15. My wife and I are not a part of this Litigation. We instructed Attorney Pudlo that we were withdrawing from the Litigation on March 22, 2004. He did not follow our instructions. We certainly never authorized him to pursue an appeal on our behalf.

Signed under the pains and penalties of perjury this 10TH day of September 2004.

_____
Joseph B. Mitchell

4

"A"

Mr. and Mrs. Joseph B. Mitchell
153 Munger Hill Rd.
Westfield, MA 01085
March 22, 2004


Mr. William J. Pudlo
7 Park Drive
P.O. Box 676
West Springfield, MA 01090


Dear Mr. Pudlo,

We are writing to inform you that we have pursued the Westfield Home Depot / Massachusetts Department of Environmental Protection issue as far as we want to take this matter. We no longer wish to be part of the group pursuing this action. Therefore, effective immediately, we withdraw from the group.

We trust you will inform all the interested parties.

Thank you for your help in this matter.


Joseph B. Mitchell                                    Teresa K. Mitchell