# Exhibit 3

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                         SUPERIOR COURT
                                                     C.A. 03-1085

| | |
|---|---|
| C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHALE BRETON, BRADFORD MOIR AND MARY MOIR, <br><br>    Plaintiffs, <br><br>v. <br><br>ROBERT W. GOLLEDGE, JR., Commissioner Executive Office of Environmental Affairs, and EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS, DEPARTMENT OF ENVIRONMENTAL PROTECTION, <br><br>    Defendants, <br><br>and <br><br>KONOVER DEVELOPMENT CORPORATION and HOME DEPOT USA, INC., <br><br>    Intervenor Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **AFFIDAVIT OF MARK D. SIEBERT**

I, Mark D. Siebert, hereby depose and state:

1. I reside at 51 Barbara Street, Westfield, Massachusetts. I have personal knowledge of the matter set forth herein.

2. I am a contractor in Westfield, Massachusetts. In or around early 2003, I was approached by Michale Breton, the owner of Lumber Center, Inc., a company with whom I do some business.

3. Mr. Breton asked me to sign a petition to prevent the development of a Home Depot in Westfield, Massachusetts. I was not informed of any environmental issues associated with the development of the Home Depot project. I agreed to sign the petition, however, because for personal reasons wholly unrelated to any supposed environmental concerns, I did not want a Home Depot in Westfield.

4. When I signed the petition, I was not informed that the issue could reach the courts and grow to such magnitude.

5. After signing the petition, I never spoke with a lawyer representing the petitioners, I never attended any meetings regarding the petition, and I never received any updates about the status of the proceedings. I only learned the status of the efforts by reading the newspaper. I followed the case enough to know that the petitioners had lost at all stages in the administrative process.

6. In mid to late July 2004, I learned, through an article in the newspaper, that Attorney Pudlo had filed an appeal on behalf of the original ten petitioners in the Massachusetts Appeals Court. I never authorized Attorney Pudlo to file an appeal on my behalf.

7. I sent a letter dated July 25, 2004 to Attorney Pudlo stating that I wanted nothing to do with the appeal. I never told Attorney Pudlo that I felt threatened or was afraid of retaliation. See Letter dated July 25, 2004, attached hereto as Tab A. I stated, in part,

> It has come to my attention that you have filed a notice of appeal in Hampden Superior Court. This is the eighth appeal with us loosing (sic) each of the previous seven over the last couple years. I may be wrong, but I believe this eighth appeal will end with the same result as the last seven and this outcome could cost us all due to the most certain request for a bond his time, which I also believe will be granted by the court.
>
> I very much believe that having a Home Depot in this town is not going to benefit anyone but only hurt the business owners who will have to compete with the home improvement giant. . . .

2

> In light of all my reasons for not wanting another home improvement super store built I also believe it will not be stopped and will eventually happen. For this reason, and the loss of seven previous appeals, I feel it has gone far enough and I want you to take my name off the list of people opposing the construction of the Westfield Home Depot. I do not want a connection to any further action that the other nine clients may want to take including this latest appeal to the Hampden Superior Court.

See Tab A.

8. Having received no response to my July 25th letter, on August 10, 2004, I re-sent it to Attorney Pudlo, by certified mail return receipt requested. See Letter dated August 10, 2004, attached hereto as Tab B. Attorney Pudlo signed for the letter, see Tab C, yet never responded to it. I never spoke to Attorney Pudlo.

9. I am no longer a part of this Litigation. I instructed Attorney Pudlo that I was withdrawing from the Litigation in my letter dated July 25, 2004. I presumed that he had removed my name from the Litigation at that time. He did not. In fact, it was not until September 14, 2004 that Attorney Pudlo finally filed a Notice of Withdrawal on my behalf.

Signed under the pains and penalties of perjury this 20 day of September 2004.

_____
Mark D. Siebert

"A"



**M.D. SIEBERT RENOVATIONS & WOODWORKING**
Mark D. Siebert
51 Barbara St.
Westfield, MA 01085
Reg. #125751

Telephone 413-568-4320

July 25, 2004

William J. Pudlo, P.C.
7 Park Dr.
West Springfield, MA 01090

Re: Home Depot

Dear Mr. Pudlo,

    It has come to my attention that you have filed a notice of appeal in Hampden Superior Court. This is the eighth appeal with us loosing each of the previous seven over the last couple years. I may be wrong, but I believe this eighth appeal will end with the same result as the last seven did and this outcome could cost us all due to the most certain request for a bond this time, which I also believe will be granted by the court.

    I very much believe that having a Home Depot in this town is not going to benefit anyone but only hurt the business owners who will have to compete with the home improvement giant. As a contractor in the area, I am also not happy with the way home depot saturates the local community with substandard building materials. For this reason along with many requests from my customers not wanting Home Depot materials used in their homes, I will continue to support my local businesses for all my building materials.

    In light of all my reasons for not wanting another home improvement super store built I also believe it will not be stopped and will eventually happen. For this reason, and the loss of seven previous appeals, I feel it has gone far enough and I want you to take my name off the list of people opposing the construction of the Westfield Home Depot. I do not want a connection to any further actions that the other nine clients may want to take including this latest appeal to the Hampden Superior Court.

    Thank you in advance for your attention to this matter.

Very truly yours,

Mark D. Siebert

"B"



# M.D. SIEBERT RENOVATIONS & WOODWORKING
Mark D. Siebert

51 Barbara St.
Westfield, MA 01085
Reg. #125751

Telephone 413-568-4320

August 10, 2004

William J. Pudlo, P.C.
7 Park Dr.
West Springfield, MA 01090

Re: Home Depot

Dear Mr. Pudlo,

    I am re sending a copy of a letter I had mailed July 25, 2004. I had never received a reply acknowledging receipt of this letter so this is why I am sending it again but Certified mail with signed return receipt.

    Any questions you may have regarding this matter please feel free to contact me here at my office.

Very truly yours,

Mark D. Siebert

"C"

