UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTFIELD EAST MAIN STREET LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> C. DAVID TRADER and JEAN M. TRADER, ) <br> DONALD GOVE, BRIAN BURKE, ) <br> MICHALE BRETON, BRADFORD MOIR, ) <br> MARY MOIR, INTERSTATE BUILDING ) <br> SUPPLY, INC. and LUMBER CENTER, INC., ) <br> ) <br> Defendants. ) <br> ) | Civil Action <br> No. 04-30170-MAP |

PLAINTIFF'S OPPOSITION TO DEFENDANTS
INTERSTATE BUILDING SUPPLY, INC.'S AND
LUMBER CENTER, INC.'S MOTION TO DISMISS

Plaintiff Westfield East Main Street LLC ("Westfield") brought this action to recover damages caused by defendants' wrongful and malicious use of sham litigation to interfere with Westfield's contractual and business relationship with Home Depot USA, and to impede, delay and prevent the development of a Home Depot store in Westfield, Massachusetts. Interstate Building Supply, Inc. ("Interstate") and Lumber Center, Inc. ("Lumber Center") are businesses that compete with Home Depot. Westfield contends that Interstate and Lumber Center persuaded friends, neighbors and employees to join them in a coordinated effort to prevent the Home Depot development. Interstate and Lumber Center funded the sham litigation in an effort to avoid competition from Home Depot. This is precisely the type of unscrupulous conduct proscribed by Mass. Gen. L. c. 93A.

Defendants Interstate and Lumber Center have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) by attacking Westfield's factual allegations. A motion to dismiss is not the proper vehicle to determine the truth of the facts alleged. See Wagner v. Devine, 122 F. 3d 53, 55 (1st Cir. 1997) (the allegations of the complaint, as well as such inferences that may be drawn from it in the plaintiff's favor, are to be taken as true). Rather, Fed. R. Civ. P. 12(b)(6) tests the sufficiency of the pleading themselves. Westfield has alleged facts sufficient to support each of its claims. Accordingly, Interstate's and Lumber Center's Motions to Dismiss should be denied. See Fed. R. Civ. P. 12(b)(6); Wagner, supra at 55 (a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief).

## FACTS ALLEGED IN COMPLAINT

### A. Prior Proceedings

On or about February 15, 2003, Konover Development Corporation ("Konover"), acting as an agent on behalf of Westfield LLC, filed a Notice of Intent with the Westfield Conservation Commission (the "Commission"), seeking a wetlands permit under Mass. Gen. L. c. 131, §40 for its proposed redevelopment of property at 514 East Main Street, Westfield (the "Proposed Development"). See Complaint, ¶16. The Commission conducted a public hearing on the Notice of Intent on March 25, 2003 and, that night, issued an Order of Conditions for the Proposed Development. Id., ¶17. The Commission sent an Order of Conditions to the applicant by certified mail on March 26, 2003. Id. On March 30, 2003, the Commission issued a Corrected Order of Conditions that made two clerical corrections. Id. On the transmittal letter issued with the Corrected Order of Conditions, the Commission expressly stated that the

corrections "Do Not Effect the conditions ordered by the Westfield Conservation Commission nor the issuance date of 3/25/03 as they address clerical matters only." Id.

On April 11, 2003, a petition was hand-delivered to the Department of Environmental Protection Western Regional Office (the "DEP"), purportedly on behalf of at least ten residents of the Town of Westfield, requesting that the DEP issue a Superseding Order of Conditions denying the project for failure to provide sufficient compensatory flood storage. See Complaint, ¶18. At least one of the original ten petitioners (the "Petitioners") was misled into joining the petition and withdrew. Petitioners substituted another petitioner. See id. On April 15, 2003, the DEP denied the request of the Petitioners as untimely under 310 CMR 10.05(7), which requires the filing of a request within ten (10) days after the date of issuance of the Order of Conditions. See id., ¶19.

On April 28, 2003, the Petitioners appealed the DEP's decision to its Office of Administrative Appeals (the "DEP Appeal"). See Complaint, ¶20. On August 8, 2003, the Commissioner of the DEP dismissed the appeal for lack of jurisdiction based on the untimeliness of Petitioners' request, and denied the Petitioners' Motion for Reconsideration of that decision on October 7, 2003. See id., ¶¶17-18 (sic).[1] Each of the Petitioners is either an employee, long-standing customer, friend of the owner, or member of the board of directors of Interstate and/or Lumber Center. See id., ¶19 (sic). Petitioner Mary Moir is the wife of Interstate's director and officer, petitioner Bradford Moir. Interstate and/or Lumber Center funded the Petitioners' DEP Appeal. See id., ¶20 (sic).

The Petitioners filed a complaint pursuant to Massachusetts General Laws c. 30A on November 5, 2003, seeking administrative review of the DEP's decision denying their request

---

[1] The Complaint was mis-numbered and thus contained two sets of allegations numbers 17 through 20.

for a Superseding Order based on the untimeliness of the request (the "Administrative Review"). See Complaint, ¶21. The Court permitted Konover and Home Depot to intervene as party-defendants in that action pursuant to G.L. c. 30A, §14(2) and Mass. R. Civ. P. 24(a). See Complaint, ¶¶22-24. On January 29, 2004, Konover served a Motion for Judgment Affirming Agency Decision Pursuant to Mass. Gen. L. c. 30A. Id., ¶25. Home Depot and the Commonwealth joined in that motion. Id. Petitioners opposed the motion and, on February 26, 2004, filed a motion for leave to take discovery and to supplement the administrative record (the "Discovery Motion") which, if allowed, would have substantially delayed adjudication of the action. Id., ¶26.

On March 10, 2004, the Court heard argument on the Motions for Judgment Affirming Agency Decision. See Complaint, ¶27. At that time, the Parties all believed that the Discovery Motion was still pending. Id. At the hearing, Petitioners' counsel stated that if the Court denied their Discovery Motion, and thus, if the record was not supplemented with further evidence, then the agency decision would have to be affirmed. Id. Thereafter, the Court announced that another judge had, in fact, denied the Discovery Motion. Id. The Court gave the Petitioners the opportunity to move for reconsideration of that decision, agreeing not to rule on the Motion for Judgment Affirming Agency Decision until the Discovery Motion was finally resolved. Id.

On April 28, 2004, the Court denied the Petitioners' Motion for Reconsideration of the Discovery Motion. See Complaint, ¶28. By Memorandum and Decision dated May 18, 2004, the Court affirmed the agency decision and entered judgment to that effect on June 21, 2004. Id. The Petitioners purportedly filed a Notice of Appeal on July 19, 2004. Id., ¶30. Lumber Center and Interstate funded the Administrative Review and are now funding the Petitioners' efforts at the appellate level (the "Appeal"). Id., ¶¶29, 31.

B.     **Alleged Tortious Conduct**

Westfield entered into a contract with Home Depot for the sale of property at 514 East Main Street, Westfield, Massachusetts. See Complaint, ¶32. At all relevant time, the defendants were aware of the contractual and business relationship between Westfield and Home Depot. Id., ¶33. Petitioners' appeal, which is being funded by Interstate and Lumber Center, is frivolous, objectively baseless, and a sham. It was commenced to delay, frustrate and/or prevent the Home Depot development. See id., ¶¶34-35. The petitioners are not motivated by legitimate environmental concerns in challenging the Home Depot development but, rather, seek to avoid the increased competition that Home Depot would provide to defendants Interstate and Lumber Center. See id., ¶36. Defendants seek to delay and/or stop the Home Depot development by maliciously interfering with Westfield's contractual and advantageous business relationship with Home Depot. Id. As a consequence of Defendants' unfair and malicious acts and conduct, and the delays caused thereby, Westfield has sustained damages. Id., ¶37.

## ARGUMENT

I.    **DEFENDANTS CANNOT RELY ON FACTS OUTSIDE OF THE COMPLAINT TO SUPPORT ITS MOTION TO DISMISS.**

In support of their motion to dismiss, Defendants attempt to challenge the veracity and accuracy of the allegations set forth in the Complaint through the affidavit of Richard Battistoni, a principal of Interstate, and Michael Breton, a principal of Lumber Center. A Motion to Dismiss is not the vehicle to challenge factual allegations. Indeed, on a Motion to Dismiss, the Court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff. Albright v. Oliver, 510 U.S. 266 (1994). See also G. E. Capital Mortgage Services v. Estate of Lugo, 319 F. Supp. 2d 127, 130 (D. Mass. 2004) (in considering a Rule 12(b)(6) motion to dismiss, a court should not decide questions of fact, but rather it must view

the facts present in the pleadings and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party). There is no place in this analysis for consideration of extraneous affidavits. Accordingly, the court should disregard Defendants' affidavits.[2]

## II. PLAINTIFF HAS MET ITS BURDEN OF PLEADING A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT.

To state a claim for tortious interference with contract, a plaintiff must allege: (1) the existence of a contract with another person; (2) that defendant knew of the contract; (3) that defendant improperly interfered with the contract; and (4) damages. United Truck Leasing Corp. v. Geltman, 406 Mass. 811 (1990); Owen v. Williams, 322 Mass. 356, 360 (1948). Westfield has met this burden. Westfield has pled the existence of a contract with Home Depot. See Complaint, ¶ 32. It has also alleged that at all relevant times, Defendants were aware of Westfield's contractual relationship with Home Depot. See id., ¶ 33. Westfield has pled that Interstate and Lumber Center improperly interfered with the contract. See id., ¶ 36. Westfield has alleged that it incurred damages as a result. See id., ¶ 37. On these allegations, the motion to dismiss should be denied. See G. E. Capital Mortgage, supra (in considering a Rule 12(b)(6) motion to dismiss, a court should not decide questions of fact, but rather it must view the facts present in the pleadings and all reasonable inferences to be drawn therefrom in the light most favorable to the nonmoving party).

Defendants argue that they lacked knowledge of Westfield's contractual relationship with Home Depot and, citing Ryan, Elliot & Co. v. Legget McCall & Werner, Inc., 8 Mass. App. Ct. 686 (1979), argue that "absent any publication of that fact, chargeable to the Defendant, it strains

---

[2] To consider the affidavits at this stage would require the court to convert the motion to dismiss into a motion for summary judgment. C.B. Trucking Inc. v. Waste Management, Inc., 137 F.3d 41, 42 (1st Cir. 1998). It is premature to decide this case at this stage as no discovery has occurred. See generally Fed. R. Civ. P. 56(f).

incredulity to assume that [] Defendant[s] knew of the contract's existence." This argument is misplaced for three reasons.

First, on a Motion to Dismiss, the Court must take all allegations as true, and determine whether, based on such allegations, plaintiff states a claim for which relief can be granted. <u>G.E. Capital</u>, 319 F. Supp. at 130. Defendants' attempts to challenge the merit of such factual allegations are not permitted on a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Second, Defendants argue that <u>Ryan</u>, <u>supra</u>, stands for the proposition that to survive a motion to dismiss, Plaintiff must prove publication of the existence of a contract between it and Home Depot chargeable to Defendant. The <u>Ryan</u> case concerned a Mass. R. Civ. P. 41(b)(2) motion filed by the defendant *after* the plaintiff completed its presentation of the evidence. It is inapplicable, both procedurally and factually, to the circumstances here.

Third, Westfield's allegation that Lumber Center and Interstate knew of the relationship between Westfield and Home Depot is well-founded and credible. Although Konover Development Corporation was the entity that applied to the Westfield Conservation Commission for an Order of Conditions, Defendants knew that Westfield was listed as the owner of the property. <u>See</u> Defendants' Motions to Dismiss, p. 2. Defendants knew that upon issuance of all required permits, a Home Depot store was to be constructed on the property owned by Westfield. Under the circumstances, it defies common sense for Defendants to argue that they lacked any knowledge of the contractual relationship with Home Depot.

Defendants argue that "[i]n its Complaint, there is no attempt to plead any actions on the part of the Defendant that are improper or conducted by improper means." <u>See</u> Defendants' Motions to Dismiss, p. 5. Defendants have ignored paragraphs sixteen (16) through thirty seven (37) of the Complaint, which comprehensively set out the course of improper means utilized by

the Defendants in an effort to interfere with Westfield's contractual relationships with Home Depot and achieve the ultimate goal of delaying and/or preventing the Home Depot development. Westfield alleges that Defendants willfully and maliciously funded and coordinated the complaints and administrative proceedings to prevent the development of a Home Depot store that would compete with them, thereby interfering with Home Depot's ability to consummate the purchase of Westfield's property for the purpose of building a Home Depot. See Complaint, ¶ 36. These allegations amply state a cognizable claim. See G.S. Enterprises, Inc. v. Falmouth Marine, Inc., 410 Mass. 262 (1991). ("a civil action is wrongful if its initiator does not have probable cause to believe the suit will succeed, and is acting primarily for a purpose other than that of properly adjudicating his claims"). Westfield has pled that the delays due to Defendants' acts and conduct have caused it to suffer damages. See Complaint, ¶ 37. Westfield has sufficiently pled the elements of tortious interference with contract.

III.   **PLAINTIFF HAS MET ITS BURDEN OF PLEADING A CLAIM FOR TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS.**

Westfield has also sufficiently pled its claim for tortious interference with advantageous business relationships. To state such a claim, a plaintiff must plead: (1) a business relationship; (2) defendant's knowledge of such relationship; (3) defendant's intentional and malicious interference with the business relationship; and (4) plaintiff's loss of advantage directly resulting from the defendant's conduct. See Chumawa Country Golf, Inc. v. Wnuk, 9 Mass. App. Ct. 506 (1980); Walker v. Cronin, 107 Mass. 555 (1871). Contrary to Defendants' assertions, Westfield has alleged facts to support each of the elements for a claim of interference with advantageous relations.

Westfield has pled the existence of business relationship between it and Home Depot; that Defendants knew of this business relationship; that Defendants have intentionally and maliciously interfered with that relationship; and that as a result of Defendants' intentional and malicious interference with that relationship, Westfield has suffered damages. See Complaint, ¶¶ 32, 33, and 48. Defendants argue that "to support a claim [for intentional interference with advantageous business relations], the Plaintiff must prove that there was some illegal means employed to induce a third person to contract with the Plaintiff." See Defendants' Motions, p. 5. This argument is unintelligible, and finds no support in the cases Defendants cite for such a proposition.

Defendants also contend that Westfield "is required to *show* some relationship between the parties that would amount to a charge of knowledge of the Plaintiff's business relationships." See id., p. 5. Westfield has alleged that Defendants possessed knowledge of the business relationship between Westfield and Home Depot. Defendants' contention to the contrary is belied by their own admissions. Defendants admit they knew that although Konover Development Corporation was the entity that applied to the Westfield Conservation Commission for an Order of Conditions, Westfield was listed as the *owner* of the property. See Defendants' Motions to Dismiss, p. 2. They also knew that a Home Depot store was to be constructed on the property owned by Westfield. See Complaint, ¶ 36. Defendants may thus be charged with knowledge of the fact that there existed a business relationship between the owner of the property, Westfield, and Home Depot, the entity constructing a business on the property.

Defendants claim that Plaintiff has suffered no actual harm as a result of the Defendants' intentional interference with Plaintiff's advantageous business relations. This is untrue. Westfield has alleged that it has suffered damages caused from the delay of the Home Depot

development. Westfield has been unable to sell its land to Home Depot. Westfield been unable to use the land in any other productive way. Westfield's land therefore has sat idle while Defendants continue to block and delay any development or productive use of it.

### IV. PLAINTIFF HAS MET ITS BURDEN OF PLEADING A CLAIM FOR VIOLATION OF MASS. GEN. L. c. 93A.

To state a claim for unfair or deceptive acts in violation of Massachusetts General Laws chapter 93A ("c. 93A"), a plaintiff must allege: (1) standing as a person subject to the Act; (2) that defendant was engaged in commerce or trade; (3) that defendant used or employed an unfair or deceptive act or practice; and (4) damages. Mass. Gen. L. c. 93A, § 11. Westfield has pled facts to support each of the elements of Mass. Gen. L. c. 93A.

Westfield has alleged that Westfield and Defendants are persons engaged in trade or commerce, as defined by c. 93A. See Complaint, ¶¶ 51, 52. Further, Westfield alleges that Defendants organized and funded baseless litigation in an effort to prevent the development of a competing store in its neighborhood, and that, as a result of Defendants' unscrupulous and willful conduct and the delays in the development of the Home Depot caused thereby, Westfield has suffered and continues to suffer damages. See Complaint, ¶¶ 20, 29, 31, 34, 35, 36, 54, 55.

In summary, Defendants initiated, encouraged and financially supported sham litigation with the intent to delay the Home Depot project. Defendants knew that such delay would benefit them financially because it would prevent competition for however long it took to exhaust each and every superficial action. This conduct constitutes unfair or deceptive conduct under Mass. Gen. L. c. 93A.

## CONCLUSION

For the foregoing reasons, Westfield East Main Street LLC respectfully requests this Court to deny Defendant's motion to dismiss.

                                        WESTFIELD EAST MAIN STREET LLC

                                        By its attorneys,

                                        /s/ David A. Brown
                                        David A. Brown, BBO# 556161
                                        Pamela A. Zorn, BBO# 640800
                                        Sherin and Lodgen LLP
                                        101 Federal Street
                                        Boston, Massachusetts 02110

Dated: October 6, 2004                 (617) 646-2000