UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTFIELD EAST MAIN STREET, LLC,)
        Plaintiff     )
                          )
    v.                   ) C.A. NO. 04-30170-MAP
                          )
                          )
C. DAVID TRADER, ET AL,     )
        Defendants    )

<u>MEMORANDUM AND ORDER REGARDING
DEFENDANTS' MOTIONS TO DISMISS</u>
(Docket Nos. 18, 19, 20)

January 31, 2005

**PONSOR, U.S.D.J.**

    On January 28, 2005, counsel for the plaintiff appeared to present argument opposing the three motions to dismiss filed by the defendants. Defendants' counsel failed to appear, and the court proceeded to deny the motions to dismiss, without prejudice to a motion for reconsideration.

    The failure of defendants' counsel to appear is puzzling. The motions to dismiss were originally set for argument on December 17, 2004 at 2:00 p.m. Counsel for the defendants filed an emergency motion to continue the hearing, which was allowed, with the new argument date set for January 28, 2005 at 3:00 p.m.

    In any event, a review of the papers inclined the court, even before hearing argument, to deny the motions. Judge Lasker's decision in <u>Stuborn Ltd. Partnership v. Bernstein</u>,

245 F.Supp.2d 312 (D. Mass. 2003), persuasively held that the Massachusetts Anti-Strategic Litigation Against Public Participation ("Anti-SLAPP") statute, Mass. Gen. Laws ch. 231, § 59H, was procedural and therefore inapplicable in federal court under the principles established in <u>Erie v. Tompkins</u>, 304 U.S. 64 (1938), and its progeny.  Moreover, the arguments offered in support of dismissal for failure to state a claim appeared to incorporate evidence outside the four corners of the complaint.  The complaint on its face states a claim.  Although the defendants' motion for summary judgment following discovery may prove to be meritorious, dismissal at this stage would be improper.

    Based on the weakness of the defendants' Motions to Dismiss, and the failure of defendants' counsel to appear for argument, the court denied the motions.  The ruling, however, is without prejudice to a motion to reconsider filed by the defendants.  The court having now ruled on the Motions to Dismiss, the parties are ordered to submit a proposed scheduling order for completion of all pretrial proceedings within ten days.

    It is So Ordered.

                                      /s/ Michael A. Ponsor
                                      MICHAEL A. PONSOR
                                      U. S. District Judge