UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case #04-30170-MAP

WESTFIELD EAST MAIN )
STREET LLC, Plaintiff )
)
v. )
)
)
C. DAVID TRADER, )
JEAN M. TRADER, )
JOSEPH B. MITCHELL, ) DEFENDANTS' MOTION
TERESA K. MITCHELL, ) FOR PROTECTIVE ORDER
DONALD GOVE, ) AND CERTIFICATION OF
MARK D. SIEBERT, ) ATTEMPT TO RESOLVE
BRIAN BURKE, ) DISPUTES
MICHAEL BRETON, )
BRADFORD MOIR, )
MARY MOIR, )
INTERSTATE BUILDING )
SUPPLY, INC., and )
LUMBER CENTER, INC., )
Defendants )

The Defendants in the above-referenced action, hereby move, pursuant to F. R. Civ. P. 26 (c)(2), that the Court enter a protective order requiring that the deposition of the Defendants, C. David Trader, originally scheduled for February 14, 2005 at 10:00 a.m., Jean Trader originally scheduled for February 14, 2005 at 2:00 p.m., Michael Breton scheduled for February 15, 2005 at 10:00 a.m., Lumber Center, Inc. scheduled for February 15, 2005 at 2:00 p.m., Bradford Moir scheduled for February 16, 2005 at 10:00 a.m., Mary Moir scheduled for February 16, 2005 at 2:00 p.m., Richard Battistoni originally scheduled for February 17, 2005 at 10:00 a.m., Interstate Building Supply, Inc. originally scheduled for February 17, 2005 at 2:00 p.m. and Donald Gove scheduled for

February 18, 2005 at 10:00 a.m. be rescheduled in accordance with the tentative revised deposition schedule attached hereto, and further, that all of said depositions be conducted in Springfield or Westfield instead of Boston. As grounds for this motion, the Defendants, by their undersigned counsel, state as follows:

1. This is a business tort action arising from the exercise by the individual non-corporate Defendants (excepting Richard Battistoni) of their Constitutional right of petition relative to actions involving the application of the Massachusetts wetlands protection statute by the Westfield Conservation Commission, all of which occurred in Westfield;

2. All parties reside in Westfield or the local area and their counsel has his offices in West Springfield, except that Attorney Pamela Zorn and David Brown of Sherin & Lodgen, counsel retained by the plaintiff, Westfield East Main Street, LLC, the alleged landowner, maintain their offices in Boston;

3. The driving distance between the Westfield City Hall and the offices of Sherin & Lodgen in Boston is approximately 127 miles and the estimated driving time is in approximately two hours (depending upon traffic and construction conditions);

4. The parties and their counsel should not be required to travel to Boston simply because the Plaintiff, based in Farmington, Connecticut (less than 50 miles from Westfield), retained counsel located in Boston, despite having local Springfield Counsel for other aspects of this controversy between the parties;

5. The provisions of Rules 30 and 45 of the Rules of Civil Procedure are silent as to limitations on compelling parties' travel to attend a deposition. However, there is some indication that the framers of the Rules intended the Court to exercise its discretion

in weighing the request for protective orders. Non-party witnesses are not required to travel more than 100 miles to attend a deposition within the district where the action was brought under the provisions of Rule 45.

6. Further, the provisions of Local Rule 30.1(b), as applicable to witness subpoenas, designate Springfield as a "convenient place" for depositions of "any person" who resides in Berkshire, Franklin, Hampshire and Hampden Counties. Certainly this is some indication of where depositions for cases brought in the Western District are more properly to be conducted.

7. General rules have been fashioned by the Courts and applied in determining whether a protective order should issue in connection with a deposition. The issuance of any protective order is solely within the discretion of the Court. **Starlight International, Inc. v. Herlihy, 186 F.R.D. 626 (D. Kansas 1999)**

8. Plaintiffs are generally required to travel to the district where the action was commenced for their depositions. **United States v. Rock Springs Vista Development, 185 F.R.D. 603 (D. Nevada 1999)**

9. As a general rule, Defendants usually have their depositions conducted in places of their work or residence. **Rapoca Energy Company, L.P. v. Amci Export Corp., 199 F.R.D. 191 (W.D.Va 2001**

10. It is also generally held that the depositions of corporations are to be conducted where the corporation has its usual place of business. **Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333 (N.D. Ind. 2000)**

11. Even under local Massachusetts Rules of Civil Procedure, a judge must assess the competing interests of preventing "annoyance, embarrassment, oppression, or undue

burden or expense," see Mass. R. Civ. P. 26(c), with considerations of an efficient and just resolution of the action. <u>Wansong v. Wansong</u>, 395 Mass. 154, 478 N.E.2d 1270 (1985).

12. The protective order requested furthers the just and efficient resolution of the action and prevents the parties and their Springfield counsel from being subjected to the annoyance and undue burden and expense of multiple trips to Boston over a short period of time.

On the basis of the foregoing, the plaintiffs respectfully request, pursuant to F. R. Civ. P. 26 (c)(2), that the Court enter a protective order requiring that the depositions of the above named Defendants, scheduled as set forth above, be conducted according to the attached tentative revised deposition schedule attached hereto, and that the aforesaid depositions be conducted in Springfield or Westfield instead of Boston.

The Defendants,
by their Attorney,

[signature]
William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

## Certification of Counsel

I, William J. Pudlo, hereby certify, pursuant to Local Rule 37.1 that I have conferred by telephone and by facsimile transmission with opposing Counsel regarding the disputes in connection with the conduct of the depositions described in this pleading. Attached hereto are copies of the facsimile transmissions exchanged between respective Counsel in addition to the telephone conferences conducted since the Notices of Deposition were received on February 2, 2005.

## Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by mailing a copy of the same, postage prepaid, to Pamela A. Zorn, 101 Federal Street, Boston, Massachusetts 02110.

Dated: February 11, 2005

_____
William J. Pudlo

\win\word\HomeDepotfederalMotionforProtectiveOrder

LAW OFFICES OF
WILLIAM J. PUDLO, P.C.
P.O. BOX 676
WEST SPRINGFIELD, MASS. 01090
Telephone: (413) 739-4000
FAX: (413) 739-3620

## FAX COVER SHEET

Date: 2/10/05

Attention: Attorney Pamela A. Zorn

Company: Sherin & Lodgen, LLP

FAX Number: 617-646-2222

From: Bill Pudlo

Re: Westfield East Main Street, LLC v. Trader et al.

This transmission contains __2__ page(s), including this cover sheet. If you have not received the indicated number of pages, please call (413) 739-4000.

Pam,

I have not yet heard back from my clients individually, but I have reviewed my calendar and would propose a deposition schedule as I have tentatively outlined in the accompanying schedule. I believe it accomplishes a relatively "fast tracked" schedule without running a marathon next week. If these dates are acceptable, I will endeavor to get my clients to adhere to the schedule, however, as we all know, there may be some slight adjustments necessary as circumstances arise. However, I do not anticipate any substantial changes.

As we still cannot agree to Springfield or Westfield as the location, I will still file a motion for a Protective Order tomorrow morning. Thank you for your anticipated cooperation in this matter.

*Bill Pudlo*

**********CONFIDENTIALITY NOTICE**********
This information and the documents transmitted by this facsimile transmission are privileged and certain confidential information intended only for the above named party. Any other distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error please notify the above office immediately by telephone and return the entire transmission to us without making copies.

\win\word\HomeDepotfederalZornfax3

## Tentative Revised Deposition Schedule
## Westfield East main Street LLC v. Trader et al.

C. David Trader – February 28, 2005 at 10:00 a.m.
Jean Trader – February 28, 2005 at 12:00 Noon

Michael Breton – March 3, 2005 at 10:00 a.m.
Lumber Center – March 3, 2005 at 1:00 p.m.

Bradford Moir – March 10, 2005 at 10:00 a.m.
Mary Moir – March 10, 2005 at 12:00 Noon

Richard Battistoni – March 24, 2005 at 10:00 a.m.
Interstate Building Supply – March 24, 2005 at 1:00 p.m.

Donald Gove – March 29, 2005 at 10:00 a.m.

LAW OFFICES OF
## WILLIAM J. PUDLO, P.C.
P.O. BOX 676
WEST SPRINGFIELD, MASS. 01090
Telephone: (413) 739-4000
FAX: (413) 739-3620

## FAX COVER SHEET

Date: 2/8/05

Attention: Attorney Pamela A. Zorn

Company: Sherin & Lodgen, LLP

FAX Number: 617-646-2222

From: Bill Pudlo

Re: Trader et al v. Golledge

This transmission contains __1__ page(s), including this cover sheet. If you have not received the indicated number of pages, please call (413) 739-4000.

Pam,

I acknowledge receipt of your recent Discovery filing and deposition notices. I note that you have scheduled the depositions for your offices in Boston. Is there some way we can conduct them in Springfield for sake of convenience of travel for me and the deponents? I have conflicts on February 14th and 17th with other prescheduled matters relative to existing cases. I am under a Land Court order to meet with the City of Westfield Assistant Solicitor on the 14th to prepare a final Joint Pretrial Memorandum for filing by the 18th, so that date is a problem. On the 17th I am scheduled to be in Springfield District Court at 10:00 a.m. for a hearing and I am scheduled in Hampshire Superior Court at 2:00 p.m. on that date for a Pretrial Conference. Also, please keep in mind that I am on alert for trial in the land case I have in Franklin County, and I could be called any day after the 10th.

Please review your schedule and let me know if there are some alternate dates for the depositions that pose a conflict for my present court schedule. Thanks.

*[signature: Bill Pudlo]*

**********CONFIDENTIALITY NOTICE**********
This information and the documents transmitted by this facsimile transmission are privileged and certain confidential information intended only for the above named party. Any other distribution, copying or disclosure is strictly prohibited. If you have received this transmission in error please notify the above office immediately by telephone and return the entire transmission to us without making copies.

\win\word\HomeDepotfederalZornfax2

**Sherin AND Lodgen LLP**
Legal Precision and Innovation

Counsellors at Law
101 Federal Street  Boston, MA 02110
T: 617.646.2000  F: 617.646.2222
www.sherin.com

Pamela A. Zorn
Direct Dial: 617.646.2251
e-mail: pazorn@sherin.com

January 31, 2005

William J. Pudlo, Esq.
William J. Pudlo, P.C.
P.O. Box 676
West Springfield, MA  01090

Re: *Westfield East Main Street LLC v. C. David Trader, et al.*
U.S.D.C.; Civil Action No. 04-30170-MAP

Dear Mr. Pudlo:

I enclose the following Notices of Depositions:

- C. David Trader on February 14, 2005 at 10:00 a.m.
- Jean M. Trader on February 14, 2005 at 2:00 p.m.
- Michael Breton on February 15, 2005 at 10:00 a.m.
- Lumber Center, Inc. on February 15, 2005 at 2:00 p.m.
- Bradford Moir on February 16, 2005 at 10:00 a.m.
- Mary Moir on February 16, 2005 at 2:00 p.m.
- Richard Battistoni on February 17, 2005 at 10:00 a.m.
- Interstate Building Supply, Inc. on February 17, 2005 at 2:00 p.m.
- Donald Gove on February 18, 2005 at 10:00 a.m.

Please call me if you have any questions.

Very truly yours,

Pamela A. Zorn

PAZ:rs
Enclosures
cc: David A. Brown, Esq.

# Sherin AND Lodgen LLP
Legal Precision and innovation

Counsellors at Law
101 Federal Street Boston, MA 02110
T: 617.646.2000 F: 617.646.2222
www.sherin.com

Pamela A. Zorn
Direct Dial: 617.646.2251
e-mail: pazorn@sherin.com

February 8, 2005

**BY FACSIMILE (413) 739-3620**

William J. Pudlo, Esq.
P.O. Box 676
West Springfield, MA 01090

Re: Trader et al v. Golledge

Dear Bill:

I received your letter dated February 8, 2005. We will agree to complete all fact discovery on June 15, 2005, rather than June 1, 2005. We will not, however, agree to push the other dates forward.

With regard to the scheduled depositions, we will agree to move the February 14th depositions of the Traders to the afternoon of February 18, 2005. We will also agree to move the February 17th depositions of Interstate Building Supply and Richard Battistoni to Wednesday, March 2, 2005. Otherwise, the depositions will be held in Boston as scheduled.

Very truly yours,

Pamela A. Zorn

PAZ/jmr
cc: David A. Brown, Esq.

{00052388.DOC/}