UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTFIELD EAST MAIN STREET LLC, )<br><br>Plaintiff, )<br><br>v. )<br><br>C. DAVID TRADER and JEAN M. TRADER, )<br>DONALD GOVE, BRIAN BURKE, )<br>MICHAEL BRETON, BRADFORD MOIR, )<br>MARY MOIR, INTERSTATE BUILDING )<br>SUPPLY, INC. and LUMBER CENTER, INC., )<br><br>Defendants. ) | Civil Action<br>No. 04-30170-MAP |

**Plaintiff Westfield East Main Street LLC's
Motion for Protective Order**

Pursuant to Fed. R. Civ. P. 26(c), Plaintiff Westfield East Main Street LLC ("Westfield

LLC") moves for a protective order precluding discovery sought by Defendants of the

Massachusetts Department of Environmental Protection (the "DEP") and the City of Westfield

Conservation Commission (the "Commission"). The discovery sought is wholly irrelevant to

Westfield LLC's claims in this suit. Nor is it likely to lead to the discovery of admissible

evidence. The Massachusetts Superior Court, in the underlying administrative appeal, previously

denied Defendants the exact discovery sought here. The discovery likewise should be denied by

this Court. For these reasons, the Court should allow Westfield LLC's motion for protective

order.

**Summary of the Case**

Westfield LLC brought this action to recover damages caused by Defendants' use of

sham litigation to interfere with Westfield LLC's contractual and business relationship with

Home Depot USA ("Home Depot"), and to impede, delay and prevent the development of a Home Depot store in Westfield, Massachusetts. The Commission approved the project; the DEP denied the Defendants' appeal; the Superior Court denied the Defendants' administrative appeal; and the appeal to the Appeals Court has been dismissed. The Defendants had ample opportunity to present to the DEP the evidence sought here, but they failed to do so. In the Superior Court action, Defendants twice moved for the exact same discovery sought here. The Superior Court properly denied both motions. The discovery sought from the DEP and the Commission cannot be used to supplement the administrative record on appeal, was not relevant to their appeal from the DEP's administrative decision and it is not relevant to the claims asserted in this action.

<u>**Facts**</u>

On or about February 15, 2003, Konover Development Corporation ("Konover"), acting as an agent on behalf of Westfield LLC, filed a Notice of Intent with the Westfield Conservation Commission seeking a wetlands permit under G.L. c. 131, § 40 for its proposed redevelopment of property located at 514 East Main Street, Westfield, Massachusetts (the "Proposed Development"). <u>See</u> Complaint at ¶ 16. The Commission conducted a public hearing on the Notice of Intent on March 25, 2003 and, that night, issued an Order of Conditions for the Proposed Development. <u>Id.</u> at ¶ 17. On March 31, 2003, the Commission issued a Corrected Order of Conditions. <u>Id.</u> The transmittal letter expressly stated that the corrections "<u>Do Not Effect</u> the conditions ordered by the Westfield Conservation Commission nor the issuance date of 3/25/03 as they address clerical matters only." <u>Id.</u>

On April 11, 2003, a petition was hand-delivered to the DEP, purportedly on behalf of at least ten (10) residents of the City of Westfield (the "Petitioners") requesting the DEP to issue a Superseding Order of Conditions denying the project for failure to provide sufficient

compensatory flood storage.  See Complaint at ¶ 18.  Each of the Petitioners was either an employee, long-standing customer, friend of the owner, or member of the board of directors of Interstate Building Supply, Inc. ("Interstate") and/or Lumber Center, Inc. ("Lumber"), competitors of Home Depot.  On April 15, 2003, the DEP denied the Petitioners' request as untimely under 310 CMR 10.05(7), which requires the filing of a request within ten (10) days after the date of issuance of the Order of Conditions.  Id. at ¶ 19.

On April 28, 2003, the Petitioners appealed the DEP's decision to its Office of Administrative Appeals (the "DEP Appeal").  See Complaint at ¶ 20.  On August 8, 2003, the DEP Commissioner dismissed the appeal for lack of jurisdiction based on the untimeliness of Petitioners' request.  Id. at ¶ 17 (sic).[1]  The Commissioner subsequently denied Petitioners' Motion for Reconsideration on October 7, 2003.  Id. at ¶ 18 (sic).  Interstate and/or Lumber Center funded the Petitioners' DEP Appeal.  Id. at ¶ 20 (sic).

Petitioners filed a complaint in the Massachusetts Superior Court pursuant to G.L. c. 30A on November 5, 2003, seeking administrative review of the DEP's decision.  See Complaint at ¶ 21.  On January 29, 2004, Konover served a Motion for Judgment Affirming Agency Decision Pursuant to G.L. c. 30A.  Id. at ¶ 25.

On February 26, 2004, Petitioners filed a motion for leave to take discovery and to supplement the administrative record (the "Discovery Motion").  See Complaint at ¶ 26.  Petitioners in that motion sought the same discovery as Defendants seek here, namely discovery into the "date of issuance" of the Commission's Order of Conditions.  Id. at ¶ 27.  The Superior Court denied Petitioners' motion for leave to take discovery.  Id.

---

[1]     The Complaint was mis-numbered and thus contained two sets of allegations numbered 17 through 20.

On March 22, 2004, while the Superior Court litigation was pending, Petitioners Joseph

B. Mitchell and Teresa K. Mitchell informed counsel for Petitioners that they did not wish to

proceed with the litigation.  See Affidavit of Joseph B. Mitchell, appended hereto at Tab A, ¶ 6.

By letter dated March 22, 2004, the Mitchells informed Petitioners' attorney that:

> [W]e have pursued the Westfield Home Depot / Massachusetts Department of
> Environmental Protection issues as far as we want to take this matter.  We no longer want
> to be part of the group pursuing this action.  Therefore, effective immediately, we
> withdraw from the group.  We trust that you will inform all interested parties.

See letter from Joseph B. Mitchell to William J. Pudlo, appended hereto at Tab B (emphasis

added).  On April 5, 2004, Attorney Pudlo confirmed that he had received the Mitchells' letter

and understood that they were no longer part of the Superior Court action.  However, no notice

was provided to the Court of the Mitchells' withdrawal.  Nor did the Petitioners seek to

substitute additional citizens of Westfield as petitioners.

On April 28, 2004, the Court denied Petitioners' Motion for Reconsideration of the

Discovery Motion.  See Complaint at ¶ 28.  By Memorandum and Decision dated May 18, 2004,

the Court affirmed the agency decision and entered judgment to that effect on June 21, 2004.  Id.

On July 19, 2004, Attorney Pudlo filed a Notice of Appeal purportedly on behalf of all

ten petitioners.  See Notice of Appeal, attached hereto as Tab C.  The Notice of Appeal included

Joseph and Teresa Mitchell as parties despite their express instruction to the contrary.  Id.

By letter dated July 25, 2004, a third Petitioner, Mark Siebert, informed Attorney Pudlo

as follows:

> It has come to my attention that you have filed a notice of appeal in Hampden Superior
> Court.  This is the eighth appeal with us loosing (sic) each of the previous seven over the
> last couple years.  I may be wrong, but I believe this eighth appeal will end with the same
> result as the last seven and this outcome could cost us all due to the most certain request
> for a bond his time, which I also believe will be granted by the court.

I very much believe that having a Home Depot in this town is not going to benefit anyone but only hurt the business owners who will have to compete with the home improvement giant. . . .

In light of all my reasons for not wanting another home improvement super store built I also believe it will not be stopped and will eventually happen.  For this reason, and the loss of seven previous appeals, <u>I feel it has gone far enough and I want you to take my name off the list of people opposing the construction of the Westfield Home Depot.  I do not want a connection to any further action that the other nine clients may want to take including this latest appeal to the Hampden Superior Court.</u>

<u>See</u> Affidavit of Mark D. Siebert, appended hereto at <u>Tab D</u>, ¶ 7 (emphasis added).

Notice of Withdrawal for petitioners Joseph Mitchell, Teresa Mitchell, Mark Siebert, and a forth petitioner, Brian Burke, were filed on September 14, 2004.  <u>See</u> Notice of Withdrawal, appended hereto at <u>Tab E</u>.  No additional petitioners were added in substitution for the withdrawn Petitioners.[2]  On October 7, 2004, Konover moved to dismiss the appeal for lack of jurisdiction, because less than the required ten (10) residents of the City of Westfield were pursuing the appeal.  On February 15, 2005, the Court allowed Konover's motion.

## Summary of Argument

Defendants have served Subpoenas Duces Tecum (the "Subpoenas") on the Westfield Conservation Commission (<u>see</u> <u>Tab F</u>, attached) and on the DEP (<u>see</u> <u>Tab G</u>, attached) seeking evidence of the date the Commission issued its Order of Conditions.  Presumably, Defendants seek to challenge in this action the DEP's finding that the Commission issued its Order of Conditions at the latest on March 26, 2003, and that accordingly, Defendants' request for a Superseding Order of Conditions denying a permit for the project was not untimely.

Westfield LLC's motion for protective order should be allowed for at least three reasons.  First, the requested discovery is not relevant to Westfield LLC's Complaint.  The timeliness of the Defendants' appeal, while dispositive in the state court action, is irrelevant to Westfield

---

[2]    The remaining Petitioners are the Defendants in this suit.

LLC's present tort claims. The crux of the Complaint is that Interstate and Lumber funded sham litigation in an effort to avoid competition from Home Depot. The Subpoenas seek <u>no</u> discovery on the defense to these claims. <u>See</u> <u>Isaac v. Shell Oil Co.</u>, 83 F.R.D. 428, 432 (E.D. Mich. 1979) (holding that even a very slight inconvenience may be unreasonable if there is no occasion for the inquiry and it cannot benefit the party making it).

Second, the requested discovery is not likely to result in the discovery of admissible evidence. "A trial court has a duty ... to supervise and limit discovery to protect parties and witnesses from annoyance and excessive expense." <u>Dolgow v. Anderson</u>, 53 F.R.D. 661, 664 (E.D.N.Y. 1971). Westfield LLC's claims are based on Defendants' pursuit of appeals that had no objective merit. This is demonstrated by Defendants' failure to inform the Court that several Petitioners had withdrawn from the Superior Court litigation and the pursuit of an appeal to the Massachusetts Appeals Court with less than ten (10) citizens, as required by statute.

Third, the Massachusetts Superior Court previously denied Defendants' request for the identical discovery. There is no basis now to allow that discovery. A litigant "may not seek indefinitely ... to use the [discovery] process to find evidence in support of a mere 'hunch' or 'suspicion' of a cause of action." <u>Waldron v. Cities Service Co.</u>, 361 F.2d 671, 673 (2d Cir. 1966), <u>aff'd</u>, 391 U.S. 253 (1968). Accordingly, the Court should order that the requested discovery not be had, and allow Westfield LLC's motion for protective order.

<u>**Argument**</u>

The Mitchells' withdrawal from the litigation resulted in less than ten residents in the action and divested the remaining Petitioners of standing to continue the litigation. <u>See</u> G.L. c. 30A, §§ 1(3) and 14; 310 CMR 10.05(a) and (b)(3); <u>see also</u> <u>Litton Business Sys., Inc. v. Commissioner of Revenue</u>, 383 Mass. 619, 623 (1981) (dismissing taxpayer action subject to

opportunity for plaintiffs to prove that at least ten of the named plaintiffs are taxable inhabitants of the city); Richards v. Treasurer and Receiver General, 319 Mass. 672, 679 (1946) (dismissing taxpayer petition because the requisite number of taxpayers did not reside in the affected district). Despite the jurisdictional defect, the remaining Petitioners pursued the Superior Court litigation and filed a Notice of Appeal to the Massachusetts Appeals Court. Petitioners did so without informing the Court of the withdrawal, and to the contrary, represented that all of the Petitioners were participating in the appeal.

These actions on the part of the Petitioners (Defendants in this case), in pursuing an appeal where the Court obviously lacked jurisdiction, form the basis of Konover's claims. The appeal lacked any basis in fact or law, and Konover believes that evidence will show that the Defendants pursued the appeal for tortious purposes.

In this context, Defendants' subpoenas to the DEP and the Commission are not reasonably tailored to lead to the discovery of admissible evidence. See Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1328 (Fed. Cir. 1990) ("A litigant may not engage in merely speculative inquiries in the guise of relevant discovery."). Neither the DEP nor the Conservation Commission possesses any information concerning the withdrawal of four of the state court petitioners, or the efforts to solicit substitute petitioners, or the decision to proceed without informing the Court of the withdrawals.

Nor is any information now obtained from the DEP or the Commission relevant to any claim in this case. See Western Massachusetts Elec. Co. v. Nat'l Labor Relations Bd., 589 F.2d 42, 48 (1st Cir. 1978) (a party may not take discovery if its only materiality to an issue is plainly foreclosed by the existing record). The Administrative proceedings are closed; the Superior Court action has been dismissed. None of the information now sought was unavailable at the

time of the administrative proceeding, and there is no possibility that any such information could be used now to supplement the administrative record. "It is well established that discovery has limits and that these limits grow more formidable as the showing of need decreases." Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A., 657 F.2d 890, 904 (7th Cir. 1981) (quoting United Air Lines, Inc. v. United States, 26 F.R.D. 213, 219 n.9 (D. Del. 1960)). Indeed, Defendants moved for discovery of this information in the Superior Court and that Court denied the motion.

**Conclusion**

For the foregoing reasons, Westfield East Main Street LLC respectfully requests the Court to allow its motion for protective order and to preclude Defendants' attempt to take discovery of the Massachusetts Department of Environmental Protection or the Westfield Conservation Commission.

WESTFIELD EAST MAIN STREET LLC,

By its attorneys,

/s/ David A. Brown
David A. Brown, BBO# 556161
Pamela A. Zorn, BBO# 640800
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
Dated:  April 11, 2005          (617) 646-2000

**Local Rule 7.1 (A)(2) Certification**

I, David A. Brown, hereby certify that on Monday, April 11, 2005, I conferred with William Pudlo, counsel for defendants, in a good faith attempt to narrow or resolve this issue.

/s/ David A. Brown
David A. Brown, Esq.

A

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.

SUPERIOR COURT
C.A. 03-1085

C. DAVID TRADER and JEAN M. TRADER,      )
JOSEPH B. MITCHELL and TERESA K.           )
MITCHELL, DONALD GOVE, MARK D.            )
SIEBERT, BRIAN BURKE, MICHALE BRETON, )
BRADFORD MOIR AND MARY MOIR,            )
                                                                      )
                   Plaintiffs,                                      )
                                                                      )
v.                                                                    )
                                                                      )
ROBERT W. GOLLEDGE, JR., Commissioner  )
Executive Office of Environmental Affairs, and   )
EXECUTIVE OFFICE OF ENVIRONMENTAL  )
AFFAIRS, DEPARTMENT OF                        )
ENVIRONMENTAL PROTECTION,               )
                                                                      )
                   Defendants,                                    )
                                                                      )
and                                                                  )
                                                                      )
KONOVER DEVELOPMENT CORPORATION )
and HOME DEPOT USA, INC.,                      )
                                                                      )
                   Intervenor Defendants.                    )
                                                                      )

## AFFIDAVIT OF JOSEPH B. MITCHELL

I, Joseph B. Mitchell hereby depose and state:

1.      I reside at 153 Munger Hill Road, Westfield, Massachusetts.  I have personal

knowledge of the matter set forth herein.

2.      In or around April 2003, I was approached by my neighbor, C. David Trader, who

is a friend of the Battistoni family, the owners of Interstate Building Supply, Inc. in Southwick,

Massachusetts.

3.    Mr. Trader asked me to sign a petition to prevent the development of a Home Depot in Westfield, Massachusetts. He told me that he wanted to help out Interstate Building Supply, Inc., which was not only owned by his friend, but which had, in the past, assisted his employer in their endeavors. Because I had environmental concerns about the project, and as a favor to my neighbor, I agreed to sign the petition.

4.    I later learned that a group of ten Westfield residents, including myself and my wife, lost our petition to the Department of Environmental Protection to prevent the development of the Home Depot, and was appealing to the Superior Court for a review of the decision of the Commissioner of the Department of Environmental Protection (the "DEP") (the "Litigation").

5.    By letter dated February 5, 2004, William Pudlo, the attorney representing the ten residents of Westfield, wrote to the ten residents of Westfield informing us that the DEP had ruled against us, and inquiring as to how we wished to proceed. The letter stated that a meeting would take place at Bradford Moir's office on February 16th. It was my wife's and my intention to leave the group at this meeting. Two days prior to the scheduled meeting, it was canceled. I waited for the meeting to be rescheduled so that I could inform the group that we were leaving. The meeting was never rescheduled.

6.    On March 22, 2004, my wife and I wrote to Attorney Pudlo and stated:

We are writing to inform you that we have pursued the Westfield Home Depot / Massachusetts Department of Environmental Protection issues as far as we want to take this matter. We no longer want to be part of the group pursuing this action. Therefore, effective immediately, we withdraw from the group. We trust that you will inform all interested parties.

See Letter dated March 22, 2004, attached hereto as Tab A.

7.    On April 1, 2004, I left a message on Attorney Pudlo's answering machine to confirm his receipt of our March 22nd letter. I did not receive a return call. On April 5, 2004, I left another message for Attorney Pudlo. Later that day, I spoke to Attorney Pudlo, who

informed me that he received the letter and understood that we were no longer a part of the Litigation, but told me that because we were initially a part of the Litigation, our names still needed to be included in the case caption. I asked him specifically if there was any way to get our names removed from the action or the caption and he said, "No." He told me that it would not affect our rights.

8.      I now understand that the Superior Court affirmed the decision of the DEP, and that Attorney Pudlo filed a Notice of Appeal on July 19, 2004, allegedly on my behalf. I did not authorize Attorney Pudlo to file a Notice of Appeal on my behalf.

9.      In early August, I learned from a newspaper article that Home Depot might pursue a countersuit. On August 3, 2004, I called Attorney Pudlo and left a message asking him to return my call and confirm that my wife and I were not, and would not be, named in any sort of countersuit.

10.      On August 6, 2004, I called Attorney Pudlo again, and he told me that Home Depot would not be filing a countersuit, but had merely threatened to seek an appeal bond. He confirmed that my wife and I were no longer a part of the Litigation and assured me that neither my wife nor I would be affected by Home Depot's request for an appeal bond. When I questioned him about the newspaper report which had mentioned both my wife and me, he told me that the reporter is known for not having his facts straight.

11.      On or about September 2, 2004, I read in the newspaper that Home Depot and/or Konover Development Corporation planned to pursue a federal action, naming my wife and me, and others, as individual defendants, and seeking greater than seventy five thousand dollars in damages due to the delay of the Home Depot development. I immediately called the reporter who wrote the article, told him that my wife and I were no longer involved in the Litigation and

had not been for some time, and asked him where he got his facts. He said that according to the court papers, we were still involved in the Litigation.

12.     On the morning of September 3, 2004, I called Attorney Pudlo and left a message asking him why, if I was no longer in the Litigation, I was going to be named in a countersuit. I also asked him to send me Home Depot's request for a bond and any documents he had related to the federal court lawsuit. I told him that I no longer believed that he was representing the interests of my wife and me, and that I might need to seek counsel.

13.     Later that morning, Attorney Pudlo returned my call. He left me a message stating that he would send me the requested materials; that although a federal lawsuit had probably been filed, no one had been served and that it was likely filed as a bullying tactic. He admitted that my wife and I had "opted out" and informed me that the group would hold a meeting next week about how best to proceed. He said that he would be in the office on Saturday from 2:00-4:00 pm if I wanted to contact him.

14.     At approximately 1:30 pm on September 3, 2004, I was served with a Federal Court summons and complaint filed by Westfield East Main Street LLC. I immediately called Attorney Pudlo and left him a message informing him that I had been served and would call him back Saturday between 2:00 and 4:00 pm. Realizing that Attorney Pudlo was not acting in my interests, my wife and I ultimately decided not to call him on Saturday.

15.     My wife and I are not a part of this Litigation. We instructed Attorney Pudlo that we were withdrawing from the Litigation on March 22, 2004. He did not follow our instructions. We certainly never authorized him to pursue an appeal on our behalf.

Signed under the pains and penalties of perjury this *10ᵗʰ* day of September 2004.

Joseph B. Mitchell

4

B

Mr. and Mrs. Joseph B. Mitchell
153 Munger Hill Rd.
Westfield, MA  01085
March 22, 2004


Mr. William J. Pudlo
7 Park Drive
P.O. Box 676
West Springfield, MA  01090


Dear Mr. Pudlo,

We are writing to inform you that we have pursued the Westfield Home Depot / Massachusetts Department of Environmental Protection issue as far as we want to take this matter. We no longer wish to be part of the group pursuing this action. Therefore, effective immediately, we withdraw from the group.

We trust you will inform all the interested parties.

Thank you for your help in this matter.



Joseph B. Mitchell                                                    Teresa K. Mitchell

C

# COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

**Hampden Division**                                   **Case #03-1085**

| | | |
|---|---|---|
| C. DAVID TRADER and JEAN M. TRADER, JOSEPH B. MITCHELL and TERESA K. MITCHELL, DONALD GOVE, MARK D. SIEBERT, BRIAN BURKE, MICHAEL BRETON, BRADFORD MOIR and MARY MOIR, Plaintiffs | ) ) ) ) ) ) ) ) ) | HAMPDEN COUNTY SUPERIOR COURT FILED JUL 19 2004 ~~Marie~~ CLERK-MAGISTRATE |
| v. | ) ) | |
| ROBERT W. GOLLEDGE, JR., Commissioner Executive Office Of Environmental Affairs, and EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS, DEPARTMENT OF ENVIRON-MENTAL PROTECTION, Defendants | ) ) ) ) ) ) ) ) ) ) | **PLAINTIFFS' NOTICE OF APPEAL** |
| and | ) ) | |
| KONOVER DEVELOPMENT CORPORATION and HOME DEPOT U.S.A., INC., Intervenor Defendants | ) ) ) ) | |

Notice is hereby given that the Plaintiffs in the above captioned action hereby appeal to the Appeals Court from the final judgment entered on June 21, 2004.

The Plaintiffs,
by their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

**Certificate of Service**

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by delivering a copy of the same, in hand, to Counsel for the respective parties.

Dated: July 9, 2004

William J. Pudlo

D

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, ss.                                  SUPERIOR COURT
                                             C.A. 03-1085

_____
C. DAVID TRADER and JEAN M. TRADER,      )
JOSEPH B. MITCHELL and TERESA K.         )
MITCHELL, DONALD GOVE, MARK D.           )
SIEBERT, BRIAN BURKE, MICHALE BRETON,    )
BRADFORD MOIR AND MARY MOIR,             )
                                         )
                    Plaintiffs,          )
                                         )
v.                                       )
                                         )
ROBERT W. GOLLEDGE, JR., Commissioner    )
Executive Office of Environmental Affairs, and )
EXECUTIVE OFFICE OF ENVIRONMENTAL        )
AFFAIRS, DEPARTMENT OF                   )
ENVIRONMENTAL PROTECTION,                )
                                         )
                    Defendants,          )
                                         )
and                                      )
                                         )
KONOVER DEVELOPMENT CORPORATION          )
and HOME DEPOT USA, INC.,                )
                                         )
                    Intervenor Defendants. )
_____          )

## AFFIDAVIT OF MARK D. SIEBERT

I, Mark D. Siebert, hereby depose and state:

1.      I reside at 51 Barbara Street, Westfield, Massachusetts.  I have personal knowledge of the matter set forth herein.

2.      I am a contractor in Westfield, Massachusetts.  In or around early 2003, I was approached by Michale Breton, the owner of Lumber Center, Inc., a company with whom I do some business.

3.    Mr. Breton asked me to sign a petition to prevent the development of a Home Depot in Westfield, Massachusetts. I was not informed of any environmental issues associated with the development of the Home Depot project. I agreed to sign the petition, however, because for personal reasons wholly unrelated to any supposed environmental concerns, I did not want a Home Depot in Westfield.

4.    When I signed the petition, I was not informed that the issue could reach the courts and grow to such magnitude.

5.    After signing the petition, I never spoke with a lawyer representing the petitioners, I never attended any meetings regarding the petition, and I never received any updates about the status of the proceedings. I only learned the status of the efforts by reading the newspaper. I followed the case enough to know that the petitioners had lost at all stages in the administrative process.

6.    In mid to late July 2004, I learned, through an article in the newspaper, that Attorney Pudlo had filed an appeal on behalf of the original ten petitioners in the Massachusetts Appeals Court. I never authorized Attorney Pudlo to file an appeal on my behalf.

7.    I sent a letter dated July 25, 2004 to Attorney Pudlo stating that I wanted nothing to do with the appeal. I never told Attorney Pudlo that I felt threatened or was afraid of retaliation. See Letter dated July 25, 2004, attached hereto as Tab A. I stated, in part,

> It has come to my attention that you have filed a notice of appeal in Hampden Superior Court. This is the eighth appeal with us loosing (sic) each of the previous seven over the last couple years. I may be wrong, but I believe this eighth appeal will end with the same result as the last seven and this outcome could cost us all due to the most certain request for a bond his time, which I also believe will be granted by the court.

> I very much believe that having a Home Depot in this town is not going to benefit anyone but only hurt the business owners who will have to compete with the home improvement giant. . . .

In light of all my reasons for not wanting another home improvement super store built I also believe it will not be stopped and will eventually happen. For this reason, and the loss of seven previous appeals, I feel it has gone far enough and I want you to take my name off the list of people opposing the construction of the Westfield Home Depot. I do not want a connection to any further action that the other nine clients may want to take including this latest appeal to the Hampden Superior Court.

See Tab A.

8.     Having received no response to my July 25th letter, on August 10, 2004, I re-sent it to Attorney Pudlo, by certified mail return receipt requested. See Letter dated August 10, 2004, attached hereto as Tab B. Attorney Pudlo signed for the letter, see Tab C, yet never responded to it. I never spoke to Attorney Pudlo.

9.     I am no longer a part of this Litigation. I instructed Attorney Pudlo that I was withdrawing from the Litigation in my letter dated July 25, 2004. I presumed that he had removed my name from the Litigation at that time. He did not. In fact, it was not until September 14, 2004 that Attorney Pudlo finally filed a Notice of Withdrawal on my behalf.

Signed under the pains and penalties of perjury this _20_ day of September 2004.


_____
Mark D. Siebert

E

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

Hampden Division

Case #03-1085

C. DAVID TRADER and )
JEAN M. TRADER, JOSEPH B. )
MITCHELL and TERESA K. )
MITCHELL, DONALD GOVE, )
MARK D. SIEBERT, BRIAN )
BURKE, MICHAEL BRETON, )
BRADFORD MOIR and MARY )
MOIR, Plaintiffs )
)
)
v. )
)
ROBERT W. GOLLEDGE, JR., )
Commissioner Executive Office )
Of Environmental Affairs, and )
EXECUTIVE OFFICE OF )
ENVIRONMENTAL AFFAIRS, )
DEPARTMENT OF ENVIRON- )
MENTAL PROTECTION, )
Defendants )
)
and )
)
)
KONOVER DEVELOPMENT )
CORPORATION and HOME )
DEPOT U.S.A., INC., )
Intervenor Defendants )

NOTICE OF WITHDRAWAL OF APPEAL
AS TO JOSEPH B. MITCHELL, TERESA K.
MITCHELL, MARK SIEBERT AND
BRIAN BURKE

Now come the Plaintiffs, Joseph B. Mitchell, Teresa K. Mitchell, Mark Siebert and Brian Burke and withdraw the appeal filed in their behalf in the above captioned action.

On or about March 25, 2004, Joseph B. Mitchell and Teresa K. Mitchell advised in writing that they no longer desired to pursue the matter, expressing concern over the ongoing litigation, the threat of retaliation within ongoing negative press coverage and were advised that their names would continue on the caption of the case as originally filed, which they acknowledged.

Mark Siebert advised in writing, on or about July 27, 2004 that he was no longer desirous of pursuing the matter, again expressing concern over threatened legal retaliation, and he acknowledged that his name would continue to appear in the caption of the case. At some time in early August of 2004, Brian Burke indirectly orally advised (Counsel was advised by another

of the Plaintiffs of Mr. Burke's request) that he no longer desired to pursue the appeal due to, among other reasons, the ongoing threat of retaliatory litigation.

The Plaintiff
by its Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000
FAX: (413) 739-3620


## Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by delivering a copy of the same, in hand, to Counsel for the respective parties.

Dated: September 14, 2004

William J. Pudlo

\win\word\HomeDepotSuperiorNoticeofWithdrawalofAppeal

F

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

WESTFIELD EAST MAIN STREET LLC

     VS.                       Plaintiff (s)

BRADFORD MOIR ET AL

                          Defendants (s)

CIVIL ACTION
NO. 04-30170-MAP

DEPOSITION
SUBPOENA

TO: The Individual with the most knowledge at the Westfield Conservation Commission of the application of Konover DevelopmentCorporation under DEP File #333-531 Westfield City Hall, Westfield, Mass.

YOU ARE HEREBY COMMANDED to appear and testify at the offices of Catuogno Court Reporting address 1414 Main Street, Springfield, Mass. commencing at 2:00 p.m. on April 19, 2005 XX before RAYMOND F. CATUOGNO, or before some other officer authorized by law to administer oaths, and to testify as to your knowledge at the taking of the deposition in the above-entitled action. You are further requested to bring with you: Copies of all documents relating to the application of Konover Development Corporation under DEP File #333-531, including but not limited to all documents evidencing mailing of any and all documents to DEP or other parties to the proceedings under DEP File #333-531, and all envelopes contained in such file #333-531.

Hereof fail not, as you will answer your default under the pains and penalties in the law in that behalf made and provided dated at Springfield the 21st day of March, 2005 XX

                    William J. Pudlo, Attorney for Defendants
                    Address: P.O. Box 676, West Springfdield, Mass. 010

            Tel. No: (413) 739-4000

## RETURN OF SERVICE

RECEIVED BY SERVER ON_____ AT_____
SERVED TO_____ AT_____
SERVED BY_____ ON_____
FEES TENDERED ☐ YES ☐ NO AMOUNT_____ TITLE_____

STATEMENT OF SERVICE FEES:
TRAVEL_____
SERVICES_____
TOTAL_____

I declare under the penalty of perjury under the law that the foregoing information contained in this Return of Service is true and accurate.

Signed_____ Date_____

CC: Catuogno Court Reporting, 1414 Main St. Springfield, MA 01144
CC:

## Forms available at CATUOGNO COURT REPORTING SERVICES

  1414 Main Street       446 Main Street      10 Commercial Wharf     88 Day Hill Road
Springfield, MA 01144

G

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-30170-MAP

WESTFIELD EAST MAIN STREET LLC

          Plaintiff (s)

VS.

C. DAVID TRADER ET AL

          Defendants (s)

DEPOSITION
SUBPOENA

TO: Jeremiah Mews, Wetlands Program Coordinator
Massachusetts Department of Environmental Protection
Western Regional Office
436 Dwight Street, Springfield, Mass. 01103

YOU ARE HEREBY COMMANDED to appear and testify at the offices of Catuogno Court Reporting address 1414 Main Street, Springfield, Mass. commencing at 10:00 a.m. on April 19, 2005   XX9   before RAYMOND F. CATUOGNO, or before some other officer authorized by law to administer oaths, and to testify as to your knowledge at the taking of the deposition in the above-entitled action. You are further requested to bring with you:

Copies of all documents and other papers, including but not limited to all envelopes and papers bearing any Department "stamp" used to acknowledge receipt of documents, contained in or related to DEP File #333-531, and all portions of applicable Department of Environmental Protection procedures for filing, receiving and acknowledging documents and/or determinative of the "date of issueance" of any Orders of Conditions issued by local Conservation Commissions.

Hereof fail not, as you will answer your default under the pains and penalties in the law in that behalf made and provided dated at Springfield   the 21st   day of March, 2005   XXX   .

      William J. Pudlo, Attorney for: Defendants
      Address: P.O. Box 676, West Springfield, Mass. 010

      Tel. No: (413) 739-4000

## RETURN OF SERVICE

RECEIVED BY SERVER ON _____
SERVED TO _____ AT _____
SERVED BY _____ AT _____ ON _____
FEES TENDERED ☐ YES ☐ NO AMOUNT _____ TITLE _____

STATEMENT OF SERVICE FEES:
TRAVEL _____
SERVICES _____
TOTAL _____

I declare under the penalty of perjury under the law that the foregoing information contained in this Return of Service is true and accurate.

Signed _____ Date _____

CC: Catuogno Court Reporting, 1414 Main St. Springfield, MA 01144
CC:

## Forms available at CATUOGNO COURT REPORTING SERVICES

| 1414 Main Street | 446 Main Street | 10 Commercial Wharf | 88 Day Hill Road |
| Springfield, MA 01144 | Worcester, MA 01608 | Boston, MA | |