UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTFIELD EAST MAIN STREET LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>C. DAVID TRADER and JEAN M. TRADER, )<br>DONALD GOVE, MICHALE BRETON, )<br>BRADFORD MOIR, MARY MOIR, )<br>INTERSTATE BUILDING SUPPLY, INC. and )<br>LUMBER CENTER, INC., )<br>)<br>Defendants. )<br>) | C.A. 04-30170-MAP |

**WESTFIELD EAST MAIN STREET LLC'S OPPOSITION TO
DEFENDANTS' MOTION FOR RECONSIDERATION**

This Court should deny defendants' Motion for Reconsideration for two reasons. First, defendants have not presented any new arguments that were not previously briefed and rejected on the merits by the Court. Nor have they identified any intervening change in the law that might affect the Court's decision. Second, defendants' motion is untimely, coming almost three months after the Court's decision on defendants' motions to dismiss. Discovery is progressing, and it is simply too late for defendants to resurrect their arguments on their motions to dismiss.

**Prior Proceedings In This Action**

This case involves the development of a Home Depot store in Westfield, Massachusetts. Defendants are competitors of Home Depot and persons affiliated with those competitors. Defendants have obstructed the Home Depot development for anti-competitive purposes. The Commonwealth's Department of Environmental Protection ("DEP") has twice rejected the defendants' challenge to the development; the Superior Court rejected defendants' challenge to

- 2 -

the development; and the defendants' appeal to the Massachusetts Appeals Court has been dismissed.

Westfield filed this action seeking damages for (i) defendants' intentional interference with Westfield's contractual relationship with Home Depot; (ii) defendants' intentional interference with Westfield's advantageous business relationship with Home Depot; and (iii) violation of G.L. c. 93A (against the companies).  On September 22, 2004, defendants moved to dismiss on the merits and, as to the individual defendants, pursuant to a state procedural rule, the Massachusetts Anti-Slapp statute, G.L. c. 231, § 59H.

The Court heard argument on defendants' motions to dismiss on January 28, 2005.  Defendants' counsel did not appear for the argument.  On January 31, 2005, the Court denied the defendants' motions on the merits.  The Court found that Westfield's complaint sufficiently stated its claims, and that the state procedural rule (the "Anti-Slapp Statute") did not apply to actions brought in Federal Court.  The Court denied the motion without prejudice to reconsideration in light of defendants' counsel's "puzzling" failure to attend the hearing.  Nearly three months later, on or about April 25, 2005, defendants filed this Motion for Reconsideration.

**Argument**

I.  **THE COURT SHOULD DENY DEFENDANTS' MOTION FOR RECONSIDERATION**

   A.  **Defendants Failed To Set Forth Factors Which Would Warrant Reconsideration Of The Court's Decision Denying The Motions to Dismiss.**

Motions for reconsideration should be granted only when the movant demonstrates: (1) an intervening change in the law, (2) the discovery of new evidence not previously available, or (3) a clear error of law in the first order.  See Davis v. Lehane, 89 F. Supp. 2d 142, 147 (D. Mass.

2000) (applying standard for reconsideration to interlocutory order). None of those circumstances is present here.

Defendants have not set forth any newly discovered evidence. Nor have they shown an intervening change in the law or a clear error of law. Rather, three months after the Court's denial of their Motion to Dismiss, they rely solely on their counsel's failure to attend the hearing as a basis for reconsideration. The Court has already addressed each of defendants' arguments. Motions for reconsideration are not vehicles by which the defendants can merely rehash old arguments previously presented to, and properly rejected by, the Court. See Davis, supra (motion which simply re-states the arguments in former motion does not merit consideration).

B.    **Defendants Motion to Dismiss Is Untimely**

The Court denied defendants' Motions to Dismiss on January 31, 2005 without prejudice to a motion for reconsideration. See Memorandum And Order Regarding Defendants' Motions to Dismiss, attached hereto at Tab A. The Court extended this courtesy because defendants' counsel did not attend the hearing. The Court made clear, however, that the decision was based on the merits and not on defendants' counsel's failure to appear at the hearing. In giving defendants an opportunity to move for reconsideration, the Court clearly contemplated prompt action on the part of the defendants. Defendants did not file a Motion for Reconsideration until on or about April 25, 2005, almost three months after the Court's order. There was no basis shown for this delay. Discovery is well underway and closes in June 2005. Defendants' Motion should, therefore, be denied as untimely. See generally Davis, supra (rejecting motion for reconsideration for, among other reasons, its untimeliness) citing Aini v. Sun Taiyang Co., Ltd., 174 F.R.D 327, 330 (S.D.N.Y. 1997) (rejecting motion to modify judgment as untimely) (further citations omitted).

II. **THE COURT PROPERLY DENIED DEFENDANTS' MOTIONS TO DISMISS**

    A. **The Court Was Correct In Ruling That The Massachusetts Anti-Slapp Statute Does Not Apply In Federal Court.**

Defendants wrongly presume that their Motions to Dismiss were denied because of counsel's failure to attend the hearing. This is inaccurate. As the Court stated, "a review of the papers inclined the court, even before hearing argument, to deny the motions." See Tab A, attached. With regard to the Special Motion to Dismiss brought by the individual defendants, the Court was persuaded by the decision in Stuborn Limited Partnership v. Bernstein, 245 F. Supp. 2d 312, 316 (D. Mass. 2003)(Lasker, J.), in which the Court ruled that the Massachusetts Anti-Slap statute, Mass. Gen. L. c. 231, §59H, is a procedural statute which does not apply to a federal court sitting in diversity. Defendants have not raised any new issues of law which would render incorrect this Court's reliance on Stuborn to deny the Special Motion to Dismiss brought by the individual defendants. Accordingly, the Motion for Reconsideration should be denied.

    B. **Even If The Anti-Slapp Statute Did Apply In Federal Court, Defendants Have Provided No Additional Facts To Warrant Reconsideration Of The Court's Decision.**

        *1. Defendants Lack Standing To Pursue Appeal*

Even if the Massachusetts Anti-Slapp statute does apply in federal court, Westfield has alleged that Defendants' petitioning activity was devoid of any reasonable factual support or arguable basis in law, and thus does not fall within the protection of the Anti-Slapp statute. See 231, §59H. This is so, in part, because defendants lacked standing to pursue their appeal. At least two of the petitioners withdrew from the litigation prior to the filing of the Notice of Appeal (which was improperly filed on behalf of all ten petitioners). Under governing regulations, ten residents *together* constitute a "person" with standing to challenge the agency decision. See 310 CMR 10.05(a) and (b)(3). The withdrawal of at least two individuals prior to the filing of the

Notice of Appeal (leaving only eight residents, and not a "person" as defined by regulation) divested the remaining Petitioners of standing to continue the litigation.  See Mass. Gen. L. c. 30A, §§1(3) and 14; 310 CMR 10.05(a) and (b)(3).  See also Litton Business Systems, Inc. v. Commissioner of Revenue, 383 Mass. 619, 623 (1981) (dismissing taxpayer action subject to opportunity for plaintiffs to prove that at least ten of the named plaintiffs are taxable inhabitants of the city); Richards v. Treasurer and Receiver General, 319 Mass. 672, 679 (1946) (dismissing taxpayer petition because the requisite number of taxpayers did not reside in the affected district).

Significantly, since this Court ruled on the Motions to Dismiss, the Superior Court has allowed Konover Development Corporation's Motion to Dismiss the Appeal for lack of standing.  The Superior Court held that:

> A request for DEP action under 310 CMR 10.05(7)(a)(5) requires a request from ten residents of the municipality where the land is located.  When the Mitchell's, Siebert, and Burke withdrew from the case, the plaintiffs no longer had the necessary number of citizens required to request action from the DEP.  No substitute plaintiffs have been named to replace those who have withdrawn.  Therefore, the six residents of Westfield that request DEP action are not enough to support this claim and dismissal is the appropriate action.

See Memorandum of Decision and Order, attached hereto at Tab B.  Absent standing, defendants' appeal was devoid of any reasonable factual support or arguable basis in law, and thus, the Massachusetts Anti-Slapp statute, even if applicable, would not provide defendants with protection under these circumstances.  Thus, the only additional facts adduced since this Court's ruling provide further support for, rather than a basis to reconsider, this Court's denial of defendants' Motions to Dismiss.

### *2. Defendants' Appeal Lacked Factual or Legal Merit*

Defendants' appeal in the underlying action was objectively baseless. The Code of Massachusetts Regulations, 310 CMR 10.05(7), requires an aggrieved party to file a request for a Superseding Order within ten days from the date of issuance of the original order. Defendants did not dispute this. Rather, they argued that, as a matter of fact, the DEP erred in finding that the date of issuance of the Order of Condition was March 25, 2003 or, at the latest, March 26, 2003. They argued, therefore, that their April 11, 2003 request for a Superseding Order of Condition was timely. This argument was without any factual basis. The Commission hearing was held on March 25, 2003, and the Order of Conditions was approved at the March 25, 2003 hearing. The Order of Conditions, on its face, states that its date of issuance is March 25, 2004, and the Corrected Order of Conditions expressly states that the corrections "Do Not Effect the conditions ordered by the Westfield Conservation Commission nor the issuance date of 3/25/03 as they address clerical matters only." (emphasis added). Moreover, such argument has been rejected on the merits numerous times in both regulatory and judicial forums. The DEP rejected defendants' challenge to the Home Depot development on the merits twice; the Superior Court rejected defendants' challenge; and defendants' appeal to the Appeals Court was dismissed. Defendants' appeal therefore lacked factual and legal merit.

### III. The Court Correctly Found That Westfield's Complaint Adequately Stated Claims On Which Relief May Be Granted

The Court properly found that under the Fed. R. Civ. P. 12(b)(6), Westfield met its burden of pleading claims on which relief can be granted. Westfield has pled the existence of a contract with Home Depot. See Complaint, ¶ 32. It has also alleged that at all relevant times, Defendants were aware of Westfield's contractual relationship with Home Depot. See id., ¶ 33. Westfield has pled that Defendants improperly interfered with the contract. See id., ¶ 36.

00063871.DOC / 2

Westfield has alleged that it incurred damages as a result.  See id., ¶ 37.  Accordingly, Westfield has stated a claim for tortious interference with contract.  See United Truck Leasing Corp. v. Geltman, 406 Mass. 811 (1990) (to state a claim for tortious interference with contract, plaintiff must allege (1) the existence of a contract with another person; (2) that Defendants knew of the contract; (3) that Defendants improperly interfered with the contract; and (4) damages).  This, as the Court properly found, is also sufficient to state a claim for tortuous interference with advantageous business relationships.  See Chumawa Country Golf, Inc. v. Wnuk, 9 Mass. App. Ct. 506 (1980) (plaintiff must plead: (1) a business relationship; (2) defendant's knowledge of such relationship; (3) defendant's intentional and malicious interference with the business relationship; and (4) plaintiff's loss of advantage directly resulting from the defendant's conduct).

## Conclusion

For the foregoing reasons, and for the reasons set forth in Westfield East Main Street, LLC's Oppositions to Defendants' Motions to Dismiss, this Court should deny Defendants' Motion for Reconsideration.

        WESTFIELD EAST MAIN STREET LLC

        By its attorneys,

        /s/ Pamela A. Zorn
        David A. Brown, BBO# 556161
        Pamela A. Zorn, BBO# 640800
        Sherin and Lodgen LLP
        101 Federal Street
        Boston, Massachusetts 02110
Dated:  May 5, 2005        (617) 646-2000