"B"

# COMMONWEALTH OF MASSACHUSETTS

Hampden, ss.
Trial Court
Superior Court Department
Civil Action No. 03-1085

HAMPDEN COUNTY
SUPERIOR COURT
FILED
FEB 16 2005

C. DAVID TRADER & others[1]

vs.

ROBERT W. GOLLEGE, JR., COMMISSIONER OF EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS & others[2]

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT KONOVER DEVELOPMENT CORPORATION'S MOTION TO DISMISS APPEAL AND DEFENDANTS' HOME DEPOT U.S.A., INC. AND KONOVER DEVELOPMENT CORPORATION'S JOINT MOTION FOR APPEAL BOND

This case arises from a permit issued by the Westfield Conservation Commission ("the Commission") approving the construction of a Home Depot store in Westfield. Plaintiffs, a group of Westfield residents, were part of a larger group that filed an initial appeal with the Department of Environmental Protection ("DEP") pursuant to 310 C.M.R. 10.05 (7)(a)(b)-(c) seeking an order superceding the Commission's decision to grant the permit. When the DEP affirmed the Commission, plaintiffs subsequently appealed to the Superior Court pursuant to G.L. c. 30A. The Superior Court affirmed the DEP's decision on May 18, 2004, and entered judgment on June 21, 2004. Plaintiffs have filed a notice of appeal of the Superior Court decision. The Konover Development Corporation

---

[1] Jean M. Trader, Joseph B. Mitchell, Teresa K. Mitchell, Donald Gove, Mark D. Siebert, Brian Burke, Michale Breton, Bradford Moir and Mary Moir.
[2] The Executive Office of Environmental Affairs and The Department of Environmental Protection. Konnover Development Corporation and Home Depot USA, Inc. appear as intervenor defendants.

("Konover") moves to dismiss the appeal for lack of jurisdiction arguing that the plaintiffs do not have the required number of citizens to maintain their claim pursuant to 310 CMR 10.05 (7)(a)(5). Home Depot USA, Inc. ("Home Depot") and Konover jointly move for this court to require that plaintiffs post an appeal bond totaling $6,445,787.00 for Home Depot's construction costs and lost profits as well as Konover's projected carrying costs. For the following reasons, the Konover's motion to dismiss is **ALLOWED** and defendants' joint motion for appeal bond is **DENIED**.

## BACKGROUND

On February 28, 2003, Konover filed a Notice of Intent with the Commission seeking a wetlands permit pursuant to G.L. c. 131, §40, to develop land at 514 East Main Street in Westfield. On March 25, 2003, after a public hearing, the Commission issued an Order of Conditions for the proposed development. Under 310 CMR 10.05(7)(b) and (c), any ten residents of the city or town where the land is located may petition the Department of Environmental Protection ("DEP") to issue a superceding order within ten days following the issuance of an Order of Conditions. A group of thirty-six Westfield residents, (including the plaintiffs), petitioned the DEP for a superceding order, however they did not do so before the ten-day limit expired. Accordingly, on April 15, 2003, the DEP dismissed the petition for untimeliness.

On April 28, 2003, the plaintiffs appealed the dismissal to the DEP's Office of Administrative Appeals. On June 23, 2003, an administrative law judge ("ALJ") issued a Recommended Final Decision, advising the appeal be dismissed

because the plaintiffs did not file their request for a superceding order within the ten-day time limit required under 310 CMR 10.05(7)(c). On August 8, 2003, the Commissioner of the DEP ("the Commissioner") adopted the ALJ's decision and issued a final decision denying the appeal. On October 1, 2003, the plaintiffs filed motions for reconsideration of the dismissal and for leave to engage in discovery. On October 7, 2003, the Commissioner denied both motions.

On November 5, 2003, plaintiffs appealed the Commissioner's decision to the Superior Court pursuant to G.L. c. 30A.[3] On May 18, 2004, the Court affirmed the DEP decision to uphold the Order of Conditions and entered judgment in favor of the defendants on June 21, 2004. The plaintiffs then filed a Notice of Appeal.

On March 22, 2004, plaintiffs Joseph and Teresa Mitchell ("the Mitchells") notified the plaintiff's attorney William J. Pudlo ("Attorney Pudlo") in a jointly signed letter that they wished to withdraw from the case. They wrote:

> We are writing to inform you that we have pursued the Westfield Home Depot / Massachusetts Department of Environmental Protection issue as far as we want to take this matter. We no longer wish to be part of the group pursuing this action. Therefore, effective immediately, we withdraw from the group.

On July 25, 2004, plaintiff Mark Siebert ("Siebert") wrote a letter to Attorney Pudlo stating:

> It has come to my attention that you have filed a notice of appeal in Hampden Superior Court . . .
> In light of all my reasons for not wanting another home improvement super store built I also believe it will not be stopped and will eventually happen. For this reason, and the loss of seven previous appeals, I feel it has gone

---

[3] Konover and Home Depot, USA, Inc. (Home Depot) intervened in the action as party defendants pursuant to G.L. c. 30A, §14(2) and Mass. R. Civ. P. 24(a).

3

far enough and I want you to take my name off the list of people opposing the construction of the Westfield Home Depot. I do not want a connection to any further actions that the other nine clients may want to take including this latest appeal to the Hampden Superior Court.

Attorney Pudlo filed Notices of Withdrawal on behalf of the Mitchells, Mr. Siebert and a fourth plaintiff, Brian Burke ("Burke") on September 14, 2004.

## DISCUSSION

"Whenever it appears by suggestion of a party or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Mass. R. Civ. P. 12(h)(3). Massachusetts courts have treated questions of whether the proper number of petitioners appear in a case as a jurisdictional issue, "regardless of the point at which it is first raised." Litton Business Systems, Inc. v. Commissioner of Revenue, 383 Mass. 619, 622 (1981). Because subject matter jurisdiction cannot be conferred by consent, conduct or waiver, this court must take note of a lack of jurisdiction whenever it appears, whether by suggestion of a party or otherwise. Mass R. Civ. P. 12 (h)(3); See Harker v. Holyoke, 390 Mass. 555, 559 (1983). Accordingly, this court cannot proceed if jurisdiction is lacking.

When a conservation commission issues an Order of Conditions "any ten residents of the city or town where the land is located" may request that the DEP issue a superceding order of conditions. 310 CMR 10.05 (7)(a)-(b). The withdrawal of the Mitchells, Siebert and Burke from the case reduced the number of residents remaining in the action to six, a total below the requirements of 310 CMR 10.05 (7)(a). At this point, the analysis becomes an exercise in simple

4

math. A request for DEP action under 310 CMR 10.05 (7)(a)(5) requires a request from ten residents of the municipality where the land is located. When the Mitchell's, Siebert and Burke withdrew from the case, the plaintiffs no longer had the necessary number of citizens required to request action from the DEP. No substitute plaintiffs have been named to replace those who have withdrawn. Therefore, the six residents of Westfield that request DEP action are not enough to support this claim and dismissal is the appropriate action.

Dismissal renders the Home Depot and Konover's motion for an appeal bond moot. As such, it is denied.

### ORDER

For the foregoing reasons, it is hereby **ORDERED** that the defendant Konover Development Corporation's motion to dismiss be **ALLOWED** and the defendant's joint motion for appeal bond be **DENIED**.

Tina S. Page
Associate Justice of the Superior Court

DATED: 15 February 2005