UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTFIELD EAST MAIN STREET LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> C. DAVID TRADER, JEAN M. TRADER, ) <br> DONALD GOVE, MICHALE BRETON, ) <br> BRADFORD MOIR, MARY MOIR, ) <br> INTERSTATE BUILDING SUPPLY, INC. and ) <br> LUMBER CENTER, INC., ) <br> ) <br> Defendants. ) <br> ) | C.A. 04-30170-MAP |

**PLAINTIFF WESTFIELD EAST MAIN STREET LLC'S
PRE-TRIAL MEMORANDUM**

Pursuant to the Court's order dated February 25, 2005, Plaintiff Westfield East Main Street LLC ("Westfield") submits this pre-trial memorandum five (5) days in advance of the Final Pre-Trial Conference scheduled on September 28, 2005. Plaintiff submits this memorandum on its own because, notwithstanding several phone calls, Plaintiff's counsel has been unable to contact Defendants' counsel to confer about the issues raised in this memorandum and defendants' proposed memorandum.

I.    **Concise Statement Of Evidence**

Westfield expects the evidence to show that Defendants engaged in sham litigation intended and designed to delay, impede and prevent the development of a Home Depot store in Westfield, Massachusetts which, if developed, would be situated close to two competing stores, defendants Interstate Building Supply, Inc. ("Interstate") and Lumber Center, Inc. ("Lumber Center"). Westfield entered into a contract with Home Depot for the sale of property at 514 East

Main Street, Westfield, Massachusetts for use as a Home Depot store. In an effort to delay, prevent and impede the development of the Home Depot, the Defendants funded or engaged in frivolous, objectively baseless litigation, which was commenced without cause and for the improper purpose of restricting competition. Westfield expects the evidence to show that Defendants knew that their claims were without merit. Westfield also expects the evidence to show that Defendants continued the litigation without disclosing that several litigants had withdrawn for the tortious and improper purpose of preventing competition from Home Depot. Westfield also expects the evidence to show that it suffered significant damages, including without limitation, substantial delay costs, as a result of Defendants' conduct.

### II.     Stipulated Facts

None. Due to Defendants' counsel's scheduling issues, the parties have been unable to confer about whether they can agree to any stipulated facts, and thus, Plaintiff requests that the parties be given the opportunity to supplement this memorandum after they are able to have such a discussion.

### III.     Contested Issue of Fact

The primary contested issue is whether Defendants' purported concerns with regard to the Home Depot development were mere pretexts intended to prevent the development of a Home Depot store which would compete with Defendants Interstate and Lumber Center and, thus, whether Defendants' conduct was tortious and violated G.L. c. 93A.

### IV.     Jurisdictional Questions

None.

**V.     Questions Raised By Pending Motions**

The Defendants' Motions to Dismiss were denied. Defendants moved for reconsideration, which the Court allowed, directing the clerk to schedule re-argument on the Motions to Dismiss. That argument has not yet been scheduled.

**VI.     Issues of Law**

There are no unusual issues of law.

**VII.     Requested Amendments to the Pleadings**

To date, Plaintiff has no requested amendments to the pleadings, but reserves the right to amend the complaint in accordance with the evidence, if necessary.

**VIII.     Additional Matters To Aid In Disposition Of The Case**

Plaintiff will agree to engage in mediation in an effort to resolve the matter short of trial.

**IX.     Probable Length of Trial**

Plaintiff expects the trial to last 2-3 trial days. Plaintiff has not requested a jury trial.

**X.     Plaintiff's Witnesses**

Plaintiff reserves the right to call the following witnesses at trial:

1.     C. David Trader
       160 Munger Hill Road
       Westfield, Massachusetts 01805

Plaintiff expects Mr. Trader to testify about the administrative, Superior Court, and Appeals Court litigation with regard to the Home Depot Development (the "Home Depot Action"), how and why he became involved in the Home Depot Action, the decision to file the appeal in the Home Depot Action, his involvement in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

- 4 -

      2.      Joseph B. Mitchell
              153 Munger Hill Road
              Westfield, Massachusetts 01805

Plaintiff expects Mr. Mitchell to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, his efforts to withdraw from the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

      3.      Teresa K. Mitchell
              153 Munger Hill Road
              Westfield, Massachusetts 01805

Plaintiff expects Mrs. Mitchell to testify about the Home Depot Action, how and why she became involved in the Home Depot Action, her efforts to withdraw from the Home Depot Action, and her relationship to Lumber Center and/or Interstate Lumber.

      4.      Mark D. Siebert
              56 Klondike Avenue
              Westfield, Massachusetts 01805

Plaintiff expects Mr. Siebert to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, his efforts to withdraw from the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

      5.      Brian Burke
              3 Lois Street
              Westfield, Massachusetts 01805

Plaintiff expects Mr. Burke to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, his efforts to withdraw from the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

      6.      Michael Breton
              1162 East Mountain Road
              Westfield, Massachusetts 01805

Plaintiff expects Mr. Breton to testify about the Home Depot Action, Lumber Center, Lumber Center's involvement in the Home Depot Action, the decision to file the appeal in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

      7.      Bradford Moir
              203 Western Avenue
              Westfield, Massachusetts 01805

Plaintiff expects Mr. Moir to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, the decision to file the appeal in the Home Depot Action, his involvement in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

       8.     William J. Pudlo
                7 Park Drive
                West Springfield, Massachusetts 01090

Plaintiff expects Attorney Pudlo to testify about the withdrawal of certain petitioners prior to the filing of the appeal in the Home Depot Action.

       9.     Karro Frost
                New England Environmental, Inc.
                9 Research Drive
                Amherst, Massachusetts 01002

Plaintiff expects Ms. Frost to testify about work she performed for Mr. Moir with regard to the Home Depot site. She is expected to testify that she informed Mr. Moir that there were no environmental conditions that would prevent the Home Depot development.

      10.    Richard Battistoni
                Interstate Building Supply, Inc.
                635 College Highway
                Southwick, Massachusetts

Plaintiff expects Mr. Battistoni to testify about the Home Depot Action, Interstate Building Supply, Interstate Building Supply's involvement in the Home Depot Action, the decision to file the appeal in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Building Supply.

      11.    Representative from Westfield East Main Street LLC and/or Konover
                Development Corporation

Westfield East Main Street is expected to testify about the Home Depot Action and, in particular, the damages, including without limitation, the delay costs, it has incurred as a result of the Home Depot Action.

### XI.    Plaintiff's Proposed Exhibits

Plaintiff plans to introduce the following exhibits at trial. At this time, Plaintiff is unable to distinguish those exhibits that will be introduced without objection from those that will be

00079977.DOC / 3

introduced with objection due to Plaintiff's counsel's inability to confer with Defendants' counsel.

1. All pleadings and filings in the matter captioned *Trader et al. v. Golledge, Konover Development Corp., and Home Depot USA, Inc.*, C.A. No. 03-1085, including the administrative record and all attachments to such pleadings and filings;

2. Affidavit of Mark Seibert, with attachments;

3. Affidavit of Joseph B. Mitchell, with attachments;

4. Phone Log dated March 11, 2003 - Exhibit 2 from Karro Frost Deposition

5. Memorandum dated March 12, 2003 – Exhibit 3 from Karro Frost Deposition

6. New England Environmental, Inc. New Job Entry Form – Exhibit 4 from Karro Frost Deposition

7. Letter from Brad Moir to Karro Frost dated March 18, 2003 – Exhibit 5 from Karro Frost Deposition

8. Letter from Karro Frost to Brad Moir dated March 25, 2003 – Exhibit 6 from Karro Frost Deposition

9. Phone Log dated April 4, 2003 – Exhibit 7 from Karro Frost Deposition

10. Letter from Brad Moir to Karro Frost dated April 2, 2003 – Exhibit 8 from Karro Frost Deposition

11. Memorandum from Karro A. Frost to Brad Moir dated April 4, 2003 – Exhibit 9 from Karro Frost Deposition

12. Facsimile from Brad Moir to Karro Frost dated April 9, 2003 – Exhibit 10 from Karro Frost Deposition

13. Facsimile from Brad Moir to Karro Frost dated April 9, 2003 – Exhibit 11 from Karro Frost Deposition

14. Letter from Brad Moir to Karro Frost dated April 15, 2003 – Exhibit 12 from Karro Frost Deposition

15. Letter from Michele Clark to Robert J. McCollum, dated April 18, 2003 – Exhibit 1 from Michele Clark deposition

16. List of addresses – Exhibit 5 from Clark Deposition

00079977.DOC / 3

- 7 -

17. Certified Mail Receipts dated April 2, 2003 – Exhibit 8 from Clark Deposition

18. Certified Mail Receipts dated March 26, 2003 – Exhibit 9 from Clark Deposition

19. Order of Conditions stamped March 27, 2003 – Exhibit 4 from Jeremiah Mew Deposition

20. Corrected Order of Conditions stamped April 3, 2003 – Exhibit 5 from Jeremiah Mew Deposition

21. Request for Departmental Action stamped April 11, 2003 – Exhibit 6 from Jeremiah Mew Deposition

Plaintiff reserves the right to supplement this list prior to trial and to introduce rebuttal exhibits.

        WESTFIELD EAST MAIN STREET LLC
By its attorneys,


/s/ David A. Brown
David A. Brown, BBO# 556161
Pamela A. Zorn, BBO# 640800
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000