UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case #04-30170-MAP

| | |
|---|---|
| WESTFIELD EAST MAIN )<br>STREET LLC, Plaintiff )<br>)<br>v. )<br>)<br>)<br>C. DAVID TRADER, )<br>JEAN M. TRADER, )<br>JOSEPH B. MITCHELL, )<br>TERESA K. MITCHELL, )<br>DONALD GOVE, )<br>MARK D. SIEBERT, )<br>BRIAN BURKE, )<br>MICHAEL BRETON, )<br>BRADFORD MOIR, )<br>MARY MOIR, )<br>INTERSTATE BUILDING )<br>SUPPLY, INC., and )<br>LUMBER CENTER, INC., )<br>**Defendants** | DEFENDANTS' RESPONSE TO<br>PRETRIAL ORDER OF THE COURT<br>AND PRETRIAL MEMORANDUM |

Now come the Defendants, through Counsel, and respond to the Pretrial order of the Court as follows:

**Local Rule 16.5 Report:**

While the parties have not met in person, there have been written communications and telephonic discussions relative to the potential for settlement. At this juncture, the Plaintiff has made an offer and the Defendants have rejected the offer and made a counterproposal.

The Defendants have provided a draft Stipulation of Uncontested Facts for review by the Plaintiff and its Counsel. A response is expected before the Pretrial Conference and a final Stipulation should be filed at that time.

The Defendants, individually, believe the only issue to be tried is whether their actions were consistent with the exercise of their Constitutional rights of petition in connection with the wetlands permit sought and obtained by Konover Development Corporation from the Westfield Conservation Commission. The named corporate Defendants believe that the only issue to be tried is whether these entities, in any manner, participated in the exercise of the individual Defendants' rights to petition with an intent to interfere with the contractual actions of the Plaintiff.

The Defendants have provided the Plaintiffs with document responses and six of the Defendants have been deposed, identifying documents at their respective depositions. The Defendants have not been advised as of this date of the documents the Plaintiff intends to introduce at trial. However, Defendants believe that the documents will be identified prior to the Pretrial Conference.

The Defendants will testify at trial and will call as other witnesses in their defense, the secretary of the Westfield Conservation Commission, the Massachusetts Department of Environmental Protection officer, Jeremiah Mews, Karro Frost, the defendants' environmental consultant in the underlying wetlands petition actions and the representatives of Konover Development Corporation, Home Depot and officers of the

Plaintiff limited liability company. The Plaintiff has not, as of this date, provided a final witness list, but is anticipated to do so prior to the Pretrial Conference. The Defendants plan no experts in connection with the issues to be tried.

**PRETRIAL MEMORANDUM**

1. The Defendants believe that the credible evidence produced at trial will demonstrate that the individual Defendants had no clear understanding of the relationship between the Plaintiff and Konover Development Corp. and that the petition for a wetlands permit sought by Konover Development Corporation was being done for the benefit of the Plaintiff. The evidence will show that, other than being named in the application (Notice of Intent), the Plaintiff was never clearly identified at the public hearing or any proceeding thereafter. In fact, the Plaintiff never made any attempt to intervene in the Massachusetts Superior Court proceedings, despite what they have identified in the pleadings in this action as an economic interest. As a result, the Defendants do not believe that the Plaintiff suffered any damage as a result of the Defendants' exercise of their right to petition. With respect to the corporate entities named as Defendants, the trial evidence will demonstrate that there was no participation by those entities in the petition process other than the personal involvement of the Defendant, Michael Breton. Finally, the Defendants believe that there is no evidence that can be produced at trial that will show, by a preponderance thereof, that the alleged "economic interest" of

the Plaintiff or the Plaintiff's "contractual relations" were ever disclosed or interfered with by the Defendants.

2. The Defendant believes that the names and addresses of all the parties hereto are admitted as facts not in dispute. The Defendant believes that the documents which make up the administrative record in the Massachusetts Superior Court action are not in dispute.

3. The Defendants believe that the facts in contention in this action are all facts related to the actions of the Defendants in connection with the wetlands permits sought by Konover Development Corporation. The Defendants assert that their actions were an exercise of their constitutional right of petition while the Plaintiff has asserted that these actions amounted to an intentional interference with the Plaintiff's contractual relations. Also in contention is the Plaintiff's assertion that the actions of the Defendants directly caused damage to be suffered by the Plaintiff.

4. There appear to be no jurisdictional issues.

5. There is still outstanding the Defendants' Motions to Dismiss (2 separate motions) based upon the so-called Massachusetts Anti-SLAPP statute. The motions were the subject of a Motion for reconsideration and have not yet been heard. There are also some minor discovery matters that are still pending (responses from the Plaintiff to the Defendants' Interrogatories and Request for Production of Documents)

6. The Defendants believe that there is need to re-examine the issue of whether the provisions of Massachusetts General laws, Chapter 231, §59H, as most

recently interpreted and amplified by the Supreme Judicial Court of Massachusetts in **Kobrin v. Gastfriend, 443 Mass. 327 (2005)**, are applicable to this action as a substantive statute creating new substantive rights, and not merely a procedural mechanism. (a copy of this case is attached hereto for the Court's benefit)

7. Defendants do not request any amendments to the pleadings at this time.

8. Defendants are not aware of any additional matters that would aid in disposition of this case.

9. The Defendants have made a claim for a Jury Trial. If the Court's schedule is for "full" days (9:00 a.m. to 4:00 p.m.) it will require five (5) days. If the Court's schedule will be "half" days (9:00 a.m. to 1:00 p.m.), defendants anticipate the trial will require ten (10) days.

10. **Defendants' Anticipcted Witnesses:**

(a) C. David Trader, 160 Munger Hill Road, Westfield, Massachusetts 01085
Will testify regarding his participation in the petition process.

(b) Jean M. Trader, 160 Munger Hill Road, Westfield, Massachusetts 01085
Will testify regarding her participation in the petition process.

(c) Bradford Moir, 203 Western Avenue, Westfield, Massachusetts 01085.
Will testify regarding his participation in the petition process.

(d) Mary Moir, 203 Western Avenue, Westfield, Massachusetts 01085.
Will testify regarding her participation in the petition process.

(e) Karro Frost, 9 Research Drive, Amherst, Massachusetts 01002.
Will testify regarding the compensatory flood storage issues related to the wetlands permit application.

(f) Michael Breton, 1162 East Mountain Road, Westfield, Massachusetts 01085.
Will testify regarding his participation in the petition process.


(g) Donald Gove, 100 Court Street, Westfield, Massachusetts 01085.

Will testify regarding his participation in the petition process.

(h) Mark Siebert, 56 Klondike Avenue, Westfield, Massachusetts 01085.

Will testify regarding the influence exerted by representatives of the developer or members of the local government on his participation.

(i) Joseph B. Mitchell, 153 Munger Hill Road, Westfield, Massachusetts 01085.

(j) Will testify regarding advice and information given by representatives of the developer.

(k) Richard Battistoni, c/o 635 College Highway, Southwick, Massachusetts 01077.

Will testify that although he had an interest in the proposed development by a potential competitor, he did not pursue any petition or participate in the petition process.

(l) Representatives of Konover Development Corporation.

Will testify regarding the relationship between Konover Development Corporation and the Plaintiff and the extent to which that relationship was disclosed at any public hearing, and the extent to which the relationship between the Plaintiff and Home Depot were disclosed in any public manner.

(m) Representatives of Home Depot U.S.A., Inc.

Will testify regarding the relationship between the Plaintiff and Home Depot and the extent to which any such information was public ally distributed

(n) Jeremiah Mews, Massachusetts Department of Environmental Protection, Western Division, Springfield, Massachusetts.

Will testify regarding the circumstances surrounding the "date of issuance" of the Order of Conditions to Konover Development Corporation, the loss of the envelope in which the Order was mailed from the Westfield Conservation Commission and the record discrepancies in connection with the Konover file relevant to this case.

(o) The secretary of the Westfield Conservation Commission, Westfield City Hall, Westfield, Massachusetts 01085.

Will testify that she did not prepare the order of Conditions until March 26, 2003 and delivered it that day to the Westfield City Hall mail room for mailing, and she

will also testify that the City of Westfield mail room uses a postage meter for all mailings.

(p) Representative of Westfield East Main Street, LLC.

Will testify regarding any public disclosure of the relationship between the Plaintiff and Konover Development Corporation, and the extent to which any relationship of a contractual nature was publicly communicated by the Plaintiff or its representatives.

## 11.   Defendants' Anticipated Trial Exhibits:

(a) The administrative record of the Massachusetts Superior Court proceeding.

(b) The copy of the Express Mail envelope mailed by the Defendants to the Massachusetts DEP on April 10, 2003.

(c) The Order of Conditions "log" produced by the Massachusetts DEP Western Regional office.

(d) April 2003 *ex parte* letter from Counsel for Konover development Corporation to Robert McCollum, Massachusetts DEP Wetlands Coordinator .

(e) The computer printout from DEP Western Region showing that the Order of Conditions was filed on March 31, 2003.

(f) Copy of envelope from Westfield Conservation Commission to Plaintiff showing return by reason of "no such number" and showing Westfield City Hall Mail Room postage meter application.

(g) Facsimile transmission from R. Levesque Associates LLC to Westfield Conservation Commission dated 4/2/03 containing the narrative on compensatory flood storage.

(h) Order of Conditions with DEP receipt stamp of 3/27/03.

(i) Order of Conditions with DEP receipt stamp of 4/3/03.

The Defendants,
by their Attorney,

_____
William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-4000

### Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by transmitting a copy by facsimile transmission and mailing a copy of the same, postage prepaid, to Attorney Pamela Zorn, 101 Federal Street, Boston, Massachusetts 02110.

Dated: September 21, 2005

_____
William J. Pudlo

\win\word\HomeDepotfederalPretrialMemorandum2