UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 04-30170-MAP

WESTFIELD EAST MAIN STREET LLC, )
)
Plaintiff, )
)
v. )
)
C. DAVID TRADER and JEAN M. TRADER, )
DONALD GOVE, MICHALE BRETON, )
BRADFORD MOIR, MARY MOIR, )
INTERSTATE BUILDING SUPPLY, INC. )
and LUMBER CENTER, INC., )
)
Defendants. )

PLAINTIFF'S RESPONSE TO DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF SPECIAL MOTION TO DISMISS

Plaintiff Westfield East Main Street LLC ("Westfield") brought this action alleging that defendants Interstate Building Supply, Inc. ("Interstate") and Lumber Center, Inc. ("Lumber Center") have, with anti-competitive motive, funded the individual defendants in a campaign aimed at preventing Home Depot, a potential competitor, from opening its doors in Westfield, Massachusetts. Six individual defendants, C. David Trader, Jean M. Trader, Donald Gove, Michael Breton, Bradford Moir and Mary Moir (the "Defendants"), moved to dismiss this action under the Massachusetts anti-strategic litigation against public participation ("Anti-SLAPP") statute, Mass. Gen. L. c. 231, §59H.[1] The Court denied Defendants' Motion, holding that the Anti-SLAPP statute is a procedural mechanism that does not apply to federal courts sitting in diversity. Moreover, the Anti-SLAPP statute does not protect petitioning activity of the

---

[1] Defendants' Motion to Reconsider does not apply to the Court's denial of the Motion to Dismiss Interstate Building Supply, Inc. and Lumber Center, Inc., which was not premised on the Anti-SLAPP statute and which the Court denied on the merits.

00089729.DOC / 2

Defendants that is devoid of any reasonable factual support or any arguable basis in law. However, because Defendants' counsel failed to appear at the hearing, the Court allowed Defendants to move for reconsideration, which Defendants have now done.

In their supplemental memorandum, Defendants wrongly contend that the Massachusetts Supreme Judicial Court's recent decision in Kobrin v. Gastfriend, 443 Mass. 327 (2005), supports their position that the Massachusetts Anti-SLAPP statute applies to actions brought in federal court and thus undermines the Court's ruling in Stubborn Limited Partnership v. Bernstein, upon which this Court relied in denying the Defendants' Special Motion to Dismiss. The Massachusetts Supreme Judicial Court's decision in Kobrin does not impact the Court's decision in Stubborn and does not suggest that the procedural aspects of the Massachusetts Anti-SLAPP statute apply to actions pending in federal court. To the contrary, it is well established that federal, and not state, procedural rules apply to diversity actions pending in federal court.

Defendants' supplemental memorandum is meritless and provides no basis on which this Court should reconsider its prior ruling. This Court should reject the arguments set forth in Defendants' Supplemental Memorandum and uphold its denial of Defendants' Special Motion to Dismiss.

## **Argument**

I. **THE COURT CORRECTLY HELD THAT THE MASSACHUSETTS ANTI-SLAPP STATUTE IS A PROCEDURAL RULE THAT DOES NOT APPLY TO FEDERAL COURT ACTIONS.**

In denying Defendants' Special Motion to Dismiss, the Court held that:

> Judge Lasker's decision in Stubborn Ltd. Partnership v. Bernstein, 245 F. Supp. 2d 312 (D. Mass. 2003), persuasively held that the Massachusetts Anti-Strategic Litigation Against Public Participation statute was procedural and therefore inapplicable in federal court under the principles established in Erie v. Tompkins, 304 U.S. 64 (1938), and its progeny. Moreover, the arguments offered in support of dismissal for failure to state a claim

appeared to incorporate evidence outside of the four corners of the complaint. The complaint on its face states a claim.

See Memorandum and Order Regarding Defendants' Motions to Dismiss, dated January 31, 2005, attached hereto as Tab A. Thus, "[b]ased on the weakness of the defendants' Motions to Dismiss, and the failure of defendants' counsel to appear for argument, the court denied the motions," without prejudice to a motion to reconsider. Id. Almost three months later, on April 21, 2005, Defendants moved to reconsider the Court's decision, and on October 14, 2005, Defendants filed their Supplemental Memorandum.

The Court's decision to deny the Special Motion to Dismiss was grounded in law and fact and should stand. In Stuborn Limited Partnership v. Bernstein, 245 F.Supp.2d 312, 316 (D. Mass. 2003), the Court ruled that the Massachusetts Anti-SLAPP statute, Mass. Gen. L. c. 231, §59H, is a procedural statute that is inapplicable to a federal court sitting in diversity. In Stuborn, Stuborn Limited Partnership's predecessor applied for and received a permit to redevelop the Cape Codder Hotel and its ancillary buildings into a residential condominium complex. Id., p. 313. The Bernsteins (condominium owners) opposed the construction of the Main Building, and "left no path to legal recourse unexplored. That is, a serious campaign to stop the construction of the Main Building ensued, allegedly lead by Frederick Bernstein (a lawyer)." Id., p. 314. As the Court recognized:

> There is no dispute that the Bernsteins challenged the legality of the Main Building Construction in various forums, when possible appealed the consistently adverse rulings, and failed to obtain a favorable ruling at any point along the way.

Id., p. 314. The Court found that "[i]n spite of the Bernsteins' campaign to halt the Main Building construction, no agency board or court agreed with the Bernsteins that the Main Building violated any laws." Id. After construction was completed, Stuborn sued the Bernsteins alleging, *inter alia*, breach of contract, tortious interference with contractual relations and

advantageous business relationship. Stuborn argued that "the Bernsteins' litigious behavior caused an eighteen month delay in the construction of the Main Building" thus costing Stuborn increased construction costs, additional expenses and legal costs, additional building material costs, and damages to its reputation.

The Court denied the Bernsteins' Special Motion to Dismiss under the Massachusetts Anti-SLAPP statute. See id., p. 316. In so doing, the Court reasoned that under the Federal Rules of Civil Procedure, inferences are to be made in favor of the plaintiff on motions to dismiss, but that the Massachusetts Anti-SLAPP statute "shifts these presumptions and authorizes defendants in a SLAPP suit to file a special motion to dismiss in the infancy of the lawsuit." Id., p.314. In considering the competing procedures, the Court held that the Anti-SLAPP statute is procedural in nature and conflicts with Federal Rules of Civil Procedure. Id., p. 316. Accordingly, the Court ruled:

> Because the procedures provided in the Anti-SLAPP statute conflict with the Federal Rules of Civil Procedure, it is unnecessary to reach the merits of the Bernsteins' motion. The expedited nature of the Anti-SLAPP procedures – which as noted above differs significantly from the Federal Rules of Civil Procedure framework – has the obvious drawback of pushing the court to make factual findings and legal conclusions sometimes prematurely. The parties dispute the motives animating the Bernsteins' enduring campaign against the construction of the Main Building. Such disputes over motive are inherently fact-laden; therefore, it is preferable not to attempt to resolve them on the scant evidence of record at this time.

Id., p. 316. For these same reasons, the Anti-SLAPP statute does not apply in this action. Accordingly, the Court should uphold its denial of Defendants' Motion to Dismiss.

II.    ***KOBRIN V. GASTFRIEND*, THE SOLE CASE UPON WHICH DEFENDANTS RELY, IS INAPPOSITE AND SHOULD NOT AFFECT THE COURT'S RULING DENYING DEFENDANTS' SPECIAL MOTION TO DISMISS.**

Defendants contend that Kobrin v. Gastfriend, 443 Mass. 327 (2005), supports their proposition that the procedures provided in Mass. Gen. L. c. 231, §59H, the Massachusetts Anti-

SLAPP Statute, apply to diversity matters brought in federal court. Kobrin does no such thing. Indeed, the Kobrin Court was not asked to address, nor did it address, the issue of whether the Anti-SLAPP statute is a substantive or procedural statute.

In Kobrin, plaintiff, a licensed psychiatrist, sued defendant, a psychiatrist retained by the Commonwealth of Massachusetts to assist with a criminal investigation of the plaintiff, claiming that defendant submitted an expert affidavit in connection with that investigation "knowing the information contained therein [was] false, misleading and fraudulent and was maliciously included therein with the intention to injure" the plaintiff. See id., at 328-330. The Defendant moved to dismiss the complaint pursuant to the Anti-SLAPP Statute. See id. at 330. The Superior Court allowed the motion. See id. On appeal, Plaintiff argued that the Anti-SLAPP statute was not applicable to the defendant because he was not "petitioning the government," as required for protection under the Anti-SLAPP statute, but rather was providing paid assistance to the government in its case. See id. The question for the Supreme Judicial Court, therefore, was whether the defendant's activities were governed by the Anti-SLAPP statute, and not, as in this case, whether the procedural mechanisms of the Anti-SLAPP statute apply in federal court.

The Anti-SLAPP statute provides in part:

> In any case in which a party asserts that the civil claims, counterclaims, or cross claims against said party are based on said party's exercise of its right of petition under the constitution of the United States or of the commonwealth, said party may bring a special motion to dismiss.

In ruling that the Defendant was not entitled to protection under the Anti-SLAPP statute, the Supreme Judicial Court, analyzing the statute's plain language, reasoned that "the defendant was not exercising *his* right to petition or to seek any redress from the board, . . . but rather was acting solely on behalf of the board as an expert investigator and witness." Id. at 333. Thus, the Court found that the Anti-SLAPP statute did not apply.

Nothing in the Kobrin decision alters Judge Lasker's finding in Stuborn that the Anti-SLAPP statute is procedural in nature, conflicts with the Federal Rules of Civil Procedure, and therefore, under the principles articulated in Erie, does not apply to federal courts sitting in diversity. In fact, consistent with earlier decisions, in both the majority and the dissent, the Kobrin court recognized that the Anti-SLAPP statute is a "procedural" mechanism. See Kobrin, supra 443 Mass. at 331 ("The statute employs a number of mechanisms to protect the rights of those providing information to the government, including a special motion to dismiss and expedited hearing on the motion, a stay of discovery proceedings pending the motion's disposition, and the award of attorney's fees and costs to successful moving parties."); 342 ("For a judge to proceed otherwise would frustrate the *procedural design* of the special motion and the intent of the legislature)(emphasis added) and 348 (dissent) ("The statute also establishes a *procedural mechanism* to enforce this immunity in a pragmatic way at the outset, before the defendant has been subjected to the expense and anxiety of protracted litigation.") Defendants' efforts to use Kobrin as a basis for this Court to reconsider its decision denying their Special Motion to Dismiss must fail. This Court's reliance on Stuborn was appropriate, and its decision should stand.

## **Conclusion**

For the foregoing reasons, and for the reasons previously presented, the Court should DENY Defendants' Special Motion to Dismiss.

                        WESTFIELD EAST MAIN STREET LLC,

                        By its attorneys,

                        /s/ Pamela A. Zorn
                        David A. Brown, BBO# 556161
                        Pamela A. Zorn, BBO# 640800
                        Sherin and Lodgen LLP
                        101 Federal Street
                        Boston, Massachusetts 02110

Dated: November 18, 2005      (617) 646-2000