UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Case #04-30170-MAP

WESTFIELD EAST MAIN )
STREET LLC, Plaintiff  )
                       )
        v.             )
                       )
                       )
C. DAVID TRADER,       )      **DEFENDANTS' ANSWER TO PLAINTIFF'S**
JEAN M. TRADER,        )      **COMPLAINT AND COUNTERCLAIMS**
JOSEPH B. MITCHELL,    )
TERESA K. MITCHELL,    )
DONALD GOVE,           )
MARK D. SIEBERT,       )
BRIAN BURKE,           )
MICHAEL BRETON,        )
BRADFORD MOIR,         )
MARY MOIR,             )
INTERSTATE BUILDING )
SUPPLY, INC., and      )
LUMBER CENTER, INC., )
**Defendants**             )

Now come the Defendants, through Counsel, and answer the Plaintiff's Complaint

as follows:

**Preliminary Statement**

This section of the Plaintiff's Complaint is not an averment of fact and is simply a

viewpoint or opinion expressed by the Plaintiff, through Counsel, as to what the Plaintiff

believes the case involves and any reference to any suggested actions of all or any of the

Defendants is not an averment of fact that requires any response.  The Defendants suggest that this statement is mere surplusage for the most part.

### Parties

1. The Defendants are without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 1 o the Complaint.

2. The Defendants admit so much of paragraph 2 of the Complaint as reflects the named party's address but admits to being a personal friend of Richard Battistoni.

3. The Defendants admit paragraph 3 of the Complaint.

4. The Defendants admit paragraph 4 of the Complaint.

5. The Defendants admit paragraph 5 of the Complaint.

6. The Defendants admit so much of paragraph 6 of the Complaint as relate to the named party's address, but cannot admit or deny the balance of the allegations set forth therein.

7. The Defendants admit paragraph 7 of the Complaint.

8. The Defendants admit paragraph 8 of the Complaint.

9. The Defendants admit paragraph 9 of the Complaint.

10. The Defendants admit so much of paragraph 10 of the Complaint as relate to the named party's address but cannot admit or deny the balance of the allegations contained therein.

11. The Defendants admit paragraph 11 of the Complaint.

12. The Defendants admit paragraph 12 of the Complaint.

13. The Defendants admit paragraph 13 of the Complaint.

## Jurisdiction and Venue

14. The Defendants admit so much of paragraph 14 of the Complaint as relate to the provisions of 28 U.S.C. §1332(a) (1) on diversity of citizenship, but deny that the amount in controversy is or exceeds the sum of $75,000.00.

15. The Defendants admit paragraph 15 of the Complaint.

## Factual Background

16. The Defendants admit paragraph 16 of the Complaint.

17. The Defendants admit so much of paragraph 17 as relate to the fact that a hearing was conducted by the Westfield Conservation Commission on the evening of March 25, 2003, but deny the remaining allegations contained therein.

18. The Defendants admit so much of paragraph 18 as relate to the delivery of the petition and the later substitution of a party, but deny the remaining allegations contained therein.

19. The Defendants admit paragraph 19 of the Complaint as it relates to the denial of the Defendants' petition as "untimely", deny the remaining allegations contained therein, and further answering state that the Plaintiff's agent, through Counsel, sent an *ex parte* communication to the decision making authority, prior to the decision being made and suggesting therein that the petition was unitmely.

20. The Defendants admit so much of paragraph 20 as relate to the filing of an administrative appeal and the filing of an opposition by the Plaintiff's agent, but deny the remaining allegations contained therein.

21. The Defendants admit paragraph 21 [17 sic] of the Complaint.

22. The Defendants admit paragraph 22 [18 sic] of the Complaint.

23. The Defendants deny the allegations of paragraph 23 [19 sic] of the Complaint.

24. The Defendants deny the allegations of paragraph 24 [20 sic] of the Complaint insofar as they imply that the corporate entities were the sole funding sources.

25. The Defendants admit paragraph 25 [21 sic] of the Complaint.

26. The Defendants admit paragraph 26 [22 sic] of the Complaint.

27. The Defendants admit paragraph 27 [23 sic] of the Complaint.

28. The Defendants admit paragraph 28 [24 sic] of the Complaint.

29. The Defendants admit paragraph 29 [25 sic] of the Complaint.

30. The Defendants admit so much of paragraph 30 [26 sic] as relates to the filing of the Motion for Limited Discovery, but denies the remaining allegations of said paragraph. Further answering, the Defendants state that the initial Complaint pursuant to M.G.L. c. 30A contained a Count related to the need for limited discovery on a dispositive issue in the case.

31. The Defendants admit so much of paragraph 31 [27 sic] as relates to the hearing on the Motion for Affirming the Agency Decision and the matters related to the outstanding discovery motion, but denies the remaining allegations of said paragraph.

32. The Defendants admit paragraph 32 [28 sic] of the Complaint.

33. The Defendants deny the allegations of paragraph 33 [29 sic] of the Complaint insofar as they imply that the corporate entities were the sole funding sources.

34. The Defendants admit paragraph 34 [30 sic] of the Complaint.

35. The Defendants deny the allegations of paragraph 35 [31 sic] of the Complaint.

36. The Defendants are without sufficient information to admit or deny the allegations set forth in paragraph 36 [32 sic] of the Complaint.

37. The Defendants deny the allegations of paragraph 37 [33 sic] of the Complaint.

38. The Defendants deny the allegations of paragraph 38 [34 sic] of the Complaint.

39. The Defendants deny the allegations of paragraph 39 [35 sic] of the Complaint.

40. The Defendants deny the allegations of paragraph 40 [36 sic] of the Complaint.

41. The Defendants deny the allegations of paragraph 41 [37 sic] of the Complaint.

**Count I**

42. Paragraph 42 [38 sic] requires no response.

43. The Defendants have insufficient information to admit or deny the allegations set forth in paragraph 43 [39 sic] of the Complaint.

44. The Defendants deny the allegations set forth in paragraph 44 [40 sic] of the Complaint.

45. The Defendants deny the allegations set forth in paragraph 45 [41 sic] of the Complaint.

46. The Defendants deny the allegations set forth in paragraph 46 [42 sic] of the Complaint.

47. The Defendants deny the allegations set forth in paragraph 47 [43 sic] of the Complaint.

## Count II

48. Paragraph 48 [44 sic] requires no response.

49. The Defendants have insufficient information to admit or deny the allegations set forth in paragraph 49 [45 sic] of the Complaint.

50. The Defendants deny the allegations set forth in paragraph 50 [46 sic] of the Complaint.

51. The Defendants deny the allegations set forth in paragraph 51 [47 sic] of the Complaint.

52. The Defendants deny the allegations set forth in paragraph 52 [48 sic] of the Complaint.

53. The Defendants deny the allegations set forth in paragraph 53 [49 sic] of the Complaint.

## Count III

54. Paragraph 54 [50 sic] requires no response.

55. The Defendants are without sufficient information to admit or deny the allegations of paragraph 55 [51 sic] of the Complaint.

56. The Defendants admit paragraph 56 [52 sic] of the Complaint.

57. The Defendants deny the allegations set forth in paragraph 57 [53 sic] of the Complaint.

58. The Defendants deny the allegations set forth in paragraph 58 [54 sic] of the Complaint.

59. The Defendants deny the allegations set forth in paragraph 59 [54 sic] of the Complaint.

WHEREFORE, the Defendants demand that the Plaintiff's Complaint be dismissed and that it take nothing.

## First Affirmative Defense

The individual Defendants herein have at all times engaged in actions which were the proper exercise of their right to petition pursuant to the Constitution of the United States and the Massachusetts Declaration of Rights.

## Second Affirmative Defense

The actions of the Plaintiff have been conducted in violation of the provisions of Massachusetts General Laws, Chapter 231, §59H, and therefore any recovery sought herein is barred by the application of the statute.

## Third Affirmative Defense

The corporate Defendants herein are not barred by law or other applicable statute, rule or regulation from contribution to legal actions of other parties and therefore any claims that said activities constitute a cause of action are unfounded and the Plaintiff is barred from recovery under such a theory.

### Fourth Affirmative Defense

The corporate Defendants herein have not engaged in any activity specifically prohibited by the Massachusetts Attorney General's rules and regulations promulgated pursuant to Massachusetts General Laws Chapter 93A and therefore the Plaintiff's action pursuant to said statute is barred.

### Fifth Affirmative Defense

The Plaintiff's actions are frivolous and unfounded, advanced in bad faith and are violative of Massachusetts General Laws Chapter 231, §6F.

### Sixth Affirmative Defense

None of the defendants herein had any knowledge of any contractual arrangements between the Plaintiff herein and Home Depot and therefore the Plaintiff is barred in its claims.

## Seventh Affirmative Defense

On the basis of information and belief, the Plaintiff and Home depot purportedly exercised their rights under some unknown arrangement as the property has been conveyed to Home Depot, therefore the Plaintiff has suffered no damage.

## Individual Defendants Counterclaim

1. The Defendants restate paragraphs 1 through 15 of the Complaint as if set forth herein.

2. At all times relevant hereto the individual Defendants collectively sought input from an environmentalist, Karro Frost, prior to commencing their actions of petition by filing the request for a Superseding Order on April 10, 2003 with the Massachusetts Department of Environmental Protection (hereinafter referred to as the "DEP")

3. Between March 25, 2003 and April 7, 2003, the individual Defendants made several attempts to obtain a copy of the Order of Conditions purportedly issued by the Westfield Conservation Commission (hereinafter referred to as the "Commission"), but were not given a copy of all documents filed with the DEP.

4. The Commission did not deliver to the individual Defendants, in a timely manner, a copy of the "Corrected Order of Conditions".

5. The individual Defendants, on the belief that the Order could not have been issued prior to march 27, 2003 file their request in a timely manner on April 10, 2003.

6. The Counsel for the Plaintiff's agent filed an *ex parte* letter with the DEP suggesting that the petition be dismissed as untimely.

7. Less than 24 hours following the *ex parte* communication, the DEP denied the individual Defendants' petition as untimely.

8. The initial DEP denial, however, relied upon what the individual Defendants contended was an incorrect "date of issuance".

9. Throughout the entire process of appeal to the Administrative Law Judge and thereafter through the Superior Court action and subsequent appeal, the issue was always the "untimliness" of the individual Defendants' petition.

10. At all times relevant hereto, the Plaintiff, its agents and employees and the DEP knew or should have known that the averments of the individual Defendants were in fact true and that under applicable regulation and facts since adduced through discovery in this action, the individual Defendants' petition was timely.

11. Following the commencement of the action in the Superior Court, the Plaintiff, acting through its agents, suggested that litigation would ensue against the individual Defendants for their appeals of the issue of timeliness.

12. The threats of litigation against the individual Defendants were reported in the local newspapers (the Westfield Evening News and Springfield Republican).

13. The individual Defendants were characterized by the Plaintiff's agents as persons seeking to, among other things, stop economic development on the city of Westfield by underhanded means.

14. The reports of the Plaintiff's agents to the local press were disparaging toward the individual Defendants, as well as the corporate Defendants and held them up to public ridicule

15. At no time did the DEP or the Court reach the ultimate merits of the individual Defendants' claims if timeliness.

16. Notwithstanding the allegations of "standing" (which were raised after the initial action was commenced in the Superior Court with the requisite number of taxpayers) the actions of the individual Defendants always focused on their right to petition under the United States Constitution and applicable state law.

17. The provisions of Massachusetts General Laws Chapter 231, §59H prohibit the initiation of litigation aimed at neutralizing or otherwise interfering with the rights of individuals to exercise their rights of petition under applicable law.

18. The Plaintiffs herein commenced this action in bad faith, without basis in fact, and designed to chill the rights of the individual Defendants to exercise their rights to petition under applicable law.

19. As a direct result of the actions of the Plaintiff and their agents, the individual Defendants were held up to public ridicule, their reputations were damaged and they suffered damages.

WHEREFORE, the individual Defendants demand that this Court enter judgment in their favor in an amount that will fully and fairly compensate them for their damages resulting from the Plaintiff's violation of Massachusetts General Laws Chapter 231, §59H, and further award the individual Defendants their costs and reasonable Attorney's fees in connection with their actions.

## Corporate Defendant's Counterclaim

20. The Corporate Defendants restate paragraphs 1 through 18 of the Individual Defendants' Counterclaim as if set forth herein.

21. The Corporate Defendants', their employees and agents were not employed or otherwise required to join in the petitioning activities of the individual Defendants herein.

22. The Corporate Defendants did not participate in any of the petitioning activities of the individual defendants herein.

23. At no time did the Corporate Defendants make any public comments or statements relative to any actions by the Plaintiff herein.

24. The Corporate Defendants had no knowledge of any contractual arrangements between the Plaintiff and any other party as the primary public information dealt primarily with Konover Development Corporation and Home Depot.

25. The Plaintiff had full knowledge that the Corporate Defendants had taken no action relative to the alleged Konover/Home Depot development plan.

26. Other than the records in the Hampden County registry of Deeds where the Plaintiff's deed was recorded or reference on the initial application for a permit from the Commission, there was no commonly known information that the Plaintiff was a party to any development.

27. The actions of the Plaintiff, in the Corporate Defendants' belief, were malicious and motivated to harass, threaten and chill the simple act of contribution to the individual Defendants' petitioning activities.

28. The averments of involvement by the Plaintiff against the Corporate Defendants were unfounded and based solely upon speculation and suspicion.

29. The Plaintiff, its agents and employees, caused information to be given to the local press which was unfounded, and created the innuendo that the Corporate Defendants were somehow complicit in an improper or illegal activity.

30. The information given by the Plaintiff, its employees and agents was known to be unsupported and was reasonably certain to be untrue.

31. These actions were malicious and motivated by economic ends rather than the truth of the information or ensuing innuendos created by the Plaintiff.

32. As a direct result of the Plaintiff's actions, the Corporate Defendants were held up to public ridicule and their reputations damaged.

33. The actions of the Plaintiff constituted a use of legal process with malice and without probable cause.

34. As a direct result of the Plaintiff's actions the Corporate defendants were damaged.

WHEREFORE, the Corporate Defendants demand that this Court enter judgment in their favor in an amount that will fully and fairly compensate them for their damages resulting from the Plaintiff's malicious prosecution of this action and acts of libel and slander against the Corporate Defendants.

The Defendants,
by their Attorney,

William J. Pudlo
P.O. Box 676
West Springfield, Mass. 01090
Telephone: (413) 739-400

## Certificate of Service

I, William J. Pudlo, hereby certify that I have served a copy of the above pleading by mailing a copy of the same, postage prepaid, to Pamela A. Zorn, 101 Federal Street, Boston, Massachusetts 02110.

Dated: March 4, 2006

William J. Pudlo

\win\word\HomeDepotFederalAnswerandCounterclaim