UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WESTFIELD EAST MAIN STREET LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. 04-30170-MAP |
| C. DAVID TRADER, JEAN M. TRADER, DONALD GOVE, MICHALE BRETON, BRADFORD MOIR, MARY MOIR, INTERSTATE BUILDING SUPPLY, INC. and LUMBER CENTER, INC., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## JOINT PRE-TRIAL MEMORANDUM

Pursuant to the Court's order dated November 30, 2005, Plaintiff Westfield East Main Street LLC ("Westfield" or "Plaintiff") and Defendants C. David Trader, Jean M. Trader, Donald Gove, Bradford Moir, Mary Moir, (the "Individual Defendants"), Interstate Building Supply, Inc. and Lumber Center, Inc. (the "Corporate Defendants" and with the Individual Defendants, the "Defendants") submit this pre-trial memorandum five (5) days in advance of the Final Pre-Trial Conference scheduled on March 20, 2006.

I.    **Statements Of Expected Evidence**

**Plaintiff's Concise Statement of Evidence**

Westfield expects the evidence to show that Defendants engaged in baseless litigation intended and designed to delay, impede and prevent the development of a Home Depot store in Westfield, Massachusetts which, if developed, would be situated close to two competing stores, defendants Interstate Building Supply, Inc. ("Interstate") and Lumber Center, Inc. ("Lumber

Center"). Westfield entered into a contract with Home Depot for the sale of property at 514 East Main Street, Westfield, Massachusetts for development as a Home Depot store and then sought approval from the Westfield Conservation Commission for the development. The Conservation Commission issued an Order of Conditions allowing the project to proceed and Defendants failed to file a timely request for a Superseding Order of Conditions. Defendants then sought review before the DEP and the Superior Court, both of which dismissed Defendants' appeals as untimely.

In an effort to delay, prevent and impede the development of the Home Depot, the Defendants funded or engaged in a frivolous, objectively baseless appeal of the Superior Court's decision. Westfield expects the evidence to show that Defendants knew that their appeal was without merit and fraudulently pursued the appeal without disclosing that several litigants had withdrawn. Westfield also expects the evidence to show that it suffered significant damages, including without limitation, substantial delay costs, as a result of Defendants' conduct. Westfield expects the evidence to show that it suffered $253,912.15 in damages, subject to adjustment for miscellaneous additional costs, plus attorneys' fees, interest and costs.

### Defendants' Concise Statement of Evidence

The Defendants believe that the credible evidence produced at trial will demonstrate that the Individual Defendants had no knowledge of the relationship between the Plaintiff and Konover Development Corp. The evidence will show that, other than being named in the application (Notice of Intent), the Plaintiff was never clearly identified at the public hearing or any proceeding thereafter. In fact, the Plaintiff never made any attempt to intervene in the Massachusetts DEP Administrative proceedings or Massachusetts Superior Court proceedings, other than what they have alleged in the pleadings in this action as an economic interest. As a

result, the Defendants do not believe that the Plaintiff suffered any damage as a result of Defendants' exercise of their right to petition. The Defendants will demonstrate by their evidence that they relied upon Counsel throughout the proceedings and were advised that the initial Superior Court filing was procedurally sufficient and that in Counsel's opinion, the appeal was proper despite the request to withdraw by the Mitchells. The evidence will show that the Plaintiff completed its alleged contract with Home Depot who now holds title to the property.

The Defendants further believe the credible evidence will demonstrate that the Plaintiff, its agents and employees, knew or should have known that the initial *ex parte* communication by Counsel was inappropriate and intended to compromise the fact finder (DEP) on the issue of timeliness. Further, the evidence will demonstrate that the records, which constituted evidence of the Defendants' timeliness, sought by the Defendants, access to which was continuously opposed, were known to the Plaintiff, its agents and employees. The evidence will show that at all times relevant to the proceedings, the Defendants made a good faith effort to reach a determination on the merits but were opposed by claims of procedural deficiency. The evidence adduced through this proceeding supports the Defendants' contentions.

With respect to the corporate entities named as Defendants, the trial evidence will demonstrate that there was no participation by those entities in the petition process other than the personal involvement of the Defendant, Michael Breton. Finally, the Defendants believe that there is no evidence that can be produced at trial that will show, by a preponderance thereof, that the alleged "economic interest" of the Plaintiff or the Plaintiff's "contractual relations" were ever disclosed or interfered with by the Defendants.

II.  **Stipulated Facts**

1. Westfield East Main Street LLC is a Connecticut LLC with its principal place of business at 16 Munson Road, Farmington, Connecticut.

2. C. David Trader is an individual residing at 160 Munger Hill Road, Westfield, Massachusetts.

3. Jean M. Trader is an individual residing at 160 Munger Hill Road, Westfield, Massachusetts.

4. Donald Gove is an individual residing at 100 Court Street, Westfield, Massachusetts.

5. Michael Breton is an individual residing at 1162 East Mountain Road, Westfield, Massachusetts. Mr. Breton is the owner of Lumber Center, Inc., which is located in Westfield, Massachusetts.

6. Bradford Moir is an individual residing at 203 Western Avenue, Westfield, Massachusetts.

7. Mary Moir is an individual residing at 203 Western Avenue, Westfield, Massachusetts.

8. Interstate Building Supply is a Massachusetts corporation with a principal place of business at 635 College Highway, Southwick, Massachusetts.

9. Lumber Center, Inc. is a Massachusetts corporation with a principal place of business at 44 Broad Street, Westfield, Massachusetts.

10. On or about February 15, 2003, Konover Development Corporation, as agent on behalf of Westfield East Main Street LLC, filed a Notice of Intent with the Westfield Conservation Commission (the "Commission") seeking a wetlands permit under Mass. Gen. L. c.

131, §40 for its proposed redevelopment of property at 514 East Main Street, Westfield, Massachusetts (the "Proposed Development").

11. The Commission conducted a public hearing on the Notice of Intent on March 25, 2003.

12. The Commission issued an Order of Conditions for the Proposed Development.

13. On April 11, 2003, the Department of Environmental Protection (the "DEP") received a petition, purportedly on behalf of ten residents of Westfield (the "Petitioners"), requesting that the DEP issue a Superseding Order of Conditions (the "Request").

14. On April 15, 2003, the DEP denied the Request as untimely under 310 CMR 10.05(7) and dismissed the petition based on this jurisdictional defect.

15. On April 28, 2003, the Petitioners appealed the DEP's decision to its Office of Administrative Appeals (the "DEP Appeal").

16. Konover moved to dismiss the DEP Appeal on the grounds that, among other things, the appeal lacked merit because the underlying request was untimely.

17. On August 8, 2003, the Commissioner of the DEP issued a Final Decision dismissing the DEP Appeal for lack of jurisdiction based on the untimeliness of the Petitioners' Request.

18. The Petitioners filed a Motion for Reconsideration.

19. On October 7, 2003, the Commissioner issued a Final Decision denying the Petitioners' Motion for Reconsideration.

20. Lumber Center and Interstate contributed to the funding of the Petitioners' DEP Appeal.

21. On November 5, 2003, C. David Trader, Jean M. Trader, Joseph B. Mitchell, Teresa K. Mitchell, Donald Gove, Mark D. Siebert, Brian Burke, Michael Breton, Bradford Moir and Mary Moir (the "Petitioners") filed a complaint in the Massachusetts Superior Court pursuant to Mass. Gen. L. c. 30A seeking administrative review of the DEP's decision (the "Superior Court Action").

22. On December 3, 2003, Konover moved to intervene as a party-defendant in the Superior Court Action. The Court allowed Konover's motion on December 10, 2003.

23. On January 26, 2004, Home Depot USA, Inc. filed a motion to intervene in the Superior Court Action, which the Court allowed on February 10, 2004.

24. On January 29, 2004, Konover served a Motion for Judgment Affirming Agency Decision Pursuant to Mass. Gen. L. c. 30A (the "Motion"). The Petitioners opposed the Motion.

25. On March 10, 2004, the Court heard argument on the Motion.

26. On March 25, 2004, Joseph B. Mitchell and Teresa K. Mitchell advised the Petitioners' attorney, in writing, that they no longer desired to pursue the litigation regarding the Proposed Development.

27. By Memorandum and Decision dated May 18, 2004, the Court affirmed the agency decision. The Court entered judgment to that effect on June 21, 2004.

28. Petitioners filed a Notice of Appeal on July 19, 2004 (the "Appeal").

29. On or about July 25, 2004, Mark Siebert advised Petitioners' attorney, in writing, that he no longer desired to pursue the litigation regarding the Proposed Development.

30. In or around August 2004, Brian Burke advised Petitioners' attorney that he no longer desired to pursue the litigation regarding the Proposed Development.

31. On September 14, 2004, Petitioners filed a Notice of Withdrawal of Appeal as to Joseph B. Mitchell, Teresa K. Mitchell, Mark Siebert, and Brian Burke.

32. By order dated February 15, 2005, but received by the parties in mid-March 2005, the Court dismissed the Appeal.

### III.     Contested Issue of Fact

The primary contested issues are whether Defendants' appeals of the Conservation Commission's issuance of the Order of Conditions were objectively baseless and whether the appeals were improperly intended to prevent the development of a Home Depot store which would compete with Defendants Interstate and Lumber Center. Defendants contend that the other contested issues consist of the extent to which an undisclosed principal can seek damages in what constitutes a "SLAPP" action against the Defendants for exercising their constitutional right to petition and whether the application of the provisions of M.G.L. c. 231, §59(H) is an appropriate remedy for the Defendants.

### IV.     Jurisdictional Questions

Defendants contend that a jurisdictional question is whether the application of the provisions of M.G.L. c. 231, §59(H) is properly before this Court, and whether this Court can apply the provisions thereof in light of applicable federal law.

### V.     Questions Raised By Pending Motions

The Defendants filed its Answer and Counterclaim on March 6, 2006. Plaintiff has filed a Motion to Dismiss those counterclaims. That argument has not yet been scheduled.

## VI. Issues of Law

Plaintiff contends that there is a legal issue as to whether Mr. Pudlo can remain as trial counsel where Defendants purport to assert an advice of counsel defense, Mr. Pudlo acted as counsel in providing advice to the Defendants, and where, depending on the evidence adduced at trial, Mr. Pudlo might be a witness. The defendants contend that the Court should have applied the provisions of M.G.L. c. 231, §59(H) *ab initio* when the "Special Motion" was filed pursuant thereto and whether this Court can apply the same in light of the Defendants' counterclaim.

## VII. Requested Amendments to the Pleadings

To date, neither party has requested any amendments to the pleadings, but reserve the right to amend the complaint, answer or counterclaim in accordance with the evidence, if necessary.

## VIII. Additional Matters To Aid In Disposition Of The Case

The parties expect to file Motions in Limine that may aid in the disposition of the case prior to trial.

## IX. Probable Length of Trial

Plaintiff expects the trial to last 2-3 trial days. Neither party has requested a jury trial.

X.   **Expected Witnesses**

   **Plaintiff's Witnesses**

Plaintiff reserves the right to call the following witnesses at trial:

1.   C. David Trader
     160 Munger Hill Road
     Westfield, Massachusetts 01805

Plaintiff expects Mr. Trader to testify about the administrative, Superior Court, and Appeals Court litigation with regard to the Home Depot Development (the "Home Depot Action"), how and why he became involved in the Home Depot Action, the decision to file the appeal in the Home Depot Action, his involvement in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

2.   Joseph B. Mitchell
     153 Munger Hill Road
     Westfield, Massachusetts 01805

Plaintiff expects Mr. Mitchell to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, his efforts to withdraw from the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

3.   Teresa K. Mitchell
     153 Munger Hill Road
     Westfield, Massachusetts 01805

Plaintiff expects Mrs. Mitchell to testify about the Home Depot Action, how and why she became involved in the Home Depot Action, her efforts to withdraw from the Home Depot Action, and her relationship to Lumber Center and/or Interstate Lumber.

4.   Mark D. Siebert
     56 Klondike Avenue
     Westfield, Massachusetts 01805

Plaintiff expects Mr. Siebert to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, his efforts to withdraw from the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

5.   Brian Burke
     3 Lois Street
     Westfield, Massachusetts 01805

Plaintiff expects Mr. Burke to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, his efforts to withdraw from the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

      6.      Michael Breton
               1162 East Mountain Road
               Westfield, Massachusetts 01805

Plaintiff expects Mr. Breton to testify about the Home Depot Action, Lumber Center, Lumber Center's involvement in the Home Depot Action, the decision to file the appeal in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

      7.      Bradford Moir
               203 Western Avenue
               Westfield, Massachusetts 01805

Plaintiff expects Mr. Moir to testify about the Home Depot Action, how and why he became involved in the Home Depot Action, the decision to file the appeal in the Home Depot Action, his involvement in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Lumber.

      8.      William J. Pudlo
               7 Park Drive
               West Springfield, Massachusetts 01090

Plaintiff expects Attorney Pudlo to testify about the withdrawal of certain petitioners prior to the filing of the appeal in the Home Depot Action.

      9.      Karro Frost
               New England Environmental, Inc.
               9 Research Drive
               Amherst, Massachusetts 01002

Plaintiff expects Ms. Frost to testify about work she performed for Mr. Moir with regard to the Home Depot site. She is expected to testify that she informed Mr. Moir that there were no environmental conditions that would prevent the Home Depot development.

      10.     Richard Battistoni
               Interstate Building Supply, Inc.
               635 College Highway
               Southwick, Massachusetts

Plaintiff expects Mr. Battistoni to testify about the Home Depot Action, Interstate Building Supply, Interstate Building Supply's involvement in the Home Depot Action, the decision to file

the appeal in the Home Depot Action, the funding of the Home Depot Action, and his relationship to Lumber Center and/or Interstate Building Supply.

    11.    James Ainsworth
              Konover Development Corporation
              135 South Road
              Farmington, CT 06032-2556

Mr. Ainsworth is the Chief Financial Officer of Konover Development Corporation and is expected to testify about the damages Plaintiff suffered as a result of Defendants' conduct.

    12.    James W. McDonald
              Konover Development Corporation
              135 South Road
              Farmington, CT 06032-2556

Mr. McDonald is a Senior Vice President of Konover Development Corporation and is expected to testify about the Home Depot development in Westfield, Massachusetts and the litigation commenced in an effort to prevent or, at a minimum, delay such development.

    13.    Jeremiah Mew

Plaintiff expect Mr. Mew to testify about the date the DEP received the Order of Conditions.

    14.    Michelle Clark

Plaintiff expects Ms. Clark to testify about the date the Conservation Commission mailed the Order of Conditions.

### Defendants' Witnesses

    1.    C. David Trader, 160 Munger Hill Road, Westfield, Massachusetts 01085, will testify regarding his participation in the petition process.

    2.    Jean M. Trader, 160 Munger Hill Road, Westfield, Massachusetts 01085, will testify regarding her participation in the petition process.

    3.    Bradford Moir, 203 Western Avenue, Westfield, Massachusetts 01085, will testify regarding his participation in the petition process.

    4.    Mary Moir, 203 Western Avenue, Westfield, Massachusetts 01085, will testify regarding her participation in the petition process.

    5.    Karro Frost, 9 Research Drive, Amherst, Massachusetts 01002, will testify regarding the compensatory flood storage issues related to the wetlands permit application.

6. Michael Breton, 1162 East Mountain Road, Westfield, Massachusetts 01085, will testify regarding his participation in the petition process.

7. Donald Gove, 100 Court Street, Westfield, Massachusetts 01085, will testify regarding his participation in the petition process.

8. Mark Siebert, 56 Klondike Avenue, Westfield, Massachusetts 01805, will testify regarding the influence exerted by representatives of the developer or members of the local government on his participation,

9. Joseph B. Mitchell, 153 Munger Hill Road, Westfield, Massachusetts 01805, will testify regarding advice and information given by representatives of the developer.

10. Richard Battistoni, c/o 635 College Highway, Southwick, Massachusetts 01077, will testify that although he had an interest in the proposed development by a potential competitor, he did not pursue any petition or participate in the petition process.

11. Representatives of Konover Development Corporation will testify regarding the relationship between Konover Development Corporation and the Plaintiff and the extent to which that relationship was disclosed at any public hearing, and the extent to which the relationship between the Plaintiff and Home Depot were disclosed in any public manner.

12. Representatives of Home Depot U.S.A., Inc. will testify regarding the relationship between the Plaintiff and Home Depot and the extent to which any such information was publicly distributed.

13. Jeremiah Mews, Massachusetts Department of Environmental Protection, Western Division, Springfield, Massachusetts, will testify regarding the circumstances surrounding the "date of issuance" of the Order of Conditions to Konover Development Corporation, the loss of the envelope in which the Order was mailed from the Westfield Conservation Commission and the record discrepancies in connection with the Konover file relevant to this case.

14. Michelle Clark, the secretary of the Westfield Conservation Commission, Westfield City Hall, Westfield, Massachusetts 01085, will testify that she did not prepare the Order of Conditions until March 26, 2003 and delivered it that day to the Westfield City Hall mail room for mailing, and she will also testify that the City of Westfield mail room uses a postage meter for all mailings.

15. Representative of Westfield East Main Street, LLC will testify regarding any public disclosure of the relationship between the Plaintiff and Konover Development Corporation, and the extent to which any relationship of a contractual nature was publicly communicated by the Plaintiff or its representatives.

16. Ronald Ruth of Sherin & Lodgen in Boston, Massachusetts will testify regarding *ex parte* communication by facsimile transmission with the Western Division of the DEP prior to the decision on the Defendants' initial request for a superseding order of condition, suggesting

therein that the request was untimely, when it was known to Mr. Ruth that the Order of Conditions could not have a "date of issuance" as defined by 310 CMR 1.00 *et seq.*

17. Mark Bluver of Shatz, Schwartz & Fentin in Springfield, Massachusetts will testify regarding *ex parte* communications with the Massachusetts Superior Court prior to the decision on the Defendants' Complaint pursuant to M.G.L. c. 30A.

## XI. Exhibits

### Plaintiff's Proposed Exhibits

Plaintiff plans to introduce the following exhibits at trial.

1. All pleadings and filings in the matter captioned *Trader et al. v. Golledge, Konover Development Corp., and Home Depot USA, Inc.*, C.A. No. 03-1085, including, without limitation, the administrative record and all attachments to such pleadings and filings, the Notice of Appeal, the Court's orders affirming the administrative decision and dismissing the appeal;

2. Letter dated July 25, 2004 from Mark D. Siebert to William J. Pudlo, P.C. (W 134);

3. Letter dated August 10, 2004 from Mark D. Siebert to William J. Pudlo, P.C. (W135);

4. Certified Mail Receipt (W136);

5. Letter dated March 22, 2004 from Joseph and Teresa Mitchell to Mr. William J. Pudlo (W121);

6. Phone Log dated March 11, 2003 - Exhibit 2 from Karro Frost Deposition

7. Memorandum dated March 12, 2003 – Exhibit 3 from Karro Frost Deposition

8. New England Environmental, Inc. New Job Entry Form – Exhibit 4 from Karro Frost Deposition

9. Letter from Brad Moir to Karro Frost dated March 18, 2003 – Exhibit 5 from Karro Frost Deposition

10. Letter from Karro Frost to Brad Moir dated March 25, 2003 – Exhibit 6 from Karro Frost Deposition

11. Phone Log dated April 4, 2003 – Exhibit 7 from Karro Frost Deposition

12. Letter from Brad Moir to Karro Frost dated April 2, 2003 – Exhibit 8 from Karro Frost Deposition

13. Memorandum from Karro A. Frost to Brad Moir dated April 4, 2003 – Exhibit 9 from Karro Frost Deposition

14. Facsimile from Brad Moir to Karro Frost dated April 9, 2003 – Exhibit 10 from Karro Frost Deposition

15. Facsimile from Brad Moir to Karro Frost dated April 9, 2003 – Exhibit 11 from Karro Frost Deposition

16. Letter from Brad Moir to Karro Frost dated April 15, 2003 – Exhibit 12 from Karro Frost Deposition

17. Letter from Michele Clark to Robert J. McCollum, dated April 18, 2003 – Exhibit 1 from Michele Clark deposition

18. List of addresses – Exhibit 5 from Clark Deposition

19. Certified Mail Receipts dated April 2, 2003 – Exhibit 8 from Clark Deposition

20. Certified Mail Receipts dated March 26, 2003 – Exhibit 9 from Clark Deposition

21. Order of Conditions stamped March 27, 2003 – Exhibit 4 from Jeremiah Mew Deposition

22. Corrected Order of Conditions stamped April 3, 2003 – Exhibit 5 from Jeremiah Mew Deposition

23. Request for Departmental Action stamped April 11, 2003 – Exhibit 6 from Jeremiah Mew Deposition

24. Westfield Town Meeting Notes dated February 4, 2003 – Exhibit 11 from Richard Battistoni Deposition

25. Pulse Line emails – Exhibit 12 from Richard Battistoni Deposition

26. Pulse Line calls – Exhibit 13 from Richard Battistoni Deposition

27. Comments from MassLive dated January 5, 2004 – Exhibit 16 from Richard Battistoni Deposition

28. Michael Breton Affidavit – Exhibit 2 from Michael Breton Deposition

29. Order of Conditions, postmarked 3/26/03 and received 3/27/03 (W060-W077)

30. Letters from Joseph and Teresa Mitchell to William J. Pudlo, with handwritten notes (W149-W150)

31. Westfield's Ledgers, Receipts, Invoices, Attorneys' Bills (W154-W303)

Plaintiff reserves the right to supplement this list prior to trial and to introduce rebuttal exhibits.

### Defendants' Proposed Exhibits

1. The administrative record of the Massachusetts Superior Court proceeding

2. The copy of the express mail envelope mailed by the Defendants to the Massachusetts DEP on April 10, 2003.

3. The Order of Conditions "log" produced by the Massachusetts DEP Western Regional Office.

4. April 2003 *ex parte* letter from counsel for Konover Development Corporation to Robert McCollum, Massachusetts DEP Wetlands coordinator.

5. Computer printout from DEP Western Region showing that the Order of Conditions was filed on March 31, 2003

6. Copy of envelope from Westfield Conservation Commission to Plaintiff showing return by reason of "no such number" and showing Westfield City Hall Mail Room postage meter application.

7. Facsimile transmission from R. Levesque Associates LLC to Westfield Conservation Commission dated 4/2//03 containing the narrative on compensatory flood storage.

8. Order of Conditions with receipt stamp of 3/27/03

9. Order of Conditions with receipt stamp of 4/3/03

The Defendants reserve the right to supplement this list prior to trial and to introduce surrebuttal exhibits as required.

WESTFIELD EAST MAIN STREET LLC

By its attorneys,


/s/ David A. Brown
David A. Brown, BBO# 556161
Pamela A. Zorn, BBO# 640800
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts 02110
(617) 646-2000


C. DAVID TRADER, JEAN M. TRADER,
DONALD GOVE, MICHAEL BRETON,
BRADFORD MOIR, MARY MOIR,
INTERSTATE BUILDING SUPPLY, INC. AND
LUMBER CENTER, INC.,

By their attorneys,


/s/ William J. Pudlo
William J. Pudlo
P.O. Box 676
West Springfield, Massachusetts 01090
(413) 739-4000