UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WESTFIELD EAST MAIN STREET LLC, <br><br> Plaintiff, <br><br> v. <br><br> C. DAVID TRADER and JEAN M. TRADER, DONALD GOVE, BRIAN BURKE, MICHAEL BRETON, BRADFORD MOIR, MARY MOIR, INTERSTATE BUILDING SUPPLY, INC. and LUMBER CENTER, INC., <br><br> Defendants. | Civil Action <br> No. 04-30170-MAP |

**Plaintiff Westfield East Main Street LLC's**
**<u>Motion to Enforce Settlement</u>**

On May 18, 2006, more than three months ago, the parties participated in mediation before Magistrate Judge Neiman. The parties reached agreement on settlement terms, which Magistrate Judge Neiman reported to the Court on May 18, 2006. See Report re: Reference for Alternative Dispute Resolution dated May 18, 2006. A sixty-day order of dismissal entered. See Settlement Order of Dismissal dated May 19, 2006. The parties then negotiated a final settlement document and extended the nisi period to August 15, 2006 to allow time for signatures. Joint Motion to Extended Nisi Period dated August 1, 2006, which the Court allowed on August 3, 2006.

Since that time, and despite numerous requests, defendants have failed to sign the Settlement Agreement, the terms of which were fully negotiated and agreed-to by both sides. A copy of the agreed-upon Settlement Agreement is attached. Plaintiff now is compelled to seek the Court's assistance in enforcing the settlement.

00130228.DOC /

WHEREFORE, plaintiff Westfield East Main Street LLC requests this Court to compel defendants, and each of them, to enter into the agreed settlement in the form attached hereto. Plaintiff also requests the Court to award it its reasonable attorneys fees and costs in preparing the motion.

KONOVER DEVELOPMENT CORPORATION,

By its attorneys,

_____
David A. Brown, BBO# 556161
Pamela A. Zorn, BBO# 640800
Sherin and Lodgen LLP
101 Federal Street
Boston, Massachusetts  02110
(617) 646-2000

Dated: September 1, 2006

### Certificate of Service

I, David A. Brown, hereby certify that on the 1st day of September, 2006, I served a copy of the foregoing document by hand/mail to all counsel of record.

_____
David A. Brown

### Local Rule 7.1 (A)(2) Certification

Undersigned counsel for the plaintiff Westfield East Main Street LLC hereby certifies that he has conferred in good faith with William Pudlo, counsel for defendants, in an attempt to resolve this issue.

_____

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into as of June ___, 2006 by and between Westfield East Main Street LLC ("Westfield"), on the one hand, and C. David Trader, Jean M. Trader, Donald Gove, Michael Breton, Bradford Moir, Mary Moir, Interstate Building Supply, Inc., and Lumber Center, Inc. (collectively, "Defendants"), on the other hand.

### Recitals

A.   On or about November 5, 2003, the Defendants brought an action against Robert W. Golledge, Jr., et al., in the Massachusetts Superior Court, Hampden, ss., Docket No. 03-1085 (the "State Action");

B.   In December 2003, Konover Development Corporation ("Konover"), and, in February 2004, Home Depot U.S.A., Inc. ("Home Depot"), intervened as defendants in the State Action;

C.   On or about June 21, 2004, the Court in the State Action allowed the intervenors' motion for judgment on the pleadings;

D.   On or about July 19, 2004, Defendants filed a Notice of Appeal in the State Action;

E.   On or about February 16, 2005, the Court dismissed the appeal in the State Action;

F.   On or about November 3, 2005, Defendants filed a Motion to Vacate the Judgment and a Motion to Substitute parties in the State Action;

G.   On or about August 31, 2004, Westfield commenced an action against Defendants in the United States District Court for the District of Massachusetts, Case No. 04-30170-MAP (the "Federal Action"); and

H.   On or about May 21, 2006, Westfield and Defendants participated in a mediation of the claims asserted in the Federal Action and reached an agreement in principle to resolve all claims and actions between them.

### Agreement

For good and valuable consideration, the receipt and sufficiency of which the parties expressly acknowledge, Westfield and the defendants agree as follows:

1.   On or before August 15, 2006, Defendants shall pay $15,000 as follows: $7,500 to Connecticut Children's Medical Center Foundation, Inc., 12 Charter Oak Place, Hartford, Connecticut 06106, and $7,500 to The Shriners Hospital for Crippled Children; The American

00118244.DOC / 2

- 2 -

Red Cross – Westfield; The Westfield American Legion; and St. John's Lutheran Church in Westfield. Defendants will promptly provide Westfield with proof of these payments.

2. Simultaneous with the execution of this Agreement, Defendants shall execute a Stipulation of Dismissal with Prejudice of the Federal Action.

3. Upon its receipt of a fully-executed original of the Agreement and proof that Defendants have paid the amounts required by Paragraph 1 of this Agreement, Westfield shall execute the Stipulation of Dismissal with Prejudice and cause it to be filed in the Federal Action.

4. Upon the filing of the Stipulation of Dismissal with Prejudice in the Federal Action, Defendants shall withdraw all pending motions filed in the State Action and shall not pursue further any claims that were or could have been raised in the State Action.

5. Upon Defendants' performance of all of their obligations under the Agreement, Westfield releases, remises and forever discharges Defendants and their successors, assigns, affiliates, agents, employees, representatives and counsel from and against any and all claims, losses, liabilities, debts or other obligations, whether known or unknown, contingent or fixed, arising out of the claims that were or could have been asserted in the Federal Action or arising out of the facts that were alleged in the Federal Action.

6. Upon Westfield's performance of all of its obligations under this Agreement, Defendants release, remise and forever discharge Westfield and its successors, assigns, affiliates, agents, employees, representatives and counsel from and against any and all claims, losses, liabilities, debts or other obligations, whether known or unknown, contingent or fixed, arising out of the claims that were or could have been asserted in the Federal Action or arising out of the facts that were alleged in the Federal Action.

- 3 -

7. Upon Westfield's performance of all of its obligations under this Agreement, Defendants release, remise and forever discharge Konover Development Corporation and its successors, assigns, affiliates, agents, employees, representatives and counsel from and against any and all claims, losses, liabilities, debts or other obligations, whether known or unknown, contingent or fixed, arising out of the claims that were or could have been asserted in the State Action or arising out of the facts alleged in the State Action.

8. Upon Westfield's performance of all of its obligations under this Agreement, Defendants shall execute and deliver to Mark Bluver, Esq., counsel to Home Depot, a release of Home Depot in the form attached hereto.

9. The terms and conditions of this Agreement are confidential and may be disclosed only to the parties, their employees, their accountants or other tax or accounting professionals, and counsel, except (a) in response to a validly issued subpoena or other court process; or (b) in any action to enforce the terms of this Agreement.

10. The terms of this Agreement shall be binding on, and shall inure to the benefit of, the parties and their successors and assigns.

11. Any action to enforce the terms of this Agreement shall be brought in the courts of the Commonwealth of Massachusetts, including without limitation the United States District Court for the District of Massachusetts. This Agreement and the enforcement of this Agreement shall be governed by Massachusetts law without regard to choice of law principles.

Dated: _____   _____
                                  C. David Trader

Dated: _____   _____
                                  Jean M. Trader

00118244.DOC / 2

Dated: _____        _____
                                                       Donald Gove

Dated: _____        _____
                                                       Michael Breton

Dated: _____        _____
                                                       Bradford Moir

Dated: _____        _____
                                                       Mary Moir


INTERSTATE BUILDING SUPPLY, INC.

Dated: _____        By: _____


LUMBER CENTER, INC.

Dated: _____        By: _____


WESTFIELD EAST MAIN STREET LLC

Dated: _____        By: _____

- 4 -

GENERAL RELEASE

C. DAVID TRADER, JEAN M. TRADER, DONALD GOVE, MICHAEL BRETON, BRADFORD MOIR, MARY MOIR, INTERSTATE BUILDING SUPPLY, INC. AND LUMBER CENTER, INC., for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, on behalf of themselves, their servants and employees, agents, representatives, attorneys, affiliates, past and present, directors, officers, dependents, heirs, executors, predecessors, successors and assigns (collectively, the "Releasing Parties"), hereby jointly and severally release and forever discharge HOME DEPOT U.S.A., INC.'S, and its servants and employees, agents, representatives, attorneys, affiliates, past and present, directors, officers, dependents, heirs, executors, predecessors, successors and assigns (collectively, the "Releasees") of and from all damages, debts, agreements, covenants, and any and all manner of action, causes of action, suits, debts, accounts, claims, counterclaims, cross-claims, contracts, demands, agreements, controversies, judgments, obligations, damages and liabilities of any nature whatsoever, whether or not known, suspected or claimed, which the Releasing Parties ever had, now have or hereafter may have or claim to have against the Releasees from the beginning of time to this date, including but not limited to all claims, demands, and causes of action for contribution and indemnity, whether arising at law or in equity (including without

2

limitation, duress, mistake, tortious interference), whether presently possessed or possessed in the future, of which such parties now have knowledge, whether liability be direct or indirect, liquidated or unliquidated, whether presently accrued or to accrue hereafter, whether absolute or contingent, and whether or not heretofore asserted, for or because of or as a result of any act, omission, communication, transaction, occurrence, representation, promise, damage, personal injury, violation of any statute or law, commission of any tort, or any other matter whatsoever or thing done, omitted or suffered to be done by the Releasees which has occurred in whole or in part, or was initiated at any time from the beginning of time up to and immediately preceding the moment of the execution of this Agreement.

Without limiting the generality of the foregoing, the Releasing Parties expressly include in this release any and all claims and counterclaims, and cross-claims arising out of, relating to, or based upon, in whole or in part, any act, transaction, practice, conduct, omission, matter, cause, effect or thing in connection with the lawsuit filed in the Hampden Superior Court, Docket Number HDCV2003-01085, <u>C. David Trader, et al. v. Robert W. Goodedge, Jr., et al.</u> (the "Lawsuit").

3

In addition, the Releasing Parties expressly include in this release any claims that were made, or could have been made against the Releasees, in the Lawsuit.

The Releasing Parties covenant and warrant, recognizing that the truth of this covenant and warranty is material to the consideration received by them from the Releasees, that they have not assigned, transferred or conveyed, at any time, to any person or entity, any alleged right, claim or cause of action generally or specifically referred to herein.

The Releasing Parties hereby acknowledge that, in executing this General Release, they did not rely upon any statement or representation made by or on behalf of any one or more of the Releasees. The Releasing Parties hereby acknowledge and assume all risk, chance or possibility that any alleged damage or injury may be greater, different or more extensive than is now recognized or expected.

The undersigneds are of legal age or are a duly registered entity in the Commonwealth of Massachusetts; are under no disability; have relied upon the advice and representation of counsel of their own selection; have read and understood fully this General Release and execute the same with due authority, freely and voluntarily.

4

This instrument is made in The Commonwealth of Massachusetts and shall be construed according to the laws of The Commonwealth of Massachusetts.

This General Release is part of the settlement and compromise of a disputed claim and the delivery of consideration by or on behalf of the Releasees is not to be construed as an admission of liability on the part of the persons, hereby released by whom liability is expressly denied.

This General Release may be executed in any number of counterparts, each of which so executed shall be deemed to be an original, and such counterparts shall together constitute one and the same agreement.

Executed under seal this \_\_\_\_\_ of _____ 2006.


Witnessed as to each
of the Releasing Parties

Witness:

_____          _____
                                           C. David Trader

Witness:

_____          _____
                                           Jean M. Trader

Witness:

5

_____       _____
                                  Donald Gove
Witness:


_____       _____
                                  Michael Breton
Witness:


_____       _____
                                  Bradford Moir
Witness:


_____       _____
                                  Mary Moir
Witness:


_____       _____
                                  Interstate Building Supply, Inc.
Witness:


                                  _____
                                  Lumbar Center, Inc.


03\0775\general release.8201